Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:     (415) 788-1900
Fax:     (415) 393-8087

Attorneys for Plaintiff
SETH ABRAHAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SETH ABRAHAMS, | Case No.:  C 12-01006 JCS |
| Plaintiff, | **PLAINTIFF SETH ABRAHAMS' OPPOSITION TO DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S MOTION TO DISMISS** |
| v. | |
| HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50, | Date:          May 25, 2012 |
| Defendants. | Time:          1:30 p.m. |
| | Judge:         Hon. Joseph C. Spero |
| | Courtroom:  G, 15th Floor |
| | File Date:    February 27, 2012 |
| | Trial Date:   None |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 2

    A.    STATEMENT OF FACTS ...................................................................... 2

    B.    LEGAL ARGUMENT ............................................................................ 3

        1.    Venue is Proper in the Northern District of California ................... 3

            a.    Hard Drive Failed to Controvert Mr. Abrahams' Complaint Allegations and Exhibits Showing that Venue is Proper in this District ................................................................................ 4

            b.    Venue is Proper in the Northern District of California Due to Hard Drive's Waiver by Filing its Suits in this District ........................ 5

            c.    Hard Drive Judicially Admitted that Venue is Proper in the Northern District of California and has Waived All Objections to Venue ................................................................................ 6

            b.    Hard Drive is Judicially Estopped from Arguing that Venue is Improper in the Northern District of California ...................... 6

        2.    The Court Should Grant Mr. Abrahams Leave to Intervene into Hard Drive's Present Action if it is Inclined to Grant the Motion to Dismiss ......................... 7

        3.    An Actual Case and Controversy Exists Between Mr. Abrahams and Hard Drive .................................................................................. 8

            a.    The Declaratory Judgment Act ............................................. 8

            b.    An Actual Case and Controversy Exists between Mr. Abrahams and Hard Drive Due to Hard Drive's Threat of a Lawsuit, its Settlement Demands, including one for $3,400, Notification to Mr. Abrahams that he is Liable to it, and its Defamatory Statements that he is One of its Agents' Top Pirates ......................... 9

            c.    An Actual Case and Controversy Would Still Exist between Mr. Abrahams and Hard Drive Even if it Promised Not to Sue Him ... 10

            d.    Hard Drive's First-Filed Action Argument is Meritless ...................... 11

                (1)    Hard Drive is Judicially Estopped from Arguing that Mr. Abrahams' Action is Duplicative of its Prior Filed Action Due to its Judicial Admissions that the Cases are Not Related ...................................................... 11

                (2)    Hard Drive's Cited Authority is Inapplicable ...................... 12

III.  CONCLUSION .................................................................................................. 13

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4
Aetna Life Ins. Co. of Hartford, Conn. v. Haworth
    (1937) 300 U.S. 227 ................................................................................................ 9

5

Alltrade, Inc. v. Uniweld Products, Inc.
6     (9th Cir. 1991) 946 F.2d 622 .............................................................................. 12

7
American Title Ins. Co. v. Lacelaw Corp.
    (9th Cir. 1988) 861 F.2d 224 ................................................................................ 6
8

Ashcroft v. Iqbal
9     (2009) 556 U.S. 662, 129 S.Ct. 1937 .................................................................. 8

10
Brayton Purcell LLP v. Recordon & Recordon
    (9th Cir. 2010) 606 F.3d 1124 .................................................................... 3, 4, 10
11

Calder v. Jones
12     (1984) 465 U.S. 783 ............................................................................................. 4

13
Christian Legal Soc'y Chapter of the Univ. of Calif., Hastings Coll. of the Law,
aka Hastings Christian Fellowship v. Martinez
14     (2010) 130 S.Ct. 2971 .......................................................................................... 6

15
Greenline Industries, Inc. v. Agri-Process Innovations, Inc.
    (N.D. Cal. 2008) 2008 WL 2951743 .................................................................. 12
16

Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.
17     (9th Cir. 1989) 896 F.2d 1542 ........................................................................... 4,8

18
International Harvester Co. v. Deere & Co.
    (7th Cir.1980) 623 F.2d 1207 ............................................................................... 8
19

Massa v. Jiffy Products Co.
20     (9th Cir. 1957) 240 F.2d 702 ............................................................................... 9

21
Mediostream, Inc. v. Priddis Music, Inc.
    (N.D. Cal. 2007) 2007 WL 2790688 .................................................................... 9
22

Olberding v. Illinois Cent. R. Co.
23     (1953) 346 U.S. 338 ............................................................................................. 5

24
Pacesetter Systems, Inc. v. Medtronic, Inc.
    (1982) 678 F.2d 93 ............................................................................................. 12
25

Public Serv. Comm'n of Utah v. Wycoff Co., Inc.
26     (1952) 344 U.S. 237 .......................................................................................... 3, 8

27
Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.
    (N.D. Ill. 1983) 572 F.Supp. 1210 ..................................................................... 12
28

# TABLE OF AUTHORITIES

**Page**

## Cases (Continued)

Rissetto v. Plumbers & Steamfitters Local 343
   (9th Cir. 1996) 94 F.3d 597 ........................................................................................ 6, 7, 11

SanDisk Corp. v. STMicroelectronics, Inc.
   (Fed. Cir. 2007) 480 F.3d 1372 ............................................................................. 10, 11

Schnell v. Peter Eckrich & Sons, Inc.
   (1961) 365 U.S. 260 ........................................................................................................ 3

Serlin v. Arthur Andersen & Co.
   (7th Cir. 1993) 3 F.3d 221 ........................................................................................... 12

Skelly Oil Co. v. Phillips Petroleum Co.
   (1950) 339 U.S. 667 ........................................................................................................ 9

Smith-Corona Marchant Inc. v. American Photocopy Equipment Co.
   (S.D.N.Y. 1962) 214 F.Supp. 348 .................................................................................. 9

Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.
   (9th Cir. 1981) 655 F.2d 938 ......................................................................................... 8

State of Ariz. v. Shamrock Foods Co.
   (9th Cir.1984) 729 F.2d 1208 ........................................................................................ 7

Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.
   (1982) 454 U.S. 464 ........................................................................................................ 8

## Statutes

28 U.S.C.
   § 1400(a) ......................................................................................................................... 3
   § 1400(b) ......................................................................................................................... 3

Federal Rules of Civil Procedure
   12(b) ............................................................................................................................... 1
   12(b)(6) .......................................................................................................................... 4
   24(b)(1) .......................................................................................................................... 7

1

## I.   INTRODUCTION

2      Defendant Hard Drive Productions, Inc. (hereafter "Hard Drive") brings its meritless Federal

3  Rule of Civil Procedure 12(b) motion to dismiss based upon:  (1) improper venue despite Hard Drive's

4  declaration evidence and judicial admission reciting facts that venue is proper in this district; (2) its

5  argument that no case or controversy exists despite Hard Drive's threats of a lawsuit, a $3,400

6  settlement demand made to him, prior notice of litigation towards plaintiff Seth Abrahams, and its

7  agent's defamatory statements directed to the public, including in this district, that Mr. Abrahams was

8  its agent's "Top 25 Pirates" and "Top Pirates;" and (3) its concession that this action involve the same

9  facts and legal issues in Hard Drive's action number C 11-05634 PJH despite the fact that

10  Mr. Abrahams is not a party in that action.

11      Mr. Abrahams respectfully requests the court to dismiss Hard Drive's motion to dismiss in its

12  entirety as Hard Drive failed to controvert the allegations in his complaint which show that a

13  justiciable controversy exists.  Specifically, Hard Drive failed to controvert that through its agent, who

14  in the moving papers declares under penalty of perjury that he can be found in this district, it made the

15  following extra-judicial statements:  (1) threatened a lawsuit against Mr. Abrahams; (2) demanded

16  settlements, including $3,400, from him; (3) notified him that he was absolutely and vicariously liable

17  for all copyright infringement occurring through his Internet Service Provider (hereafter "ISP");

18  (4) notified him to preserve all evidence else be faced with spoliation sanctions; and (5) that he is its

19  agents' top pirates.  All of these facts show that a justiciable controversy exists between Hard Drive

20  and Mr. Abrahams relating to his non-infringement of Hard Drive's purported copyrighted work.

21

## II.   MEMORANDUM OF POINTS AND AUTHORITIES

22

## A.   STATEMENT OF FACTS

23      Hard Drive first voluntarily brought an action against 118 Doe defendants in action number

24  C 11-01567 LB in this district (hereafter "prior action").  (Exhibit B at 1:6-8 to the Declaration of

25  Steven W. Yuen (hereafter "Yuen Decl.").)  In this prior action, Hard Drive claimed that the purported

26  copyright to its adult video entitled Amateur Allure – Samantha Saint was being infringed.  (Exhibit B

27  at 4:11-13 (¶ 7) & 7:23-8:20 (¶¶ 25-31).)  Hard Drive judicially admitted the fact that all Doe

28  defendants resided in this district, may be found in this district, and/or committed acts in this district

giving rise to its claims.  (Exhibit B at 2:23-24 (¶ 4).)  Hard Drive judicially admitted facts giving rise to support its claims to join all 118 Doe defendants in this district.  (Id., at 2:26-3:15 (¶ 5).)  Hard Drive further notified the court that at issue in the case was whether it was the exclusive licensee of the adult pornographic work allegedly being infringed.  (Id., at 3:15-17 (¶ 5).)

After filing its prior action, Hard Drive then applied ex parte for expedited discovery prior to the initial conference to discover the Doe defendants' actual names that corresponded to each Internet Protocol (hereafter "IP") address.  (Exhibit C at 1:12-14 & 2:16-22.)  In its ex parte application, Hard Drive represented to the court that the Doe defendants committed infringement under the cover of IP addresses as opposed to using their actual names.  (Id., at 1:11-13.)  Hard Drive next represented to the court that the only way that it could determine the defendants' actual names is if the court issued an order allowing it to issue subpoenas upon the defendants' ISP.  (Id., at 1:19-22.)  Hard Drive finally represented to the court that once it had each defendants' contact information, "the **defendant** will be **formally named in the suit, service of process will be effectuated**, and the case will be allowed to proceed as usual."  (Id., at 3:16-20.)  Based upon Hard Drive's ex parte application to the court, including the representations made therein, the court granted its request for expedited discovery. (Exhibit D at 1:23-2:2 & 2:16-18.)

After receiving Mr. Abrahams' contact information, Hard Drive transmitted a June 30, 2011 letter to him demanding $3,400 to settle the case.  (Exhibit A at Exhibit A, p.1. & 6:13-7:23 (¶¶ 44-55).)  Hard Drive also notified Mr. Abrahams that he is vicariously liable for all infringing conduct occurring through his ISP account.  (Exhibit A at Exhibit A, p.4, ¶¶ 11-12 & Exhibit B, p.3, ¶ 5.)  Hard Drive further threatened Mr. Abrahams that that it was prepared to commence its lawsuit against him.  (Exhibit A at Exhibit A, p.1, ¶ 5 & 6:16-17 (¶ 46).)  On October 19, 2011, Hard Drive notified Mr. Abrahams to settle the copyright infringement action against him.  (Exhibit A at Exhibit C, ¶ 1.)  Hard Drive did not dismiss its prior action until well after it had filed its present action.  (Exhibit A at 7:24 (¶ 56) & 8:7-10 (¶ 58).)

Hard Drive then filed on November 21, 2011 action number C 11-05634 PJH (hereafter "present action").  (Exhibit A at 8:7-10 (¶ 58).)  In its present action, Hard Drive again judicially admitted the fact that Mr. Abrahams resided in this district.  (Exhibit E at 3:12-15 (¶ 8).)  On

1  December 5, 2011, Hard Drive notified Mr. Abrahams to preserve all evidence else he be subject to

2  spoliation sanctions.  (Exhibit A at Exhibit D, p.1, ¶ 5.)

3      On January 6, 2012, Hard Drive again applied ex parte for expedited discovery, this time to

4  take the deposition of Mr. Abrahams.  (Exhibit F at 1:20-21.)  Based on its ex parte application for

5  expedited discovery, Hard Drive then obtained an order from the court to depose Mr. Abrahams.

6  (Exhibit G at 1:20.)  Nowhere in Hard Drive's application, however, did it notify the court that its

7  position was that Mr. Abrahams was absolutely and vicariously liable to it for copyright infringement.

8  (Exhibit A at Exhibit A, p.4, ¶¶ 11-12.)  Instead, Hard Drive only hinted that Mr. Abrahams was not

9  innocent of infringing its copyright, and it did not eliminate him as a suspect.  (Exhibit F at 1:20-28.)

10 Presumably, Hard Drive's position of Mr. Abrahams' liability has never changed since as early as five

11 days later on January 11 and 12, 2012, it notified the public, including persons within this district, that

12 he was its agent's "Top Pirate" and indeed, one of its "Top 25 Pirates.  (Exhibit A at 9:21-27 (¶¶ 68-

13 69) & Exhibit E.)  Thus, due to Hard Drive's failure to notify the court of this information, the court

14 granted Hard Drive's ex parte application to conduct expedited discovery.  (Exhibit G at 1:20.)

15 **B.    LEGAL ARGUMENT**

16     **1.    Venue is Proper in the Northern District of California**

17     "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights …

18 may be instituted in the district in which the defendant or his **agent resides or may be found**."

19 (28 U.S.C. § 1400(a); see also Schnell v. Peter Eckrich & Sons, Inc. (1961) 365 U.S. 260, 262-263—

20 the analogous section 1400(b) is "the sole and exclusive provision controlling venue in patent

21 infringements.")  The Ninth Circuit interprets this statutory provision to allow venue "in any judicial

22 district in which the defendant would be amenable to personal jurisdiction if the district were a

23 separate state."  (Brayton Purcell LLP v. Recordon & Recordon (9th Cir. 2010) 606 F.3d 1124, 1128.)

24 In an action for declaratory judgment, however, the realistic position of the parties is reversed.  (Public

25 Service Comm'n of Utah v. Wycoff Co., Inc. (1952) 344 U.S. 237, 248.)  In such a case, the plaintiff is

26 seeking to establish a defense against defendant's conduct.  (Id.)  Hard Drive, in bringing its motion to

27 dismiss, has provided its agent's declaration under penalty of perjury that its agent may be found in

28 ///

1   this district.  (Declaration of Brett L. Gibbs (hereafter "Gibbs Decl.") at 2:2-3 & 2:22-25, Docket 8-1.)
2   As such, venue is proper in this district.

3           a.      **Hard Drive Failed to Controvert Mr. Abrahams' Complaint Allegations**
4                   **and Exhibits Showing that Venue is Proper in this District**

5           Hard Drive's own citation to <u>Brayton Purcell LLP</u>, 606 F.3d at 1128 lends support that venue is
6   proper in this district.  (Motion at 5:4-12.)  Specifically, "in the absence of an evidentiary hearing, the
7   plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to
8   dismiss."  (<u>Id.</u>, at 1127, citation omitted.)  In such a case, "uncontroverted allegations in [plaintiff's]
9   complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits
10  must be resolved in [plaintiff's] favor."  (<u>Id.</u>, citations omitted.)  Moreover, the court may consider
11  material which is properly submitted as part of the complaint.  (<u>Hal Roach Studios, Inc. v. Richard</u>
12  <u>Feiner and Co., Inc.</u> (9th Cir. 1989) 896 F.2d 1542, 1555, fn. 19, citation omitted—court properly
13  considered assignment attached as exhibit to counterclaim in ruling on a Rule 12(b)(6) motion.)

14          Hard Drive concedes that jurisdiction over it in this district is proper when:  (1) it purposefully
15  directed its activities towards or performed some act by which it purposefully avails itself of the
16  privilege of conducting activities in the forum, thereby invoking the benefits and protections of its
17  laws; (2) the claim arises out of or relates to its forum-related activities; and (3) the exercise of
18  jurisdiction comports with fair play and substantial justice, i.e. it must be reasonable.  (<u>Brayton Purcell</u>
19  <u>LLP</u>, 606 F.3d at 1128; and Docket 12, Reply at 3:9-16.)  For example, the U.S. Supreme Court held
20  that specific jurisdiction in California was appropriate when it found that the intentional actions of
21  defendants residing in Florida expressly aimed its conduct at California, and the brunt of the injury was
22  felt by the California plaintiff.  (<u>Calder v. Jones</u> (1984) 465 U.S. 783, 785-786.)

23          Here, Hard Drive absolutely failed to controvert the allegations in Mr. Abrahams' complaint,
24  and the material submitted as part of his complaint which shows all three of the <u>Brayton Purcell</u>
25  elements are present.  First, Hard Drive failed to controvert the allegation that Hard Drive does
26  business in the State of California, including in the Counties of San Francisco and Solano.  (Exhibit A
27  at 1:26-28 (¶ 3).)  Second, Hard Drive failed to controvert the materials attached to Mr. Abrahams'
28  complaint showing that his claim relates to Hard Drive's threats of a lawsuit, settlement demands,

notices to preserve evidence, and deposition subpoenas that it purposefully directed towards Mr. Abrahams in this district through its agent who can be found here.  (Exhibit A at Exhibits A-E; and Gibbs Decl. at 2:2-3 & 2:22-25, Docket 8-1.)  Third, the exercise of jurisdiction over Hard Drive is reasonable as it comports with fair play and substantial justice—it has filed numerous copyright infringement lawsuits in this district, including its prior and present actions relating to Mr. Abrahams' IP address, and has readily available local counsel.  (Exhibit I at 1:15-19 & pp. 4-6.)  As such, all three of the <u>Brayton Purcell</u> elements are present, and venue and jurisdiction are proper in this district.

### b. Venue is Proper in the Northern District of California Due to Hard Drive's Waiver by Filing its Suits in this District

A plaintiff **waives venue by bringing suit in a district**, even though venue is not proper there under the statute.  (<u>Olberding v. Illinois Cent. R. Co.</u> (1953) 346 U.S. 338, 341—Illinois corporation, by bringing suit against Indiana resident in the Kentucky District Court, waived its right to object to venue, but defendant, unless he had also consented to be sued in such district, was still entitled to object to improper venue.)

Here, Hard Drive failed to submit any evidence to controvert any of the allegations in Mr. Abrahams' complaint that it did not file its prior and present action for infringement of the same purported copyrighted adult pornographic work in this district.  Furthermore, both of Hard Drive's prior and present copyright infringement actions are related to the IP address allegedly assigned to Mr. Abrahams' account.  (Exhibit B at 7:23-8:20 (¶¶ 25-31) & p.4.; and Exhibit E at 1:19-23 (¶ 1).)  Moreover, Hard Drive conceded and judicially admitted that its present action and Mr. Abrahams' case involves the same factual and legal issues.  (Motion at 9:17-19, Docket 8.)

As discussed in detail hereafter, the doctrine of judicial estoppel also precludes Hard Drive from arguing that venue is improper due to its prior judicial admissions that venue was and is proper in this district.  The court should not allow Hard Drive to play fast and loose with the court in its attempt to dismiss Mr. Abrahams' case now.

///

///

///

1
2

        **c.**        **Hard Drive Judicially Admitted Facts that Venue is Proper in the Northern District of California and has Waived All Objections to Venue**

3
4
5
6
7
8

"[A]dmissions in the pleadings are generally binding on the parties and the Court." (<u>American Title Ins. Co. v. Lacelaw Corp.</u> (9th Cir. 1988) 861 F.2d 224, 226, citation omitted.) "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." (<u>Id.</u>) Indeed, such a judicial admission "is conclusive in the case." (<u>Christian Legal Soc'y Chapter of the Univ. of Calif., Hastings Coll. of the Law, aka Hastings Christian Fellowship v. Martinez</u> (2010) 130 S.Ct. 2971, 2983.)

9
10
11
12
13
14
15
16

In its prior action filed in this district, Hard Drive judicially admitted the fact that all Doe defendants, including Mr. Abrahams, resided in this district, may be found in this district, and/or committed acts in this district giving rise to its claims. (Exhibit B, at 2:21-25 (¶ 4) & p.4.) Hard Drive judicially admitted facts giving rise to support its claims to join all 118 Doe defendants in this district. (Id., at 2:26-3:15 (¶ 5).) Hard Drive further notified the court that at issue in the case was whether it was the exclusive licensee of the adult pornographic work at issue. (Id., at 3:15-17 (¶ 5).) Likewise in its present action filed in this district, Hard Drive again judicially admitted the fact that Mr. Abrahams resides in this district. (Exhibit E at 3:12-15 (¶ 8).)

17
18

        **d.**        **Hard Drive is Judicially Estopped from Arguing that Venue is Improper in the Northern District of California**

19
20
21
22
23
24
25
26

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." (<u>Rissetto v. Plumbers & Steamfitters Local 343</u> (9th Cir. 1996) 94 F.3d 597, 589 & 600, citations omitted—plaintiff who obtained favorable workers' compensation settlement based on her assertion that she could not work was judicially estopped in subsequent litigation from asserting she could work.) The purpose of the doctrine is to effectuate the orderly administration of justice, and to protect the integrity of the judicial process by prohibiting a litigant from "playing fast and loose with the courts." (<u>Id.</u>, at 601, citation omitted.)

27
28

Two views of the doctrine exist in the Ninth Circuit. (<u>Id.</u>, at 601.) The more restrictive majority view holds that a party "who has obtained relief from an adversary by asserting and offering

proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention." (Id.; see also State of Ariz. v. Shamrock Foods Co. (9th Cir.1984) 729 F.2d 1208, 1215—"use of inconsistent positions would most flagrantly exemplify that playing 'fast and loose with the courts' which has been emphasized as an evil the courts should not tolerate[,]" cert. denied, 469 U.S. 1197 (1985).) In contrast, the less restrictive minority view holds that estoppel applies even if the party's prior advocacy of its position was unsuccessful. (Rissetto, 94 F.3d at 601, citation omitted.)

Here, the determination of whether the majority or minority view applies is irrelevant as the facts show Hard Drive obtained discovery from the courts based on its representations that venue is proper in this district. This is because in both of Hard Drive's prior action and present action relating to the alleged copyright infringement by other defendants and Mr. Abrahams, it obtained relief from the court by judicially admitting that venue was and is proper in this district. (Exhibit B at 2:21-26 (¶ 4); and Exhibit E at 3:12-15 (¶ 8).) Based on these judicial admissions, Hard Drive then sought expedited ex parte discovery from the court. (Exhibit C at 2:16-22; and Exhibit F at 2:2-4.) The court granted Hard Drive's ex parte applications for expedited discovery based upon its judicial admissions that venue was and is proper in this district. (Exhibit A at 9:19-20 (¶ 70); and Exhibit E at 1:17-27.) As Hard Drive obtained two court orders granting expedited discovery based upon its prior judicial admissions that venue is proper in these cases, it is **judicially estopped** from contradicting itself now by arguing the inconsistent position that venue is improper. (Exhibit D & G.) Accordingly, Mr. Abrahams respectfully requests the court to deny Hard Drive's motion to dismiss, because judicial estoppel bars it from contending otherwise.

### 2. The Court Should Grant Mr. Abrahams Leave to Intervene into Hard Drive's Present Action if it is Inclined to Grant the Motion to Dismiss

"On timely motion, the court may permit anyone to intervene who: … has a claim or defense that shares with the main action a common question of law or fact." (Fed. R. Civ. P. 24(b)(1).) Hard Drive readily conceded that its and Mr. Abrahams' action involve the same factual and legal issues. (Motion at 9:17-19, Docket 8.) As such, if the court is inclined to grant Hard Drive's motion to dismiss, at a minimum, the court should stay such an order to provide Mr. Abrahams time to file his

1    motion for leave to intervene.  This will allow Mr. Abrahams to deny Hard Drive's claims, and provide

2    him with an opportunity to present his counter-claims which are absent in Hard Drive's present action.

3            **3.        An Actual Case and Controversy Exists between Mr. Abrahams and Hard Drive**

4            Hard Drive concedes that the plausibility pleading standard enunciated by the Supreme Court

5    in <u>Ashcroft v. Iqbal</u> (2009) 556 U.S. 662, 129 S.Ct. 1937, 1949-1950 is controlling.   (Motion at

6    4:6-14.)  Despite citing the applicable law, Hard Drive failed to controvert and blatantly ignored not

7    only Mr. Abrahams' allegations in his complaint, but the documents authored by Hard Drive's agent,

8    who can be found in this district, evidencing the existence of an actual controversy in this district.

9    (Exhibit A at Exhibits A-E.)

10           **a.        The Declaratory Judgment Act**

11           The purpose of the Declaratory Judgment Act is "to relieve potential defendants from the

12   Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating

13   suit at his leisure-or never."  (<u>Hal Roach Studios, Inc.</u>, 896 F.2d at 1555, citation omitted.)  Thus, an

14   action for declaratory judgment involving the validity or infringement of a copyright presents a

15   justiciable controversy.   (<u>Id.</u>, at 1556 citing <u>Societe de Conditionnement en Aluminium v. Hunter</u>

16   <u>Engineering Co., Inc.</u> (9th Cir. 1981) 655 F.2d 938, 944-945—threat of suit by defendant for patent

17   infringement established prima facie case or controversy; and <u>International Harvester Co. v. Deere &</u>

18   <u>Co.</u> (7th Cir.1980) 623 F.2d 1207, 1211—plaintiff need not show that an actual charge of infringement

19   has been made by defendant.)

20           Article III of the Constitution limits the power of federal courts to deciding cases and

21   controversies by requiring the party who invokes the court's authority to "show that he personally has

22   suffered some actual or **threatened injury** as a result of the **putatively illegal conduct of the**

23   **defendant**[.]"     (<u>Valley Forge Christian Coll. v. Americans United for Separation of Church & State,</u>

24   <u>Inc.</u> (1982) 454 U.S. 464, 472, citation omitted, emphasis added.)  In order to establish a case or

25   controversy that gives rise to declaratory judgment jurisdiction, "[t]he disagreement must not be

26   nebulous or contingent but must have taken on fixed and final shape so that a court can see **what legal**

27   **issues it is deciding**, what effect its decision will have on the adversaries, and some useful purpose to

28   be achieved in deciding them."  (<u>Public Serv. Comm'n of Utah</u>, 344 U.S. at 244, emphasis added.)

1   Thus, the case or controversy must be "a real and substantial controversy admitting of specific relief

2   through a decree of a conclusive character, as distinguished from an opinion advising what the law

3   would be upon a hypothetical state of facts."   (Aetna Life Ins. Co. of Hartford, Conn. v. Haworth

4   (1937) 300 U.S. 227, 241, citations omitted.)

5          Accordingly, suits for declaratory judgments are not uncommon in the area of patents and

6   copyrights.  If a defendant has threatened plaintiff with suit, a justiciable controversy is ordinarily

7   present.  (Massa v. Jiffy Products Co. (9th Cir. 1957) 240 F.2d 702, 705—"Where the patent owner

8   informs a customer of the alleged infringer that there is a violation of the owner's patent by the alleged

9   infringer's manufacturing a certain item, **there is sufficient controversy to allow the manufacturer**

10  **to file suit to have the patent declared invalid**[;]" see also Skelly Oil Co. v. Phillips Petroleum Co.

11  (1950) 339 U.S. 667, 671-672—Declaratory Judgment Act allows relief to be given by way of

12  recognizing the plaintiff's right even though no immediate enforcement was pending.)  A justiciable

13  controversy likewise exists even where **there has been no actual threat of suit, so long as defendant**

14  **has notified plaintiff that defendant claims his copyright has been infringed**.  (Smith-Corona

15  Marchant Inc. v. American Photocopy Equipment Co. (S.D.N.Y. 1962) 214 F.Supp. 348, 350.)

16         As discussed hereafter, not only did Hard Drive threaten suit against Mr. Abrahams, it also

17  notified him of its position that he was absolutely and vicariously liable for infringement of Hard

18  Drive's purported copyrighted work.  (Exhibit A at Exhibit A, p.4, ¶¶ 11-12, Exhibit B, p.3, ¶ 5 &

19  Exhibit C.)  Support of an actual controversy is also shown in Hard Drive's notice to Mr. Abrahams to

20  preserve all evidence else he face spoliation sanctions.  (Exhibit A at Exhibit D, p.1, ¶ 5.)

21              **b.    An Actual Case and Controversy Exists between Mr. Abrahams and Hard**
                **Drive Due to Hard Drive's Threat of a Lawsuit, its Settlement Demands,**
22              **including one for $3,400, Notification to Mr. Abrahams that he is Liable to**
                **it, and its Defamatory Statements that he is One of its Agents' Top Pirates**
23

24         Here, the extrinsic evidence indisputably shows Hard Drive first threatened a lawsuit against

25  Mr. Abrahams for copyright infringement.  (Exhibit A at Exhibit A, p.1, ¶ 5.)  Hard Drive further

26  notified Mr. Abrahams that he was liable for copyright infringement based merely upon the fact that

27  infringement occurred through his ISP account.  (Exhibit A at Exhibit A, p.4, ¶¶ 11-12 & Exhibit B,

28  p.3, ¶ 5.)  Hard Drive demanded settlements from him twice, including a $3,400 demand.  (Exhibit A

1   at Exhibit A, p.2, ¶ 3 & Exhibit C.)  Hard Drive then notified Mr. Abrahams to preserve all evidence

2   else he face spoliation sanctions.  (Exhibit A at Exhibit D, p.1, ¶ 5.)

3          Finally, Hard Drive failed to controvert any of the allegations in Mr. Abrahams' first amended

4   complaint which must be taken as true by the court.  (See <u>Brayton Purcell LLP</u>, 606 F.3d at 1127,

5   citation omitted.)  Instead, all Hard Drive submits is a declaration from its agent that it was his belief

6   that Mr. Abrahams was not the actual infringer.  (Gibbs Decl. at 4:6-8 (¶ 8).)  This declaration,

7   however, fails to controvert any of the facts in Mr. Abrahams' first amended complaint, including the

8   issue of whether Hard Drive even has a valid copyright.  (Exhibit A at 10:20-11:23 (¶¶ 76-88); and

9   Exhibit B at 3:15-17.)

10          Notably, Hard Drive, in its present motion, failed to explain all of its extra-judicial threats and

11   notices to Mr. Abrahams that he was liable for copyright infringement.  (Exhibit A at Exhibits A-E.)

12   Moreover, Hard Drive's declaration does not eliminate its position of absolute or vicarious liability

13   against Mr. Abrahams.  (Exhibit A at Exhibit A, p.4, ¶¶ 11-12 & Exhibit B, p.3, ¶ 5.)  This declaration

14   also does not eliminate Hard Drive's notice to Mr. Abrahams to preserve all evidence else face

15   spoliation sanctions.  (Exhibit A at Exhibit D, p.1, ¶ 5.)  Likewise, this declaration does not eliminate

16   Hard Drive's settlement demands made to Mr. Abrahams, including one demand for $3,400.  (Exhibit

17   A at Exhibit A, p.2, ¶ 3 & Exhibit C.)

18          c.    **An Actual Case and Controversy Would Still Exist between Mr. Abrahams
             and Hard Drive Even if it Promised Not to Sue Him**

19

20          Mr. Abrahams anticipates that Hard Drive may argue that it will make a promise not to sue him

21   or that he is not liable to it for copyright infringement.  Should this occur, an actual controversy would

22   still exist given the totality of the facts presented in Mr. Abrahams' complaint, and Hard Drive's own

23   request for a declaration of its rights to the purported copyrighted work.

24          The Federal Circuit has previously held that a patent owner's statement that it had absolutely

25   no plans to sue the declaratory relief plaintiff did not eliminate nor moot the justiciable controversy

26   between the parties.  (<u>SanDisk Corp. v. STMicroelectronics, Inc.</u> (Fed. Cir. 2007) 480 F.3d 1372,

27   1382-1383.)  Instead, the court found that the patent owner's engagement in a **course of conduct**

28   showed its preparedness and willingness to enforce its patent rights despite such a promise.  (<u>Id.</u>)

Tellingly, the court held that the patent owner was "engaging in the kinds of '**extra-judicial patent enforcement** with **scare-the-customer-and-run tactics**' that the Declaratory Judgment Act was intended to obviate." (Id., emphasis added.)

Hard Drive's conduct, to date, is no different than the patent owner in SanDisk. Mr. Abrahams has already presented evidence of Hard Drive's extra-judicial copyright enforcement in order to scare him into settling. (See section B.2.b. at 8:3-19.) Undoubtedly, it is certain that Hard Drive has also engaged in scare-the-customer-and-run tactics against all defendants that it has obtained personal information for. (Exhibit I at .) For example, Hard Drive's agent's custodian of records declared under penalty of perjury that Hard Drive has filed at least 37 lawsuits naming 3,480 Doe defendants, yet has **served no defendants**. (Exhibit I at pp. 4-6.) Given this evidence, Mr. Abrahams has shown that an actual and justiciable controversy exists between him and Hard Drive regarding the validity of its purported copyrighted work and Mr. Abrahams' alleged non-infringement. As such, he respectfully requests the court to deny Hard Drive's motion to dismiss in its entirety.

### d. Hard Drive's First-Filed Action Argument is Meritless

#### (1) Hard Drive is Judicially Estopped from Arguing that Mr. Abrahams' Action is Duplicative of its Prior Filed Action Due to its Judicial Admissions that the Cases are Not Related

Hard Drive previously filed its opposition to Mr. Abrahams' administrative motion to consider whether cases should be related in its prior action. (Exhibit H.) Specifically, Hard Drive represented to the court that "the cases referenced in the Motion involve **distinct factual matters** and **different defendants**…" (Exhibit H at 1:27-2:1.)

Hard Drive is now judicially stopped from contradicting its prior representation that its present action and this action are now duplicative. (Exhibit H at 1:27-2:1.) The court should deny Hard Drive's motion as it is clear that Hard Drive is trying to play "fast and loose with the courts." (See Rissetto, 94 F.3d at 601, citation omitted.)

///

///

///

1

**(2)       Hard Drive's Cited Authority is Inapplicable**

2       First, Hard Drive misquotes the holding, due to different case facts, of <u>Serlin v. Arthur</u>

3   <u>Andersen & Co.</u> (7th Cir. 1993) 3 F.3d 221, 223, which in turn cited to the Illinois district court case of

4   <u>Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.</u> (N.D. Ill. 1983) 572 F.Supp.

5   1210, 1213.  In <u>Serlin</u>, plaintiff filed a complaint against specific defendants.  (<u>Serlin</u>, 3 F.3d at 223.)

6   To guard against the possibility that the court would grant defendants' motion to dismiss, based on a

7   three-year statute of limitations bar, plaintiff filed a second complaint against the same defendants

8   while his first action was still pending.  (<u>Id.</u>)  None of these facts are present here as Mr. Abrahams has

9   not filed two lawsuits against Hard Drive.

10      Hard Drive's next citation to <u>Mediostream, Inc. v. Priddis Music, Inc.</u> (N.D. Cal. 2007) 2007

11  WL 2790688, *2 and <u>Pacesetter Systems, Inc. v. Medtronic, Inc.</u> (1982) 678 F.2d 93, 94-95 likewise

12  fail for the same reason as its other cited cases—the first filed rule requires that the two actions involve

13  the **<u>same</u>** parties.  (<u>Id.</u>)  It is undisputed that Mr. Abrahams is not a party in Hard Drive's present

14  action.  (Exhibit E at 1:12-14.)  Tellingly, the <u>Mediostream, Inc.</u> court further articulated that the first

15  filed rule only applies when a complaint involving the same parties and issues have already been filed

16  in **another district or court**.  (<u>Mediostream, Inc.</u>, 2007 WL 2790688 at *2; accord <u>Alltrade, Inc. v.</u>

17  <u>Uniweld Products, Inc.</u> (9th Cir. 1991) 946 F.2d 622, 623 and <u>Greenline Industries, Inc. v. Agri-</u>

18  <u>Process Innovations, Inc.</u> (N.D. Cal. 2008) 2008 WL 2951743, *4.)    It is undisputed that

19  Mr. Abrahams' action is not in another district or court—it is in the same district as Hard Drive's

20  action.  Thus, the best remedy to preserve judicial resources is to order these cases related.

21      Hard Drive's final citation to <u>Greenline Industries, Inc.</u> actually lends support to deny its

22  motion to dismiss.  In <u>Greenline</u>, the court recognized that exceptions exist to the first filed rule.  (<u>Id.</u>)

23  Thus, "[i]f the first-to-file rule does apply to a suit, the court in which the second suit was filed may

24  **transfer**, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to

25  decide whether to try the case.  (<u>Id.</u>)  Given Hard Drive's argument to the court to adopt the first filed

26  rule, the court should consolidate its case with Mr. Abrahams' case.

27  ///

28

### III.   <u>CONCLUSION</u>

Based on all the information stated herein and in his supporting papers, Mr. Abrahams respectfully requests the court to deny Hard Drive's meritless motion to dismiss.

DATED:  March 21, 2012

MURPHY, PEARSON, BRADLEY & FEENEY

/s/ Steven W. Yuen

By _____
    Steven W. Yuen
    Attorneys for Plaintiff
    SETH ABRAHAMS

SWY.20379751.doc

# CERTIFICATE OF SERVICE

I, Steven W. Yuen, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On March 21, 2012, I served the following document(s) on the parties in the within action:

**PLAINTIFF SETH ABRAHAMS' OPPOSITION TO DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S MOTION TO DISMISS**

| | |
|---|---|
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                    Attorneys For Defendant
Prenda Law Inc.                                  HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA  94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 21, 2012.

/s/ Steven W. Yuen
By _____
Steven W. Yuen