Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC., | ) | No. C-11-01567-LB |
| Plaintiff, | ) ) | **PLAINTIFF'S *EX PARTE* APPLICATION** |
| v. | ) ) | **FOR LEAVE TO TAKE** |
| DOES 1-118, | ) ) | **EXPEDITED DISCOVERY** |
| Defendants. | ) ) ) | |

**PLAINTIFF'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF LAW IN SUPPORT OF, LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

Plaintiff Hard Drive Productions, Inc., by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 45, hereby moves this Court *ex parte* for an Order permitting Plaintiff to take limited discovery prior to the FRCP 26(f) conference. Plaintiff's application is in accordance with the Court's Local Rule ("L.R.") 7-10, as it is authorized under FRCP 26(d) and 45. Plaintiff requests a hearing, or decision without hearing, on this application as soon as possible.

In the alternative, and in light of the Court's general resistance to *ex parte* applications (*see* L.R. 7-10), Plaintiff's request may be viewed as a Motion for Administrative Relief for Leave to Take Immediate Discovery pursuant to L.R. 7.11. *See UMG Recordings v. Does 1-4,* 64 Fed. R.

**Exhibit C**

Serv.3d 305 (Chen) (N.D. Cal. March 6, 2006). Either way, the request is the same: Plaintiff asks for expedited discovery now in order to later name Doe Defendants in this case.

### I. INTRODUCTION

Plaintiff Hard Drive Productions, Inc. filed this action to stop Defendants from reproducing and distributing to others over the Internet unauthorized copies of it content (hereinafter "the Works"), and to pursue monetary damages from Defendants. Using so-called "peer-to-peer" (hereinafter "P2P") file "swapping" networks, Defendants' copyright infringements allow them and untold others to unlawfully obtain and distribute for free and without Plaintiff's permission the copyrighted Works that Plaintiff has invested substantial sums of money to create. Plaintiffs are suing Defendants as Doe Defendants because Defendants committed their infringement under the cover of Internet Protocol (hereinafter "IP") addresses, as opposed to using their actual names. Plaintiff has identified Doe Defendants' IP addresses (as well as other pertinent information), and attached this list to the Complaint as Exhibit A.

Plaintiff seeks leave of the Court to serve *limited* discovery prior to a Rule 26(f) conference on several enumerated non-party Internet Service Providers ("ISPs") *solely* to determine the true identities of Doe Defendants that Plaintiff will fully identify during the course of this litigation, as Plaintiff's infringement prevention efforts are on-going and continuing. The only way that Plaintiff can determine Defendant's actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access. This information is readily available to the ISPs from documents they keep in the regular course of business, and getting it is of minimal effort to them.

### II. BACKGROUND

This request is far from unique. Granting applications such as these is commonplace. Over the past decade, federal district courts throughout the Ninth Circuit and the United States, including this Court, have freely granted expedited discovery in Doe Defendant lawsuits with factually

interchangeable scenarios.[1] In fact, Your Honor has personally encountered these *ex parte* applications, and, in all cases known to counsel, granted the plaintiff's applications, allowing them to serve the much-needed subpoenas on the ISPs. *See Collins, Inc. v. Does 1-1219*, 97 U.S.P.Q.2D (BNA) 1667 (N.D. Cal. 2010) (Beeler); *Zoosk Inc. v. Does 1-25*, 2010 U.S. Dist. LEXIS 134292, (N.D. Cal. 2010) (Beeler) (discussed more fully below).

Generally, as Your Honor understands, in these types of cases, copyright holder plaintiffs use information similar to that gathered by Plaintiff in the instant case as the basis for their proposed subpoenas to the ISPs. As evidenced by the various court opinions, such information is sufficient for such expedited subpoenas. Through the information they gather from the ISPs via these subpoenas, the plaintiffs are able to fully "identify" – i.e. retrieve name, address, telephone number, e-mail address, and Media Access Control (hereinafter "MAC") information – each P2P network user suspected of violating the plaintiff's copyright. Usually, in the interest of due process, the court will order the ISP to adequately notify the network user whose contact information has been turned over to the plaintiff that such action has occurred. Once the plaintiff has a doe defendant's contact information, the defendant will be formally named in the suit, service of process will be effectuated, and the case will be allowed to proceed as usual. (*See* Declaration of Brett L. Gibbs (hereinafter "Gibbs Decl.") ¶ 4, <u>Exhibit B</u> to this Application). All of the district courts that have been presented

---

[1] *See, e.g., UMG Recordings*, 64 Fed. R. Serv.3d 305; *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999); *Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1 (D.D.C. 2007); *Columbia Pictures Industries, Inc. v. John Doe* (67.123.19.140), Case No. C-04-5243 (N.D. Cal.) (Hamilton); *Rocker Mgmt. LLC v. John Does*, No. 03-MC-33 2003 WL 22149380 (N.D. Cal 2003); *UMG Recordings, Inc. v. John Doe*, 2008 U.S. Dist. LEXIS 79087, Case No. 08-1193 (N.D. Cal. 2008) (Armstrong); *UMG Recordings, Inc. v. John Doe*, 2008 U.S. Dist. LEXIS 92788, Case No. 08-1038 (N.D. Cal. 2008) (Armstrong); *Collins, Inc. v. Does 1-1219*, 97 U.S.P.Q.2D (BNA) 1667 (N.D. Cal. 2010) (Beeler); *IO Group, Inc. v. Does 1-65*, 2010 U.S. Dist. LEXIS 114039, Case No. 10-4377 (N.D. Cal. 2010) (Conti); *Zoosk Inc. v. Does 1-25*, 2010 U.S. Dist. LEXIS 134292, (N.D. Cal. 2010) (Beeler); *Texas Guaranteed Student Loan Corp. v. Deepinder Dhindsa*, 2010 U.S. Dist. LEXIS 65753, Case No. 10-00335 (E.D. Cal. 2010) (Oberto); *Arista Records, Inc., et al., v. Does 1-12*, 2008 U.S. Dist. LEXIS 82548, 08-CV-1242 (E.D. Cal.) (GSA); *Metro-Goldwyn-Mayer Pictures, Inc. v. Does 1-2*, Case No. 05-CV-0761-B (S.D. Cal.) (POR); *Voltage Pictures, LLC v. Does*, Case No. 1:10-cv-00873-RMU (D.D.C.); *Metro-Goldwyn-Mayer Pictures, Inc. v. Does 1-10*, Case No. 04-2005 (D.D.C.) (JR); *Allcare Dental Management, LLC v. Zrinyi*, 2008 U.S. Dist. LEXIS 84015, Case No. 08-407 (Idaho 2008) (Wimmill).

| | |
|---|---|
| 1 | objections before this Court prior to the return date of the subpoena. Thus, to the extent that any |
| 2 | Defendant wishes to object, he or she may do so. |
| 3 | Put plainly, the factors weigh heavily in favor of compelling disclosure of the Doe |
| 4 | Defendants' identifying information. Without disclosure of the Doe Defendants' identities, |
| 5 | Plaintiff's litigation cannot proceed. To deny this motion would be to give those committing this |
| 6 | online, peer-to-peer piracy *carte blanche* to repeat their infringing conduct. Permitting these acts |
| 7 | would essentially render the federal copyright laws inapplicable to illegal Internet "sharing." |
| 8 | Plaintiff prays that the Court recognize this, and Grant this Motion by entering the attached Proposed |
| 9 | Order. |

Respectfully Submitted,

HARD DRIVE PRODUCTIONS, INC.,

**DATED: April 1, 2011**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*