1  Brett L. Gibbs, Esq. (SBN 251000)
   Prenda Law Inc.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*
5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                    NORTHERN DISTRICT OF CALIFORNIA

8                            OAKLAND DIVISION

9

10 HARD DRIVE PRODUCTIONS, INC.,    )   **Case No. 11-CV-5634 PJH**
                                    )
11         Plaintiff,               )
                                    )   **PLAINTIFF'S *EX PARTE* APPLICATION**
12     v.                           )   **FOR LEAVE TO TAKE**
                                    )   **EXPEDITED DISCOVERY TO**
13 JOHN DOE,                        )   **IDENTIFY JOHN DOE**
                                    )
14         Defendant.               )
                                    )
15 _____  )

**Exhibit F**

# INTRODUCTION

Plaintiff Hard Drive Productions, Inc. ("Plaintiff") asks this Court to authorize service of a deposition subpoena on Seth Abrahams—the account holder of Internet Protocol ("IP") address 98.248.90.217. This subpoena would assist Plaintiff in determining the identity of the anonymous copyright infringer in this case.

This additional information is most commonly ascertained via an informal meet and confer with the account holder. In some cases, the account holder is able to offer a credible explanation for why they are not the infringer and is even able to identify the likely infringer. For example, a landlord may have a tenant who was known to have been engaged in infringing activity. In other cases, an account holder has no credible exonerating excuse. For example, an individual who fits the demographic profile of a traditional infringer of Plaintiff's works and who lives alone is likely to be an infringer. In a final category of cases, an account holder actively evades all of Plaintiff's attempts to meet and confer. When an account holder, and/or their attorney, actively evades all of Plaintiff's attempts to meet and confer, Plaintiff has no choice but to move the Court for a deposition subpoena.

Plaintiff believes that a deposition under oath is the least intrusive and most reasonable way for Plaintiff to investigate the infringer's identity. Even if Mr. Abrahams did not download and distribute Plaintiff's copyrighted video himself, the infringing activity occurred over his network and the equipment he controls. At this point, Mr. Abrahams is the *only*[1] person (currently known to Plaintiff) with information that can allow Plaintiff to identify the actual infringer and permit service of process on that individual. Additionally, Mr. Abrahams' evasive behavior does not reflect the actions of an entirely innocent third party. The Court should grant this motion because Plaintiff cannot proceed in this action without ascertaining the likely infringer's identity and because Plaintiff's deposition is reasonably calculated to reveal the infringer's identity.

---

[1] Unlike other individuals in separate cases, Mr. Abrahams or his attorney has not presented any alternative "suspects" (e.g. a roommate) that could be the source of the infringement, nor any information to clearly enable Plaintiff to eliminate Mr. Abrahams as a suspect.

## CONCLUSION

Plaintiff requests this Court to authorize a deposition subpoena that will aid Plaintiff in determining the true identity of the person who distributed Plaintiff's video without Plaintiff's authorization. Plaintiff seeks this Court's permission to issue one single subpoena directed to Mr. Abrahams, the account holder associated with the IP address from which Plaintiff's copyrighted videos were distributed. Plaintiff has good cause for taking this discovery prior to a Rule 26(f) conference: there are no parties with whom Plaintiff may confer, Plaintiff has exhausted all other discovery options available to it and further limited discovery from Mr. Abrahams is the only way Plaintiff can discover the true identity of the person who infringed on its copyright, Plaintiff's proposed subpoena is reasonably calculated to lead to the discovery of the infringer's identity and Plaintiff intends to execute the subpoena in a manner that avoids placing undue burden or expense on Mr. Abrahams. If not for Mr. Abrahams' actions to evade meeting and conferring with Plaintiff, this request would not be necessary.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: January 6, 2012**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*