Brett L. Gibbs, Esq. (SBN 215000)
Of Counsel to Prenda Law Inc.
38 Miller avenue, #263
Mill Valley, CA  94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Defendant, Hard Drive Productions, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ABRAHAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HARD DRIVE PRODUCTIONS, INC.,<br>　et al.,<br><br>　　　　　Defendants. | CASE NO. 5:12-CV-01006 JSC<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Judge: Hon. Mag. Joseph C. Spero<br>Date: June 1, 2012<br>Time: 9:30 am |

**DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

PLEASE TAKE NOTICE that on June 1, 2012, at 9:30 a.m., Defendant, HARD DRIVE PRODUCTIONS ("Defendant" or "Hard Drive"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b) and other governing law, shall appear before the Honorable United States Magistrate Judge Joseph C. Spero in San Francisco Courthouse, Courtroom G - 15th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, and present its Motion to Dismiss Plaintiff SETH ABRAHAM's First Amended Complaint ("Amended Complaint")[1], and supporting its Motion Defendant states as follows:

---

[1] Initially, as a response to Plaintiff's original complaint, Hard Drive filed a Notice of Motion and Motion to Dismiss Complaint on March 7, 2012. (Dkt. #8.)  On March 21, 2012, Plaintiff responded to that motion. (Dkt. #13.)  Shortly thereafter, and prior to Hard Drive's reply, Plaintiff filed its Amended Complaint. (Dkt. #14.)  Considering that new filing negated Plaintiff's motion, and the corresponding hearing, Plaintiff now timely files its Notice of Motion and Motion to Dismiss First Amended Complaint.

## BACKGROUND

On November 21, 2011, Hard Drive filed a Complaint in this District captioned *Hard Drive Productions, Inc. v. John Doe,* Case No. 11-CV-5634 (the "*Hard Drive*" Case).[2] In it, Plaintiff alleged that an anonymous copyright infringer, associated with an Internet Protocol ("IP") address set forth in the Complaint, infringed copyrighted material owned by Hard Drive. Hard Drive further alleged that "Because the relationship between an [IP] account holder and infringer can be imperfect, [Hard Drive] now files this action to complete its investigation into the infringer's identity and, if necessary, to prosecute the infringer for his blatant violation of [Hard Drive's] copyright." (*Hard Drive* Case Dkt. #1 at ¶¶ 1, 2.) In the Complaint, Hard Drive identified Plaintiff, Seth Abrahams, as a non-party account holder associated with the IP address, but neither alleged that he infringed the copyright nor that he was the Defendant. *See id.* Hard Drive alleged claims for copyright infringement and civil conspiracy against the John Doe Defendant.

On January 6, 2012, Hard Drive filed an *Ex Parte Petition for Leave to Take Expedited Discovery to Identify John Doe* by deposing Plaintiff in his capacity as a non-party. (*Hard Drive* Dkt. #9.)[3] The Court granted that petition on February 13, 2012. On February 14, 2012, Hard Drive's counsel issued an email to Mr. Abrahams' counsel with a copy of the Court's February 13 Order, and that explained, among other things,

> [O]ur client, Hard Drive Productions, Inc., does *not* necessarily believe that your client, Seth Abrahams, is definitely the ultimate infringer in this case [i.e. the *Hard Drive* Case]. The only reason that we are anxious to depose your client is to understand whether your client knows, may know, or reasonably should know who the infringer of our client's works may have been – whether that infringer happens to be your client or another individual. The questions we plan to ask are intended to elicit that information if it exists. Please understand, as the account holder associated with an IP address found in a BitTorrent Swarm

---

[2] This was after *numerous* attempts by Hard Drive's counsel to meet and confer with Mr. Abrahams' counsel in an attempt to avoid litigation by means of informal discovering aimed at trying to find out, among other things, who had infringed Hard Drive's copyrighted works, and whether Mr. Abrahams had any useful information that could aid Hard Drive in its pursuit of the infringer. (Declaration of Brett L. Gibbs ("Gibbs Decl.") at ¶ 2). Those attempts were entirely ignored by Mr. Abrahams' counsel, and, as a result, Hard Drive filed the *Hard Drive* Case. (*Id.*)

[3] Again, this was only brought after multiple attempts by Hard Drive's counsel to meet and confer with Mr. Abrahams' counsel that were ignored. (Gibbs Decl. at ¶ 3.). (*Id.*)

> uploading/downloading our client's copyrighted file, Mr. Abrahams is the *only* person known to my client who may have information that could lead to the identification of the actual infringer in this matter. Especially considering your, and his failure to communicate with Plaintiff's counsel in this case, Plaintiff filed this motion to force your client to speak out. That is why he is involved as a third-party to be deposed in this case. (Gibbs Decl. at ¶ 4.) (emphasis in original)

Additionally, in that email, Hard Drive's counsel explicitly offered to coordinate with Mr. Abrahams's counsel on a mutually agreeable deposition date, otherwise that deposition would be set up in accordance with Hard Drive's counsel's calendar. (Gibbs Decl. at ¶ 5.) After again not hearing back from Mr. Abrahams' counsel, Hard Drive's counsel set up a March 2, 2012 deposition date, and served Mr. Abrahams with notice. (*Id.*) Mr. Abrahams failed to show up for his deposition. (Gibbs Decl. at ¶ 6.)[4]

However, after that deposition notice issued, and prior to his non-appearance at the deposition, Mr. Abrahams, on February 28, 2012, filed this lawsuit against Hard Drive and "Does 1-50." In this case, Plaintiff seeks, among other things, a declaratory judgment that he is not liable to Hard Drive for copyright infringement.

The Court should dismiss the Am. Complaint for three, independent reasons. *First,* Plaintiff has failed to allege facts suggesting that venue in this Court is proper. *Second,* there is no case or controversy at issue in this litigation because Hard Drive has not at this time alleged that Plaintiff has infringed its copyright. Plaintiff seeks a declaration that he is not the "John Doe" infringer the *Hard Drive* Case, and at this point, Hard Drive has only asked to depose him to identify the actual infringer; there is no case or controversy that is ripe for adjudication as of now. In fact, Hard Drive's counsel has specifically told Mr. Abrahams counsel, prior to initiating this suit, that it did not necessarily believe that Mr. Abrahams was the ultimate infringer. Thus, Mr. Abrahams had no anticipation of becoming named at the time he filed the Complaint. *Third,* even if this Court does not dismiss the Complaint on other grounds, Plaintiff has the opportunity to seek a declaratory judgment and other relief if he is named as the defendant in the *Hard Drive* Case, which Hard Drive

---

[4] After Court intervention, a new depositions were scheduled and noticed for May 1st and 2nd of 2012 for both this case and the *Hard Drive* case.

filed before this case. Under federal procedural law, the Court should dismiss this second-filed case regarding Hard Drive's copyright.

## ARGUMENT

The legal standard governing motions to dismiss is:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, thedefendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (internal quotations and citations omitted). As detailed below, the Complaint here falls well short of meeting this standard.

### I. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF HAS FAILED TO ALLEGE FACTS SUGGESTING THAT THIS IS THE PROPER VENUE

Plaintiff has failed to allege facts sufficient to show that venue is proper in the U.S. District Court for the Northern District of California.

In this case, Plaintiff seeks a declaration that he did not infringe upon Defendant's copyright. Section 1400(a) of the Federal Copyright Act is the sole venue statute for copyright infringement actions. 28 U.S.C. § 1400(a). That section requires that a civil suit under the Copyright Act must be brought in a judicial district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Section 1400(a) therefore requires that every defendant must be "found" here in order for venue to be proper in this Court. Venue will only be appropriate in this District if the Defendant resides in the Northern District of California, or if the Court determines that Defendant can be found in this District. *See Brayton Purcell LLP v. Recordon and Recordon, et al.* 606 F.3d 1124 (9th Cir. 2010).

///

### A. Requirements For Establishing Proper Venue.

The Ninth Circuit recognizes a three-pronged test to determine whether a party has sufficient contacts to be found in this district. *Brayton Purcell*, 606 F.3d at 1128: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Id.*

The first prong is satisfied if the plaintiff establishes either purposeful availment or purposeful direction. *Id.* "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* Where, as here, the underlying action is for copyright infringement, it is an action sounding in tort. *Id.* The Court must therefore apply the three-part "Calder-effects" test, under which "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*, citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (internal quotation marks omitted).

While Defendant arguably performed an "intentional act" by operating a website that can be accessed here (*see, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir.2002) (operating a passive website was an intentional act)); Plaintiff has not, and cannot, allege facts satisfying the second and third parts of the Calder-effects test. The second part requires that the defendant's conduct be expressly aimed at the forum. *See Brayton Purcell*, 606 F.3d at 1129, citing *Pebble Beach v. Caddy*, 453 F.3d 1151, 1156. "It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong." *Id.*; citing *Holland Am. Line Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a

mere web presence is insufficient to establish personal jurisdiction."); and *Pebble Beach*, 453 F.3d at 1158 ("[W]e reject . . . any contention that a passive website constitutes express[ ] aiming.").

### B. Plaintiff Has Failed To Allege Proper Venue.

Plaintiff has not alleged anything suggesting that venue is proper in the Northern District of California. He makes two attempts, and each fails.

First, he alleges that "Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1400 (a) as Hard Drive has claimed that plaintiff infringed its purported copyrighted work by downloading such works, and being responsible for such downloads where he resides." Dkt. #1 at ¶12. He then alleges that "Venue is also proper in the Northern District of California as Hard Drive has consented to the venue of this court by filing [the *Hard Drive* Case] in this district, has made threats and given notices of lawsuits and settlement demands to plaintiff in this district, has defamed plaintiff in this district, and by its conduct within this district which has created an actual and continuing controversy such that the court needs to declare the rights and other legal relations of plaintiff who is seeking such declarations from the court, and which is related to this action." *Id.* at ¶13.

Plaintiff thus admits that Hard Drive may not be found in this Court. And he includes no allegations to suggest that Hard Drive committed an intentional act expressly aimed at California causing harm that it knows is likely to be suffered in this district.[5] His claim that filing a different lawsuit, and pursuing settlement, in this judicial district somehow opens Hard Drive up to be sued by future litigants in perpetuity, is baseless and does not establish venue under either 28 U.S.C. § 1400(a), or *Brayton Purcell*. And it is not logical. Hard Drive alleged in *Hard Drive Productions, Inc. v. John Doe*, 4:11-cv-05634 PJH that venue was proper in this judicial district "pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside in this District, may be found in this

---

[5] Plaintiff's Amended Complaint also adds an allegation that Hard Drive "defamed plaintiff in this district" to support his venue argument (Dkt. #14 at ¶13). However, Plaintiff stops there. Plaintiff does not adequately allege the elements of defamation, or insert a cause of action for defamation. As such, it appears Plaintiff is merely grasping at straws to superficially justify venue that is unjustifiable under the legal and factual circumstances.

District, or a substantial part of the events giving rise to the claims in this action occurred within this District." *Hard Drive* Dkt.#1 at ¶8.

Hard Drive is the Defendant here. Plaintiff has the burden of establishing that venue is proper with respect to the Defendant. The fact that Hard Drive filed prior lawsuits in which venue was proper in this District has no bearing on whether venue is proper in this case, where Hard Drive is a Defendant.

## II. THIS CASE IS UNRIPE FOR ADJUDICATION BECAUSE THERE IS NOT YET A CASE OR CONTROVERSY.

The Court should also dismiss the Complaint because it fails to identify a present claim or controversy. Plaintiff claims that he did not infringe Hard Drive's copyright, and Hard Drive has not alleged that he is the infringer in the *Hard Drive* case. While Hard Drive may, depending upon what information it obtains through the deposition of Abrahams, seek in the future to name him as a defendant in *Hard Drive,* it has not yet done so and there is no present claim or controversy. At this point, he is a non-party that can provide Hard Drive with information in the *Hard Drive* case. He is not a Defendant, and need not anticipate being one based on his own statements.

Specifically, Mr. Abrahams alleges that he notified Hard Drive "that: (1) he did not download the work, and (2) he did not know who downloaded the work." Dkt. #14 at ¶81.[6] Hard Drive has not alleged that Abrahams infringed its copyright. In the *Hard Drive* Case, Hard Drive alleges copyright infringement on the parts of an individual, and several coconspirators of that individual, whose identities it presently does not know. Hard Drive alleged that it seeks to learn the

---

[6] While Mr. Abrahams makes this claim, he does not specify when or how it was made, and how Hard Drive's counsel responded to it. Despite Hard Drive's counsel's attempts to discuss this matter with Mr. Abrahams' counsel for months, it was not until February 27, 2012, well after the *Hard Drive* case was filed, that he finally emailed Hard Drive's counsel stating, in part, "[Mr. Abrahams] denies downloading the movie and does not know who downloaded the movie." (Gibbs Decl. at ¶ 7.) In his response, Hard Drive's counsel never indicated that he or Hard Drive believed that this statement was untrue or that Mr. Abrahams was in fact the infringer. Instead, Hard Drive's counsel merely stated that Mr. Abrahams' attorney's blanket recitation of his client's statements would be insufficient because Hard Drive's counsel, understandably, needed Mr. Abrahams' own statements as to who might be the possible infringer under oath. (Gibbs Decl. at ¶ 8.) After sending that explanatory email, Hard Drive's attorney did not hear back from Mr. Abrahams' counsel until *after* this suit had been filed. (Gibbs Decl. at ¶ 9.) The allegations in the Complaint are misleading, and do not show how Plaintiff and its counsel have actually treated Mr. Abrahams throughout the *Hard Drive* case—i.e. as a non-party.

identity of one individual associated with a specific IP address, who infringed on its copyright. (*Hard Drive* Case Dkt. #1, ¶1.) Hard Drive did not name Mr. Abrahams, who admits that he owns the IP address, as the Defendant in the *Hard Drive* Case. Indeed, Hard Drive's only request to date to the Court in the *Hard Drive* case relating to Plaintiff is to allow for his deposition, which the Court has granted Hard Drive leave to do.[7]

Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudicating of "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction … any court of the [United States], upon the filing of an appropriate pleading, may declare the rights and other legal relations of any related party seeking such declaration, whether or not further relief is or could be sought…." 28 U.S.C. § 2201(a). Article III requires that a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007) (citation omitted).

Plaintiff's claim for declaratory judgment is unripe for adjudication because there is not, at this time, a case or controversy. Plaintiff denies infringing the copyright, and Hard Drive has not asserted that he has infringed it. Any ruling in connection with this case, therefore, would be an "opinion advising what the law would be upon a hypothetical state of facts" which, here, is the hypothetical prospect that Hard Drive may name Plaintiff as a defendant.

### III. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE *HARD DRIVE* CASE IS FIRST-FILED AND ALREADY PENDING.

The Court should also dismiss the Complaint because, even if there were a case or controversy at issue in this matter (which there is not), they are already the subject of litigation in the *Hard Drive* Case, which was the first-filed of the two.

---

[7] As referenced above, the deposition was properly noticed and served, and Mr. Abrahams willfully refused to appear.

A district court has authority to dismiss a lawsuit "for reasons of wise judicial administration," where as here "it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Anderson & Co.,* 3 F.3d 331 (7th Cir. 1997) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc.,* 572 F.Supp. 1210, 1213 (N.D. Ill. 1983).) The "first to file" doctrine has been recognized in this District as a matter of comity in which a district court may decline jurisdiction where a case presents the same parties and issues already pending elsewhere. *See, e.g., Mediostream, Inc. v. Priddis Music, Inc.,* No. 07-2127, 2007 U.S. Dist. LEXIS 73707, at *6 (N.D. Cal. Sept. 24, 2007) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 679 F.2d 93, 94-5 (9th Cir. 1982)). Courts may invoke that doctrine to transfer or stay an action when a similar complaint is already on file. *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991). The purposes of this doctrine include promoting judicial efficiency and the avoiding the risk of inconsistent outcomes. *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Courts generally consider three factors in applying the doctrine: (1) the chronology in which the two actions were filed; (2) the similarity of the parties; and (3) the factual similarities. *Greenline Industries v. Agri-ProcessInnovations, LLC*, No. 08-2438, 2008 U.S. Dist. LEXIS 60504, at *8 (N.D. Cal. July 28, 2008).

The facts here are that, except for the relief requested, this case and *Hard Drive* involve identical factual and legal issues, and involve both Hard Drive and whoever used Abrahams' IP address to infringe Hard Drive's copyright. In *Hard Drive,* Hard Drive seeks to learn the identity of that individual. In this case, Abrahams seeks a declaration that he is not that individual. The two cases thus involve substantially the same facts and legal issues. And Abrahams could easily have sought declaratory judgment by intervening in the *Hard Drive* case, which was already pending before he filed this action.

Allowing both cases to proceed separately would create a significantly waste of judicial resources, involve the same claims, IP address users, and available relief. For that reason, if the Court does not dismiss the Complaint for lack of subject matter jurisdiction, it should dismiss the Complaint because it is duplicative of the first-filed *Hard Drive* Case.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant Hard Drive Productions, Inc. respectfully requests that this Court grant its MOTION TO DISMISS COMPLAINT, and grant it any and all further relief that this Court deems to be reasonable and appropriate.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: April 13, 2012**

By: \_\_\_\_/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Defendant, Hard Drive Productions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **March 7, 2012**, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s Brett Gibbs