Brett L. Gibbs, Esq. (SBN 215000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

UNITED STATES DISTRICT COURT

NORTHISN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | CASE NO. 4:11-cv-01567 LB |
| Plaintiff, | |
| v. | (4:11-cv-05634 PJH; 3:12-cv-01006 JCS) |
| DOES 1-118, | OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |
| Defendants. | |

**INTRODUCTION**

Plaintiff Hard Drive Productions ("Hard Drive") asks this Court to deny the Administrative Motion ("Motion" or "Mot.") of Seth Abrahams ("Abrahams"), plaintiff in the matter captioned *Abrahams v. Hard Drive Productions, Inc.,* Case Number C-12-1006-JCS (the "Abrahams Case"), recently filed and pending before Judge Spero in this District, to deem this now-dismissed and closed multiple-Doe case (referred to herein as the "118 Doe Case," captioned above), and a single Doe suit pending before Judge Hamilton in this District (the "Single Doe Case," *Hard Drive v. Doe,* C-11-5634), to be related.

This case is closed. It has been for almost two months. This Motion is the second attempt in the past month by the attorney now representing Abrahams asking a court to relate pending cases with one that was already closed. Counsel's prior attempt, of course, failed,[1] and the logic prompting his renewed attempt here is unclear.

---
[1] *See Hard Drive Productions v. Does 1-48,* Case No. 3:11-cv-01957-JCS, Dkts. #14-17.

**Exhibit H**

It is clear, however, how it should be dealt with. The Motion is defective, and the Court should deny it, for three, independent reasons. *First,* this Court has no jurisdiction to deem this and the Abrahams Case to be "related," because this case was dismissed on January 19, 2012. (*See* Docket ("Dkt.") #30 in this matter.) There is no case or controversy in this Court and as such, this Court does not have jurisdiction to deem the cases to be related or to consolidate them before another Judge. In the alternative, and *second,* the cases referenced in the Motion involve distinct factual matters and different defendants and are not related under L.R. 3-12. *Third,* the Court should use its discretion to deny the attempt to consolidate these cases, because the newly-filed Abrahams Case involves different facts and defendants than the Single Doe Case and the now-dismissed 118 Doe Case. Consolidating the cases would be highly inequitable to Plaintiff because it would likely result in substantially higher costs and burden to pursue the litigation. Additionally, relating these cases would be contrary to the interests judicial economy and the Court's desire to avoid inconsistent rulings. Finally, Plaintiff intends to promptly move to dismiss the Abrahams Case. Plaintiff requests that the Court refrain from issuing any order deeming the cases to be related until the Court in the Abrahams Case rules on that motion to dismiss.

## ARGUMENT

Abrahams's claim that Plaintiff should have filed a motion asking the cases to be deemed related is legally incorrect. Mot. at pp. 2-3. Pursuant to Local Rule 3-3(a), a "refilling" party is only required to file such a motion when "any civil action or claim of a civil action is dismissed and is subsequently refiled…" L.R. 3-3(c). Plaintiff did not "refile" anything; it filed, and subsequently dismissed, the 118 Doe Case, and it filed the Single Doe Case, which is pending. The only factual connection between those cases is that the same plaintiff and copyrighted work were involved. Abrahams's claim that Plaintiff "failed" to ask the cases to be related is incorrect because it had no obligation to do so.

Abrahams brings his Motion under Rule 3-12, which generally provides for reassignment of a case to the judge of an earlier-filed case when those cases are related. "[T]he primary reasons" for Civ. L.R. 3-12 are "to avoid unduly burdensome duplication of labor and expense, and conflicting opinions before different judges." *Bacon v. City and County of San Francisco*, No. C04-3437 TEH,

### III. THIS AND THE ABRAHAMS CASE ARE NOT PROPERLY CONSOLIDATED.

Finally, the Court should exercise its discretion and deny the Motion to the extent it seeks to consolidate the Abrahams Case with this litigation, because there do not exist valid reasons to consolidate them. Pursuant to Fed. R. Civ. P. 42(a), Courts have discretion to consolidate cases if they involve common questions of fact or law. Fed. R. Civ. P. 42(a); *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising that discretion to order consolidation, a district must "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984). The three cases subject to the Motion do not involve the same facts or, as of now, the same defendants. They would only involve the same defendants if Abrahams, contrary to his proffered statements, admits to infringing Plaintiff's copyright. Such a connection, at this point, would be pure speculation, and the Court should not consolidate these cases.

### CONCLUSION

WHISEFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Court deny the ADMINISTRATIVE MOTION TO CONSIDER WHETEHIS CASES SHOULD BE RELATED, and for any and all further relief that this Court deems to be reasonable and appropriate.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: March 7, 2012**

By: \_\_\_\_/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc..
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*