| | |
|---:|:---|
| **From:** | Brett Gibbs <blgibbs@wefightpiracy.com> |
| **Subject:** | **Re: 11-5634 - Deposition of Mr. Abrahams** |
| **Date:** | February 28, 2012 12:11:16 PM PST |
| **To:** | mcb@hemispheres.pro |

Dear Mr. Berch:

Despite my numerous attempts to contact you, we have never spoken/communicated until now. Prenda Law, Inc., formerly Steele Hansmeier PLLC., sent you letters, emails, and left voice messages over the past 7-8 months. No responses were received. I personally called your office and left voice messages for you on, just to name a few dates, October 18, 2011, October 21, 2011, November 18, 2011, and January 26, 2012, informing you, among other things, of the possibility of this lawsuit, giving you notice of the discovery we had in mind (unless we can agree to an alternative), and attempting to meet and confer with you regarding your client. In addition, I sent you numerous emails and letters relating to your client, Mr. Seth Abrahams. In each correspondence, I encouraged you to contact me. Again, I received nothing from you -- you never reached out to me or Prenda Law with a phone call, email or letter response.

Most recently, I emailed you about a court-authorized deposition of Mr. Abrahams, and specifically wanted to "meet and confer with you about a date/time period in which to set up this deposition." Further, I stated in that email, "Hopefully, we can agree on a date/time slot that will work with everyone's schedules. Please call me or email me back so that we can discuss this." That email was sent out on February 14, 2012. Your brief email response was sent almost 2 weeks later on February 27, 2012. Unfortunately, that response was too late.

In my email, I specifically told you that if I did not hear back from you by February 15, 2012, that I would go ahead and schedule/serve the deposition subpoena on your client. Consistent with the past, I never heard back from you. In your most recent email, you did not offer an explanation as to why you have failed to contact me. As you understand, despite encountering your failure to communicate, my client's case had to move on. The deposition was scheduled in mid-February after not hearing back from you, and the service of process was personally delivered to your client on February 19, 2012.

As a result, our client paid a process server, committed to a non-refundable venue space, and also hired a Deposition Officer to referee the video taped deposition. As a result, not only has our client incurred a large amount of fees for my work, but it has also committed a number of non-refundable costs.

Yesterday, you sent me the below email -- nine full days after your client was served with the deposition subpoena, and yet only a few days prior to the March 2, 2012 deposition. Despite being provided with fair warning of every move that my client has has made, and is making, in this lawsuit, you and your client decide to make this request at the eve of the deposition.

While I believe that no court will have sympathy on you or your client considering the above, luckily for you my client does. Considering your email, this is our last attempt to meet and confer with you and your client on the upcoming court-authorized deposition.

First, as I have pointed out, my client has incurred fees and costs relating to the scheduled March 2, 2012 deposition. Those fees and costs add up to $1,385. We would need this paid in full to my client before considering a date change for the deposition.

Second, we would need your full cooperation in arranging another date. In other words, we would request that your client suggests three (3) dates in March, during the week, for which he is available for the future deposition.

In turn, if your client (1) reimburses my client for the fees/costs spent for the March 2, 2012 deposition (i.e.

**Exhibit J**

$1,385), and (2) suggests three different dates during March for the deposition (that are during the week), then my client will agree to withdraw this deposition and schedule a deposition on one of those dates should Plaintiff's counsel and the venue be available for at least one of those days.

Also, your clients statements are ineffective.  We intend to ask him a variety of questions, including whether or not he, or someone he knows, did infringe on our client's works while *under oath with the penalty of perjury*.  Your statements on the your client's denials are simply insufficient.

Please let me know what your client thinks of my client's attempt to meet and confer with him on the deposition date.

Regards,

Brett Gibbs



On Mon, Feb 27, 2012 at 1:00 PM, Michael C. Berch <mcb@hemispheres.pro> wrote:
> Re: Hard Drive Productions, Inc. v. John Doe, 4:11-cv-5634
>
> Dear Mr. Gibbs:
>
> My client is not available on March 2, 2012 to attend his deposition.  He further denies downloading the movie and does not know who downloaded the movie.  He will also lose substantial time from work should he be required to attend his deposition.  Please advise if you are agreeable to continuing his deposition to a date in which he is available or what you may need in lieu of his deposition to resolve this matter.
>
>
> Regards,
> --
> Michael C. Berch, Esq.
> Hemispheres Law Group
> 548 Market Street, #27340
> San Francisco, California 94104
> mcb@hemispheres.pro
> Tel. +1 415 894 5709
> Fax +1 415 795 1661
>
> This message is being sent from a law firm and may contain information which is confidential or privileged.



--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-341-5318
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

NOTICE:

This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.