Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Defendant, Hard Drive*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SETH ABRAHAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50,<br><br>        Defendants. | CASE NO.:  C 12-01006 JCS<br><br>**DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:     May 25, 2012<br>Time:    1:30 p.m.<br>Judge:   Hon. Joseph C. Spero<br>Courtroom: G, 15th Floor |

**DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff's opposition ("Opposition" or "Opp.") to Defendant's motion to dismiss the Amended Complaint fails to show a valid factual or legal basis justifying this case's existence. Plaintiff has failed to identify a single valid, or logical, reason why he is pursuing this law suit to seek a declaration that he did not infringe Hard Drive's copyright, when Hard Drive has not named him as the Defendant here, and all that he has been ordered to do is appear for a deposition regarding who used his Internet Protocol ("IP") address to download Defendant's copyrighted work, after he refused to respond to reasonable inquiries on the part of Plaintiff in its efforts to identify the Defendant here.  Abrahams failed to show for his deposition, thus defying a Court order and foregoing an opportunity to deny, under oath, that he infringed Hard Drive's copyright, in a far more economical manner than pursuing a separate lawsuit.  The Amended Complaint that he chose to file

is legally infirm because (i) he has not asserted facts that establish that venue is proper in this Court; (ii) there is no justiciable claim or controversy in this case, because Plaintiff has not named him as a defendant in any copyright infringement suit; and (iii) there is already another case pending in this District, *Hard Drive Productions, Inc. v. John Doe,* Case No. 11-CV-5634-PJH ("*Hard Drive II*"), involving substantially related factual and legal issues; Plaintiff could have sought to intervene in that case to seek the declaration he seeks here, which would have avoided the substantial delays and wastes of judicial resources that have thus far prevented Defendant from deposing him.

For the reasons set forth below, and in Defendant's opening brief, this Court should dismiss this action.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO SHOW THAT VENUE IS PROPER IN THIS DISTRICT.

Plaintiff has failed to plead facts sufficient to demonstrate that venue is proper in the Northern District of California, as required in governing statutory and case law. Plaintiff nevertheless argues that the Court should ignore its defective pleading relating to venue on the ground that, because Hard Drive previously filed two actions relating to infringement from Abraham's IP address in this District[1], it somehow acquiesced to being sued in the future in this District. That argument is utterly baseless, both legally and factually. Plaintiff has the obligation to allege facts demonstrating that venue is proper in this District, and it has failed to do so. The Court should therefore dismiss the Amended Complaint.

### A. Plaintiff Is Required, And Has Failed, To Allege Facts To Establish Proper Venue In This Judicial District.

In this case, Plaintiff seeks a declaration that he did not infringe upon Defendant's copyright. Section 1400(a) of the Federal Copyright Act is the sole venue statute for copyright infringement

---

[1] The two cases are *Hard Drive Productions, Inc. v. Does 1-118,* Case No. 11:cv-1567-LB ("*Hard Drive I*") and *Hard Drive II*. For ease of reference, this brief will refer to court filings in the case captioned above or "Dkt.," and court filings in the *Hard Drive I* and *II* cases as "*Hard Drive I* Dkt.____" and "*Hard Drive II* Dkt.____," respectively.

actions. 28 U.S.C. § 1400(a). That section requires that a civil suit under the Copyright Act must be brought in a judicial district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Section 1400(a) therefore requires that every defendant must be "found here" in order for venue to be proper in this Court. Venue will only be appropriate in this District if the Defendant resides in the Northern District of California, or if the Court determines that Defendant can be found in this District. *See Brayton Purcell LLP v. Recordon and Recordon, et al.* 606 F.3d 1124 (9th Cir. 2010).

### 1. Requirements For Establishing Proper Venue.

The Ninth Circuit recognizes a three-pronged test to determine whether a party has sufficient contacts to be found in this district. *Brayton Purcell,* 606 F.3d at 1128: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Id.*

The first prong is satisfied if the plaintiff establishes either purposeful availment or purposeful direction. *Id.* "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* Where, as here, the underlying action is for copyright infringement, it is an action sounding in tort. *Id.* The Court must therefore apply the three-part "*Calder*-effects" test, under which "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.,* citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (internal quotation marks omitted).

While Defendant arguably performed an "intentional act" by operating a website that can be accessed here (*see, e.g., Rio Props*., 284 F.3d at 1020 (operating a passive website was an intentional

act)); Plaintiff has not, and cannot, allege facts satisfying the second and third parts of the *Calder*-effects test. The second part requires that the defendant's conduct be expressly aimed at the forum. *See Pebble Beach*, 453 F.3d at 1156. "It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong." *Id.; citing Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction."); *Pebble Beach*, 453 F.3d at 1158 ("[W]e reject . . . any contention that a passive website constitutes express[ ] aiming.").

### 2. Plaintiff Has Failed To Allege Proper Venue.

Plaintiff has not alleged anything suggesting that venue is proper in the Northern District of California. While it claims that Hard Drive "purposefully directed its activities" towards this forum (Opp. at p. 4), it has failed to point to any valid ground to back that allegation up. Instead, Plaintiff rests its venue argument on the allegation in its Amended Complaint that Hard Drive "does business worldwide, including in the State of California, County of Alameda." Opp. at p. 5, citing its Amended Complaint, ECF No. 14, ¶3. That allegation falls vastly short of alleging Hard Drive's conduct is "aimed at th[is] forum." Under Plaintiff's formulation, any entity that does business in in the "world" is subject to being sued in this forum because it is part of the "world". That formulation has no basis under *Brayton Purcell* or anyplace else. And Abrahams includes no other allegations to suggest that Hard Drive committed an intentional act expressly aimed at California causing harm that it knows is likely to be suffered in this district.

Instead of alleging a valid basis for asserting that venue in this Court is proper, Plaintiff offers the defective argument that Hard Drive waived jurisdiction by "fil[ing] numerous copyright infringement lawsuits in this district, including its prior and present actions relating to Mr. Abrahams' IP address, and has readily available local counsel." (Opp. at p. 5.) In attempting that argument, Plaintiff betrays a profound misunderstanding of the difference between a "plaintiff" and a "defendant." It cites only a 1953 U.S. Supreme Court case (*Olberding v. Illinois Cent R.R. Co.*, 346 U.S. 338 (1953)) as its sole support that venue is proper, in which, Plaintiff unhelpfully points

out, an "Illinois corporation, by bring suit against Indiana resident in Kentucky …, waived its right to object to venue…" Opp. at p. 5. But Hard Drive is the *defendant* here, and Abrahams is the *plaintiff*. Hard Drive is the Defendant, it has not consented to Abrahams suing it in this district, and it is objecting to improper venue.

The fact that Hard Drive previously brought lawsuits in this venue, in which Abrahams was never a party, is not a valid ground to allege proper venue under either 28 U.S.C. § 1400(a), or *Brayton Purcell*. And it is not logical. Hard Drive alleged that venue was proper in this Court in *Hard Drive I* "pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because, on information and belief, Doe Defendants reside in this District, may be found in this District, and/or committed acts in this District giving rise to Plaintiff's claims." *Hard Drive I* Dkt #1 at ¶ 4. It alleged in *Hard Drive II* that "[v]enue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside in this district, may be found in this district, or a substantial part of the claims giving rise to this action occurred within this district." *Hard Drive II* Dkt #1 at ¶ 8

Plaintiff's argument is defective because, as set forth above, Plaintiff has the burden of pleading facts sufficient to show that the location and conduct of Defendant establishes venue in this District. The fact that Hard Drive filed prior lawsuits, none of which named Abrahams, in which venue was proper in this District has no bearing on whether venue is proper in this case, where Hard Drive is the Defendant. And the suggestion that Plaintiff can purport to "waive" Defendant's objections to venue by simply filing a complaint in his chosen venue is, of course, nonsense.

### B. There Is No Ground To Apply "Judicial Estoppel."

Plaintiff also argues that, by alleging that this Court was the proper venue for it to sue in *Hard Drive I* and *Hard Drive II*, Hard Drive should be "judicially estopped" from asserting that that Plaintiff has failed to allege that venue is proper in this court in this case. Plaintiff argues that "Hard Drive judicially admitted that the present action and Mr. Abrahams' case involves [sic] the same factual and legal issues;" that "all Doe defendants [in *Hard Drive I*] resided in this district, may be found in this district, and/or committed acts in this district giving rise to its claims … Hard Drive judicially admitted facts giving rise to support its claims to join all 118 Doe defendants [in *Hard Drive II*] in this district …

Hard Drive further notified the court that at issue in the case was whether it was the exclusive licensee of the adult pornographic work at issue." Opp. at pp. 5-6. That argument is factually and legally baseless.

### 1. No Basis To Assert Judicial Estoppel.

Judicial estoppel is generally a discretionary equitable doctrine that precludes a party from gaining an advantage by asserting one position in a court proceeding and later seeking an advantage by taking a completely different position later. A court's determination whether to invoke judicial estoppel is informed by several factors:

> (1) Whether a party adopts a position clearly inconsistent with its earlier position; (2) whether the court accepted the parties' earlier position; and (3) whether the party would gain an unfair advantage or impose an unfair detriment if the … party is not estopped."

*Williams v Boeing Co.,* 517 F.3d 1120, 1134 (9th Cir. 2008) (citing *New Hampshire v. Maine,* 532 U.S. 742, 750-51 (2001)).

Plaintiff offers no factual basis to assert that Hard Drive "judicially admitted" anything relevant with respect to venue in this case. First, the allegation that "Hard Drive conceded and judicially admitted that its present action and Mr. Abrahams' case involves [sic] the same factual and legal issues" (Opp. at p. 6) is irrelevant for purposes of determining the proper venue of his lawsuit. Second, Hard Drive has taken no position as to the residence of Abrahams in connection with this case, because it is not relevant for purposes of venue. "[A]n inconsistent factual or legal position is a threshold requirement to the doctrine" of judicial estoppel. *Klamath Siskiyou Wilderness Ctr. V. Boody,* 468 F.3d 549, 554 (9th Cir. 2006)(citation omitted). As set forth above, it is the residence and conduct of *Hard Drive* that is relevant for purposes of determining proper venue. The residence of Plaintiff is irrelevant for that purpose, and Hard Drive has taken no position as to his residence, much less a position contrary to what it alleged in other litigation. Plaintiff has thus failed to meet the threshold requirement for alleging judicial estoppel.

Plaintiff also fails to address, much less satisfy, the other two parts of the test for seeking judicial estoppel. The Court did not "accept" the position of Hard Drive in *Hard Drive I* or *Hard*

*Drive II.* Instead, in *Hard Drive I* the Court held that there was "[g]ood cause" to grant Hard Drive's applications to take discovery and that "early discovery furthers the interests of justice and poses little, if any, inconvenience to the subpoena recipients. (*Hard Drive I* Dkt. #8). In *Hard Drive II,* the Court allowed Hard Drive to depose Abrahams for purposes of identifying the proper John Doe defendant. *See Hard Drive II* Dkt. #9, 10.

The Court did not make factual or legal ruling of a contested issue in either case. In order for judicial estopppel to apply, a court has to rely upon inconsistent statements. *Masayesva v. Hale,* 118 F.3d 1331, 1382 (9th Cir. 1997). The Courts in both *Hard Drive I* and *Hard Drive II* made no factual findings based on Hard Drive's statements as to venue, it simply allowed Hard Drive to serve subpoenas to learn the identities of the Doe defendants. As such, Plaintiff has failed to show that a court "relied upon" or "accepted" statements by Hard Drive. And it cannot allege that Hard Drive will gain an unfair advantage, or impose an unfair detriment, if the Court does not estop it from challenging venue.

### 2. Plaintiff Lacks Standing To Request This Court To Grant A Motion To Intervene In Another Case.

Abrahams argues that this Court should grant him leave to intervene in *Hard Drive II* if it grants Hard Drive's motion to dismiss in this case. Opp. at p. 8.

While Abrahams cites an excerpt from Fed. R. Civ. P. 24(b)(1) regarding intervention in cases involving common questions of law or fact, he overlooks the fact that *Hard Drive II* is an entirely different case from this one. Abrahams does not have standing to ask the Judge presiding over this case, to enter an order on for the Judge presiding over *Hard Drive II*, to allow Abrahams to intervene in *Hard Drive II.* The Court in *Hard Drive II* is, of course, fully capable of determining who may or may not intervene in that case. And while Abraham may have the right, in the abstract, to intervene in *Hard Drive II,* Rule 24 requires him to do "[o]n timely motion." Fed. R. Civ. P. 24(a). Burying a request to intervene deeply within a verbose opposition to a motion to dismiss, filed in an entirely separately case, cannot under any circumstances be considered to be a proper

motion to intervene presented in a U.S. District Court. The Court should disregard and deny Abrahams' peculiar request to intervene in *Hard Drive II*.

## II. THERE IS NO CASE OR CONTROVERSY.

Plaintiff has also failed to rebut the plain fact that there is no case or controversy at issue in this litigation. Plaintiff asserts that he did not infringe upon Hard Drive's copyright. Defendant has not asserted any copyright claim against Plaintiff. The Court therefore has no jurisdiction to hear this case.

Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudicating of "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction … any court of the [United States], upon the filing of an appropriate pleading, may declare the rights and other legal relations of any related party seeking such declaration, whether or not further relief is or could be sought…." 28 U.S.C. § 2201(a). Article III requires that a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007) (citation omitted).

Plaintiff argues that there is a case or controversy here because counsel for Hard Drive initiated settlement discussions relating to *Hard Drive I;* asked him to preserve evidence; and extended an offer to forego deposing him in *Hard Drive II*, in a settlement in which he could avoid being deposed and settle possible claims against members of his household who may be the actual infringer. Opp. at pp. 8-10. None of that gives rise to a justiciable controversy.

Plaintiff's argument fails at the outset for what it tries to ignore: *neither party claims that Abrahams is the infringer.* Plaintiff alleged in his Amended Complaint that he is not the infringer. Hard Drive has not named Abrahams as a defendant in *Hard Drive I* or *II,* and at this point sought only to depose Abrahams to determine the identity of the defendant in *Hard Drive II*.

The most Plaintiff can claim is that Hard Drive notified Abrahams that copyright infringement occurred through his ISP account, offered to resolve potential liability through a settlement, and offered allow Abrahams to avoid being deposed through a settlement. Opp. at pp. 10-11. Plaintiff's turgid reference to settlement offers as "threats" (are fully unsubstantiated. Plaintiff could, and has, ended any possible "threat" he could have apprehended by simply responding "no" to the settlement offers. And Hard Drive has not named Abrahams as a defendant in any action. Plaintiff's suggestion that Defendant's request that he preserve all evidence relevant to the use of his IP address creates to a case or controversy is baseless. Indeed, it is commonplace for litigants to request preservation of evidence at the outset of litigation. And Defendant's offer to settle *Hard Drive II*, so that he could avoid being deposed and members of his household could avoid potential liability for infringement, also falls far short of establishing a judiciable claim or controversy.

Defendant's reasonable attempts to resolve its infringement claims far short of a "threat" to sue him for infringement. Faced with that obstacle, Defendant has misapplied and misstated the Federal Circuit Court of Appeals' decision in *SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372 (Fed. Cir. 2007) as holding that "a patent owner's statement that it had absolutely no plans to sue the declaratory relief plaintiff did not eliminate nor moot the justiciable controversy between the parties." Opp. at p. 16-17.

*SanDisk* is inapplicable and distinguishable, and cannot salvage Plaintiff's claim for declaratory judgment. Initially, the court in *SanDisk* expressly limited its ruling to claims relating to patent infringement. *SanDisk,* 480 F.3d at 1381 ("**We hold only** that where a **patentee** asserts rights under a **patent** based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights")(emphasis added). There are no patent issues in this case.

Furthermore, *SanDisk* does not suggest that there is a case or controversy here, because (i) Defendant has indicated that it will assert claims against an unidentified "John Doe," and has not sought to name Abrahams as a Defendant; and (ii) Abrahams does not "contend that [he] has the right to engage in" infringement of Defendant's copyright without license. *SanDisk* therefore offers no basis for Plaintiff to assert that there is a judiciable case or controversy in spite of Defendant's statements that it will not add Abrahams as a party.

The declaratory judgment defendant in *SanDisk* informed the plaintiff that it had "absolutely no plan to sue" the plaintiff. But it nevertheless believed that the plaintiff was infringing on its patent. *See Id.* at 1381. Aside from the defendant's verbal representation as to its then-current plan, there was no written suggestion that it would not elect to sue the plaintiff in the future. The court ruled that "We decline to hold that [defendant's] statement that [defendant] would not sue [plaintiff] eliminated the justiciable controversy caused by [defendant's] actions, because [defendant] has engaged in a course of conduct that shows a preparedness and willingness to enforce its patent rights. *Id.* While Abrahams alleges that Hard Drive's conduct "is no different from the patent owner in *SanDisk*" (Opp. at p. 12), its actions are starkly different because they do not involve a patent, and it has not engaged in the "course of conduct" that whole basis for the *SanDisk* court's ruling. There is simply no case or controversy at issue in this action.

### III. THE COURT SHOULD DISMISS THIS CASE BECAUSE IT INVOLVES THE SAME FACTUAL AND LEGAL ISSUES AS *HARD DRIVE II*.

Plaintiff argues that the "first to file doctrine" does not require dismissal of this action, based primarily on factual distinctions that it seeks to draw from cases cited in Defendant's Motion. Plaintiff also argues that Defendant should be "judicially estopped" from seeking application of the doctrine. Neither argument is valid.

Plaintiff's circular estoppel argument is based on the fact that that Defendants informed the court that this case was not be deemed to be related to *Hard Drive I*, because *Hard Drive I* involved different legal and factual issues than this one. Opp. p. 12-13. While Plaintiff accuses Defendant

of playing "fast and loose with the courts" by seeking application of the "first-filed doctrine," in reality, it is Plaintiff that is playing fast and loose with the courts by misstating Defendant's argument. The "first-filed" case Defendant referred to is *Hard Drive II,* not *Hard Drive I* as Plaintiff suggests. In *Hard Drive II,* Defendant identified Abrahams as the IP owner, and sought and obtained permission from the Court to take his deposition. *Hard Drive II* Dkt. #10. That order apparently led Plaintiff to file this suit, which for all practical purposes appears to be simply a way of avoiding having his deposition taken. Irrespective of the motive, it is clear that *Hard Drive II* and this case involve the same factual and legal issues: In its case, Hard Drive seeks to depose Abrahams for purposes of determining who used her IP address to download its copyrighted materials. In this case, Abrahams seeks a declaration that it did not infringe upon the Hard Drive copyright at issue in *Hard Drive II*. The cases clearly involve identical legal and factual issues.

Plaintiff's attempts to distinguish the cases Defendant cited in its Motion, based on inconsequential procedural and factual differences, also fails, because it has been recognized in this District as a doctrine of comity in which a district court may decline jurisdiction where a case presents the same parties and issues already pending elsewhere. *See, e.g., Mediostream, Inc. v. Priddis Music, Inc.,* No. 07-2127, 2007 U.S. Dist. LEXIS 73707, at *6 (N.D. Cal. Sept. 24, 2007) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 679 F.2d 93, 94-5 (9th Cir. 1982)). Courts may invoke that doctrine to transfer or stay an action when a similar complaint is already on file. *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991). The purposes of this doctrine include promoting judicial efficiency and the avoiding the risk of inconsistent outcomes. *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Courts generally consider three factors in applying the doctrine: (1) the chronology in which the two actions were filed; (2) the similarity of the parties; and (3) the factual similarities. *Greenline Industries v. Agri-ProcessInnovations, LLC*, No. 08-2438, 2008 U.S. Dist. LEXIS 60504, at *8 (N.D. Cal. July 28, 2008).

The salient facts, which Plaintiff unsuccessfully seeks to minimize, is that except for the relief requested, this case and *Hard Drive II* involve identical factual and legal issues, and involve

both Hard Drive and Abrahams. This Court should either dismiss or stay this case pending resolution of the first-filed *Hard Drive II* litigation.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, and for the reasons set forth in its Motion to Dismiss, Defendant Hard Drive Productions, Inc. respectfully requests that this Court grant its MOTIN TO DISMISS AMENDED COMPLAINT, and grant it any and all further relief that this Court deems to be reasonable and appropriate.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: May 4, 2012**

By:    /s/ Brett L. Gibbs
       Brett L. Gibbs, Esq. (SBN 251000)
       Of Counsel to Prenda Law Inc..
       38 Miller Avenue, #263
       Mill Valley, CA 94941
       415-325-5900
       blgibbs@wefightpiracy.com
       *Attorney for Defendant, Hard Drive*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 4, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS   C 12-01006 JCS