IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ABRAHAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARD DRIVE PRODUCTIONS, INC., et al.,<br><br>　　　　　Defendants. | Case No.: C-12-01006 JCS<br><br>**ORDER DENYING DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

## I.　　INTRODUCTION

Plaintiff Seth Abrahams ("Plaintiff" or "Abrahams") brings an action seeking declaratory relief based upon alleged conduct of Defendant Hard Drive Productions, Inc. ("Defendant" or "Hard Drive"). Plaintiff alleges that Defendant is harassing him to settle claims of purported infringement of Defendant's copyrighted work. Presently before the Court is Defendant's Motion to Dismiss Plaintiff Abrahams' First Amended Complaint ("Motion"). The Court finds that the Motion is suitable for disposition without oral argument pursuant to Local Rule 7–1(b). Accordingly, the

hearing on the Motion set for Friday, June 1, 2012, at 9:30 a.m. is VACATED. For the reasons stated below, the Motion is DENIED.[1]

## II. BACKGROUND

### A. Allegations in the First Amended Complaint

Plaintiff filed this action on February 28, 2012, and filed his First Amended Complaint ("FAC") on March 26, 2012. In the FAC, Plaintiff alleges that on March 31, 2011, Defendant filed a prior action, *Hard Drive Prods., Inc. v. Does 1-118*, Northern District Case No. 11-01567 LB, claiming that it owned the copyright to an adult video entitled "Amateur Allure—Samantha Saint," registered with the United States Copyright Office. FAC ¶¶ 15, 25. Defendant filed the suit against 118 "Doe" Defendants who allegedly downloaded the video from the internet. *Id.* ¶ 20. After filing the prior action, Defendant obtained subpoenas to identify the account holders of the IP addresses associated with the alleged illegal downloading, and Plaintiff's internet service provider released his name, address, and telephone number to Defendant as a result. *Id.* ¶¶ 31, 50.

Subsequently, Defendant transmitted a letter to Plaintiff that demanded that he settle the matter for $3,400. *Id.* ¶ 51. The letter notified Plaintiff that Defendant was going to name him in the suit if he did not settle the action, and that he was liable for copyright infringement by merely having an unsecured wireless network/router, even if he did not download the work, did not tell anyone else to download the work, and did not know anyone was using his internet connection to download it. *Id.* ¶¶ 53-54. The letter informed Plaintiff that he may be liable for statutory damages of up to $150,000. *Id.* ¶ 57.

After Defendant dismissed the prior action without prejudice, it filed a second copyright infringement action on November 21, 2011, against a single Doe defendant—*Hard Drive Prods., Inc. v. Doe*, Northern District Case No. 11-05634 PJH. *Id.* ¶¶ 64, 66. Although Plaintiff was not named in the second action, it appears Defendant contended that the Doe defendant used a specific IP address, and that the address belonged to Plaintiff. *Id.* ¶ 80. On October 19, 2011, Defendant sent another settlement letter to Plaintiff. *Id.* ¶ 74. Additionally, as late as January 11, 2012,

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1   Defendant represented to the public on the internet that Plaintiff was one of its agent's "Top 25
2   Pirates." *Id.* ¶ 77.  On January 6, 2012, Defendant sought a subpoena to take Plaintiff's deposition.
3   *Id.* ¶ 79.  Plaintiff notified Defendant that he did not download the work and he did not know who
4   downloaded the work; Defendant rejected these statements.  *Id.* ¶¶ 81-82.  Plaintiff thereafter filed
5   suit against Defendant.

6   Plaintiff seeks a declaration that he is not liable to Defendant for copyright infringement. *Id.*
7   ¶ 111.  Plaintiff alleges that Defendant's work is not copyrightable under Article 1, Section 8, Clause
8   8 of the United States Constitution because it is pornography, which is not a work that promotes the
9   progress of science and the useful arts.  *Id.* ¶ 112.  Additionally, Plaintiff contends that Defendant is
10  not entitled to statutory damages or attorney fees because the alleged infringement occurred more
11  than three months after the date of first publication (March 4, 2011), and before Defendant registered
12  the work with the Copyright Office (November, 18, 2011).

13  With respect to jurisdiction, Plaintiff alleges that he resides in Alameda County (and
14  therefore within the Northern District of California).  *Id.* ¶ 2.  Defendant is an Arizona corporation
15  with a principal "place of residence" in Maricopa County, and is doing business worldwide,
16  including in the State of California and Alameda County.  *Id.* ¶ 3.  Plaintiff alleges that the court has
17  personal jurisdiction over Hard Drive because Hard Drive submitted itself to the jurisdiction of this
18  court when it filed the underlying actions.  *Id.* ¶ 10.

19  Finally, as regards venue, Plaintiff alleges that, pursuant to 28 U.S.C. §1400(a), venue is
20  proper in the Northern District of California because Hard Drive's agent can be found here, it filed
21  the prior actions here, it has made threats and given notices of lawsuits and settlement demands to
22  Plaintiff in this district, and it is this conduct that created the controversy as to which she seeks
23  declaratory relief.  *Id.* ¶¶ 12-13.

24  **B.     The Motion**

25  In its Motion to Dismiss, Defendant argues that Plaintiff's FAC should be dismissed because
26  there is no case or controversy ripe for adjudication since Defendant has not alleged that Plaintiff has
27  infringed its copyright.  Motion at 7-8.  Further, Plaintiff has failed to allege facts showing that
28  venue in this Court is proper.  *Id.* at 4.  Defendant cites the three-part "Calder-effects" test, and

argues that its operating a website that can be accessed in this district does not satisfy the venue provision of the Federal Copyright Act, 28 U.S.C. § 1400(a). *Id.* at 5 (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)). Finally, Defendant argues that its action alleging copyright infringement concerns the same issues and was the first filed, making this later action duplicative and subject to dismissal. *Id.* at 8-9.

In response, Plaintiff contends that an actual case or controversy exists because Defendant, *inter alia*, has threatened to sue him if he does not pay Defendant its requested settlement cost. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition"), 9-12. Additionally, Plaintiff insists venue is proper and argues that Defendant fails to controvert the allegations in his FAC that demonstrate Defendant's harassment of Plaintiff in this district. Opposition at 5. Plaintiff also argues that Defendant waived venue by bringing suit in this district and Defendant should therefore be judicially estopped from arguing that venue is improper. *Id.* at 6-8. Finally, Plaintiff argues that Defendant's first-filed argument is erroneous and relies on inapposite authorities. *Id.* at 13.

## III. ANALYSIS

### A. Legal Standard[2]

#### 1. Rule 12(b)(3)

Failure to file in a proper venue may be raised by motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Facts supporting venue may be shown by declaration, affidavit, or other evidence. *Ziegler Chem. & Mineral Corp. v. Standard Oil Co.*, 32 F.R.D. 241, 243 (N.D. Cal. 1962). "Although the burden is on the plaintiff to demonstrate that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) ("*Brayton*") (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). "Additionally, 'uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties'

---

[2] Although Defendant does not specifically state, the Court presumes that the motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

4

affidavits must be resolved in [plaintiff's] favor.'" *Id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)). The Court has broad discretion in resolving any disputed issues of fact. *Ziegler*, 32 F.R.D. at 243.

### 2. Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id.* at 555. However, a complaint does not need detailed factual allegations to survive dismissal. *Id.* Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id.* at 570. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id.* at 557 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2)). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Whether the FAC Establishes a Case or Controversy

### 1. Legal Standard

The purpose underlying the availability of declaratory relief in the federal courts is "to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure-or never." *Societe de Conditionnement v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981). The facts alleged must still establish a case

or controversy; that is, the facts must show that under all the circumstances of the case, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 942 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

An action seeking a declaration that plaintiff is not infringing on a copyright presents a case or controversy where there is a "real and reasonable apprehension" that plaintiff may be subject to liability. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("reasonable apprehension" shown where lawyer threatened infringement suit at a meeting, wrote a letter threatening "additional proceedings or litigation" and told counsel for the other party that he would not give up his client's right to damages). If a party has threatened another with suit, there is generally a substantial and immediate controversy. *Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 705 (9th Cir. 1957). Indeed, even where a party has stated that it has no plans to sue for infringement, if its course of conduct demonstrates a preparedness and willingness to enforce its rights otherwise, a case or controversy exists. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1382-83 (Fed. Cir. 2007) (finding case or controversy established in claim for declaratory relief regarding patent infringement); *cf. Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1123 (N.D. Cal. 2007) (Illston, J.) (no case or controversy where written covenant not to sue filed concurrently with the dismissal of claims).

### 2. Application of Law to Facts

Although not discussed by either party, this Court finds a recent case in this district, *Wong v. Hard Drive Prods., Inc.*, 2012 U.S. Dist. LEXIS 52551 (N.D. Cal. Apr. 13, 2012) (Gonzalez Rogers, J.), to be highly analogous to the present dispute. *Wong*, arising out of the same series of litigations brought by Hard Drive against numerous Doe defendants, rejected Defendant's attempt to dismiss plaintiff Liuxia Wong's declaratory judgment action. 2012 U.S. Dist. LEXIS 52551, at *18. Like Plaintiff, Wong's IP address was identified as the address used to download Defendant's copyrighted material, and Defendant sent Wong similar letters seeking a settlement payment and alleging liability based on the ownership of the IP address. *Id.* at *10-12.

The *Wong* Court's summary of Defendant's actions in regards to Wong is equally applicable to its interactions with Abrahams. As in *Wong*, "counsel for Hard Drive: (1) filed its original action alleging that several Doe defendants illegally downloaded its copyrighted video; (2) threatened to name [Abrahams] in that prior action; (3) demanded a settlement from [Abrahams] in order to release [him] from liability on those claims; (4) dismissed the multi-party action and immediately filed a new, nearly identical action against a single Doe, specifically identifying [Abrahams'] IP address as the address used to download the video; and (5) again demanded a settlement amount from [Abrahams]." *Id.* at *10. Defendant also sent the same letter and three-page legal memorandum to Abrahams as it did to Wong (who were both *in pro per* when they received the documents). The memorandum stated in detail Defendant's position that "[b]ased on an extensive review of applicable case law and secondary materials" any defense that the wireless network owner was not aware of the copyright infringement would fail. FAC at Ex. B. The letter demanded a settlement and included a blank form release and payment authorization. FAC at Ex. A, 6-7. The import of the letter and memorandum were that "[Abrahams] could be held liable, regardless of whether [he] was the 'actual infringer' or whether the 'actual infringer' used [his] internet connection without [his] knowledge." *Wong*, 2012 U.S. Dist. LEXIS 52551, at *10-11.

In connection with Defendant's second action against a "Doe" defendant, Hard Drive sent Plaintiff's lawyer an "Informal Settlement Letter," which stated:

> The purpose of this letter is to request a conference with you to discuss possible settlement of the copyright infringement relating to [Abrahams]. We feel like this would be a great opportunity to come to a mutually beneficial agreement and avoid the expense and time of further litigation.

FAC at Ex. C. The letter clearly implies that Abrahams himself is liable and settlement will release him from liability.

Like in *Wong*, Defendant's contentions in its Motion that it is not seeking to hold Plaintiff liable in the underlying action are all couched in qualifying "not now" and "not likely" language. Counsel's declaration in support of the Motion states only that he told Plaintiff's counsel that Defendant "does not necessarily believe that your client, Seth Abrahams, is definitely the ultimate infringer in this case[,]" and that they were "anxious" to depose Plaintiff "to understand whether

7

your client . . . knows, may know, or reasonable [sic] should know who the infringer of our client's works may have been – whether that infringer happens to be your client or another individual." Declaration of Brett L. Gibbs in Support of Defendant's Motion to Dismiss ("Gibbs Decl."), ¶ 4. There is no statement anywhere in the record withdrawing its argument, made abundantly clear in connection with its prior settlement demands, that Abrahams would be vicariously liable even if the downloading had taken place without his knowledge on his internet connection. Despite its suggestions to the contrary, Defendant, as it failed to do in *Wong*, has not pointed to any written agreement not to seek to hold Plaintiff liable for infringement. *See* 2012 U.S. Dist. LEXIS 52551, at *12.

Based upon nearly identical allegations and evidence, the *Wong* Court concluded that plaintiff had alleged a real and reasonable apprehension that Hard Drive may seek to hold her liable for the alleged copyright infringement. *See id.* The Court here finds the same in regards to Abrahams. Because the FAC alleges a viable claim for declaratory relief, the Motion to Dismiss for failure to state a claim is DENIED.

**C.     Whether Venue is Proper**

    **1.     Background Law**

Venue for a claim under the Copyright Act is governed not by the general venue statutes, but by 28 U.S.C. §1400(a). The parties stipulate that this is the applicable statute for venue purposes here.[3] Section 1400(a) provides that actions "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. §1400(a). The statute has been interpreted to mean that venue is proper as to a corporate defendant in any judicial district in which personal jurisdiction

---

[3] The parties in *Wong* were also in agreement on this issue, prompting the Court to "note[] that the claims here are for declaratory relief, not direct claims under the Copyright Act. However, as both parties assume in their motions that venue would be governed by the venue statute applicable to Copyright Act claims, and the result would appear to be the same regardless, the Court analyzes the venue question based upon 28 U.S.C. § 1400(a)." 2012 U.S. Dist. LEXIS 52551, at *13 n.3. This Court agrees and proceeds under the same analysis.

would be proper if such judicial district were treated like a separate state. *See Brayton*, 606 F.3d 1124, 1126.

With respect to specific jurisdiction, the Ninth Circuit has established a three-prong test for analyzing whether there are sufficient contacts to establish specific personal jurisdiction: 1) the defendant must purposefully direct activity or a transaction within the forum or with a forum resident, or must purposefully avail himself of the privilege of conducting activity within the forum; 2) the claim must arise out of or relate to the forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice. *Brayton*, 606 F.3d at 1128. Purposeful direction may be shown by the defendant committing an intentional act, which is expressly aimed at the forum, and which causes harm that is suffered in, or that the defendant knows will likely be suffered in, the forum. *Id.* (citing *Calder v. Jones*, 465 U.S. 783 (1983)).

### 2. Application of Law to Facts

First, the Court notes that Defendant, as in *Wong*, does not dispute that the Court has personal jurisdiction over it, nor does Defendant present any facts to show that personal jurisdiction in the Northern District would be improper. *See* 2012 U.S. Dist. LEXIS 52551, at *15 (citing *Palmer v. Braun*, 376 F.3d 1254 (11th Cir. 2004) (since defendant consented to personal jurisdiction by appearing before court without contesting jurisdiction, he was found in district for venue purposes)).

Second, the allegations here are that Defendant initiated litigation, in the Northern District, in which Plaintiff has potential liability. Defendant's argument that it has not named Plaintiff and does not think he is likely to be the actual infringer "rings hollow in the face of its settlement demands and communications to [Abrahams]" made in the Northern District. *Wong*, 2012 U.S. Dist. LEXIS 52551, at *16. As in *Wong*, the allegations here are sufficient to establish that Defendant's conduct creates a reasonable apprehension that it will try to hold Plaintiff liable for copyright infringement in this forum as alleged in the underlying action.[4] *See id.* Defendant sued for copyright infringement

---

[4] Additionally, it would appear to be reasonable to consider counsel in the underlying actions to be the "agents" of Defendant for purposes of the claims here, and that those agents "reside or may be found" in the Northern District for purposes of 28 U.S.C. § 1400(a). *See* FAC at Exs. A, B, C, D; and Gibbs Decl. at 2:21-23; *see also Wong*, 2012 U.S. Dist. LEXIS 52551, at *16 n.5.

1    in this district twice, threatening to hold Plaintiff liable for that infringement throughout the
2    litigation. "[I]t is plain that the actions that gave rise to the complaint demonstrate that Hard Drive
3    purposefully directed activity within the forum, that the claim here arises out of that activity, and that
4    venue in the Northern District of California will comport with fair play and substantial justice." *Id.*
5    at *17 (citing *Brayton*, 606 F.3d at 1128). Accordingly, the Motion to Dismiss for improper venue is
6    DENIED.[5]

        **D.     Whether the FAC Should be Dismissed as Duplicative, Later-Filed Action**

             **1.     Background Law**

The "first to file" rule was developed to "'serve the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The rule allows a district court to dismiss, transfer, or stay an action when a similar complaint has been filed in another federal court. *Id.* at 623. Courts look to three threshold factors in applying this rule: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. *Id.* at 625-26; *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). "Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are substantially similar." *Alioto v. Hoiles*, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004) (Hamilton, J.) (applying first to file rule where both parties in the second action were named parties in the first action, though not all parties in the first action were named in the second action); *see also Aria Diagnostics, Inc. v. Sequenom, Inc.*, 2012 WL 761706, at *3 (N.D. Cal. Mar. 7, 2012) (Illston, J.). "Of course, if the issues or parties involved in the two suits were not the same, adherence to the first-to-file rule *would* be reversible error for it would constitute a misapplication of the law." *Alltrade*, 946 F.2d at 628 n.13 (emphasis original).

Even if the threshold factors of the first to file rule are met, however, wise judicial administration does not dictate a rigid mechanical solution of such problems. *Alltrade*, 946 F.2d at

---

[5] Plaintiff offers several arguments in his Opposition, including that Defendant's election to file its complaints in the Northern District constitutes a waiver to any objection to the forum, or that Defendant is judicially stopped from arguing that venue is improper. However, the Court need not reach these arguments since it finds that Defendant's Motion fails for other reasons.

627-28. District courts can exercise their discretion and dispense with the rule for equitable reasons, which include bad faith, anticipatory suit, and forum shopping. *Id.* at 626-28; *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (Whyte, J.). Courts can also look to the respective convenience of the courts and parties in deciding whether to apply the first-to-file rule. *See id.* at 628; *see also Aria Diagnostics*, 2012 WL 761706, at *3-4.

### 2. Application of Law to Facts

Defendant moves to dismiss the instant action on the grounds that the action, *Hard Drive Prods., Inc. v. John Doe*, Case No. 11-C-05634 PJH, is already pending and was filed first. Defendant argues that, because the instant case involves substantially the same parties and the same issues as the first-filed action, the later-filed case should be dismissed as duplicative.

The Court, however, declines to apply the rule here because it cannot conclude that the parties in the two actions are "substantially similar." *Alioto*, 2004 WL 2326367, at *5. Although Hard Drive is a party in both actions, Hard Drive has not named Abrahams as a party in the first action.[6] Defendant has cited to no case, and the Court is aware of none, supporting the proposition that Defendant's presence in both actions *alone* satisfies the requirement that the parties be substantially similar. Additionally, the only connection Defendant alleges between the John Doe named in the first-filed action and Abrahams—that the John Doe used Abrahams' IP address to download the copyrighted material—does not persuade this Court that any similarity between the parties is sufficient to warrant application of the rule.[7] *See id.*; *Alltrade*, 946 F.2d at 628 n.13. Accordingly, Defendant's Motion to Dismiss based on the first to file rule is DENIED.

---

[6] Of Course, should that situation change, the first to file rule would come into play.

[7] The Court notes a line of cases, inapplicable here, holding that the absence of identical representative plaintiffs in two actions, where both plaintiffs allege similar claims against a common defendant, does not preclude a finding that the parties are substantially similar. *See, e.g.*, *Alakozai v. Chase Inv. Servs. Corp.*, 2012 WL 748584, at *6 (C.D. Cal. Mar. 1, 2012); *Medlock v. HMS Host USA, Inc.*, 2010 U.S. Dist. LEXIS 133143, at *10-12 (E.D. Cal. Dec. 16, 2010); *Jeske v. Cal. Dept. of Corrs. & Rehabs.*, 2012 WL 1130639, at *6-7 (E.D. Cal. Mar. 30, 2012). These cases, however, all involved a representative plaintiff in the second-filed action that qualified as a class member in the first-filed action. That situation is clearly not present here.

Additionally, because the Court finds that Defendant's Motion fails for other reasons, it declines to address Plaintiff's argument that the first to file rule requires that the first-filed action be filed in *another* district. *Compare Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-5 (9th Cir. 1982) ("There is a generally recognized doctrine of federal comity which permits a district court

## IV. CONCLUSION

For the reasons stated above, the Motion is DENIED.

IT IS SO ORDERED.

Dated: May 30, 2012

_____

JOSEPH C. SPERO

United States Magistrate Judge

---

to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in *another district*.") (emphasis added) *with Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (holding that the purpose of the first to file rule can be served by applying the rule "where related cases are pending before two judges in the same district"), *and Olin Corp. et al. v. Cont'l Cas. Co.*, 2011 WL 1337407, *2 (D. Nev. Apr. 6, 2011) (expressing conditional approval of the rule's application where the actions at issue are pending before different judges in the same district court).

12