```
Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:    (415) 788-1900
Fax:    (415) 393-8087

Attorneys for Plaintiff
SETH ABRAHAMS


Brett L. Gibbs - 251000
blgibbs@wefightpiracy.com
PRENDA LAW INC.
38 Miller Avenue, #263
Mill Valley, CA  94941
Tel:    (415) 325-5900

Attorneys for Defendant
HARD DRIVE PRODUCTIONS, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ABRAHAMS,<br><br>    Plaintiff,<br><br>v.<br><br>HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50,<br><br>    Defendants. | Case No.:  C 12-01006 JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER**<br><br>Date:         June 15, 2012<br>Time:        1:30 p.m.<br>Judge:       Hon. Joseph C. Spero<br>Courtroom: G, 15th Floor<br>File Date:   February 27, 2012<br>Trial Date:  None |

      Plaintiff Seth Abrahams and defendant Hard Drive Productions, Inc. (hereafter "Hard Drive") submit this joint case management statement per the court's Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rules 16-3 and 16-9.

**1.    Jurisdiction & Service**
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

      Mr. Abrahams: Declaratory Judgment Act codified at 28 U.S.C. sections 2201 and 2202 for non-infringement of Hard Drive's copyright and challenge to the noncopyrightability of the work per

28 U.S.C. sections 1331 and 1338. Mr. Abrahams, as the declaratory judgment plaintiff, but who for all intents and purposes is actually the defendant, has submitted facts and law in his opposition to Hard Drive's motion to dismiss to support that jurisdiction and venue in this district is proper. (See also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc. (9th Cir. 2000) 223 F.3d 1082, 1086-1088—in action brought by declaratory judgment plaintiff, specific jurisdiction exists over out-of-state defendant who expressly aimed its conduct to the California plaintiff by sending one letter.)

Hard Drive: Plaintiff Seth Abrahams (hereinafter "Plaintiff" or "Abrahams") outlines its basis for jurisdiction in this case in his First Amended Complaint. (ECF No. 14.) Defendant reserves the right to challenge Plaintiff's jurisdictional claims.

**2. Facts**
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Mr. Abrahams: From March 31, 2011 to the present, Hard Drive has made threats, provided notices and demanded settlements from him, and filed lawsuits within this district claiming that Mr. Abrahams is liable for infringement of the purported copyright for the adult pornographic work of Amateur Allure Samantha Saint. Mr. Abrahams has denied these allegations. Based on all of these facts, he now seeks declaratory relief requesting a judgment that he is not liable for infringement of this work, and that Hard Drive's work is not copyrightable.

Hard Drive: In a separate case, Hard Drive brought a John Doe lawsuit alleging infringement. (*See Hard Drive Productions, Inc. v. John Doe*, 4:11-cv-05634 PJH, hereinafter referred to as "*Hard Drive I.*") In that lawsuit, Hard Drive identified Abrahams as the IP account holder whose IP address was used to infringe on Plaintiff's copyrighted works. Nothing more. Abrahams was never named or served in that suit. In *Hard Drive I*, Hard Drive applied for, and received, an order from the Court to allow Hard Drive to depose Abrahams because Abrahams, as the IP address account holder, was the *only* individual known to Plaintiff to that could have information that could allow Hard Drive to name and serve the John Doe defendant in that case. After contacting his attorney about setting up that deposition, Abrahams brought this superfluous action.

Plaintiff now brings his Amended Complaint in this matter "seeking declaratory relief based upon the continuing improper conduct of defendants." (ECF No. 14 at pg. 1, hereinafter "*Hard Drive II*".) Plaintiff primarily seeks, among other things, "an order declaring that plaintiff is not liable to Hard Drive for copyright infringement, and/or has not infringed Hard Drive's copyrights, if any." (ECF No 14 at ¶ 111.) Ironically, Defendant has never stated that Plaintiff was the infringer of its copyrighted works. Yet, Abrahams still brings this case to proclaim his alleged innocence while also making some outlandish allegations.

**3. Legal Issues**
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Mr. Abrahams: He is not liable for direct infringement as he has not violated any of Hard Drive's exclusive rights by not downloading the work. (17 U.S.C. §§ 106 & 501.) He is also not vicariously liable for contributory infringement as he did not tell anyone else to download the work, and did not know anyone was using his equipment to download the work, or that the download was even occurring, and did not distribute any device with the object of promoting its use to infringe a copyright. (Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd. (2005) 545 U.S. 913, 930, 936-937 & 940; and A&M Records, Inc. v. Napster, Inc. (9th Cir. 2001) 239 F.3d 1004, 1022.)

To be entitled to a copyright, the work must "promote the Progress of Science … by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries[.]" (Const. Art. I § 8, cl. 8.) Early Circuit law in California held that works which did not promote the progress of science cannot be protected by copyright. (Martinetti v. Maguire (C.C.Cal. 1867) 16 F.Cas. 920, 922; and Broder v. Zeno Mauvais Music Co. (C.C.Cal. 1898) 88 F.74, 78.)

Horizontal Stare Decisis or Circuit law binds all courts within a particular circuit, including the court of appeals itself. (Hart v. Massanari (9th Cir. 2001) 266 F.3d 1155, 1171—"[T]he first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals…. Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court" or "unless Congress changes the law.") Subsequent non-en banc decisions by the Ninth Circuit failed to mention, address, or follow this prior binding decision circuit in California. (See Belcher v. Tarbox (9th Cir. 1973) 486 F.2d 1087.) Given the absence of any subsequent en-banc Ninth Circuit decisions, Supreme Court precedent, or changes in the Constitution that copyright is authorized for works which does not promote the progress of science, the subsequent Ninth Circuit decisions are void and do not constitute binding precedent. Under analogous law from patent cases, the Supreme Court held that "The patentee, like these other holders of an exclusive privilege [i.e., trademark and copyright holders] granted in the furtherance of a public policy, may not claim protection of his grant by the courts where it is being used to subvert that policy." (Morton Salt Co. v. G.S. Suppiger Co. (1942) 314 U.S. 488, 494.)

Hard Drive: Everything is disputed. At this juncture, in light of the Court's denial of Defendant's motion to quash Plaintiff's Amended Complaint, the facts will bear out as they will as to Abrahams' liability. Defendant believes that Plaintiff's other allegations and claims are invalid, and only placed in the Amended Complaint in a weak attempt to gain settlement bargaining leverage. For instance, his claims that Hard Drive's "work is not copyrightable" because of its pornographic content is ludicrous—in challenging clear Ninth Circuit and Supreme Court precedent in this case, Plaintiff is wasting everyone's time and money. (*See* ECF No. 14 at ¶¶ 84-96.)

**4. Motions**
*All prior and pending motions, their current status, and any anticipated motions.*

Mr. Abrahams: On May 3, 2012, the court issued an order finding that this case, and case numbers C 11-01567 LB and C 11-05634 PJH are not related.

On May 30, 2012, the court denied Hard Drive's motion to dismiss his first amended complaint.

He anticipates bringing a motion for leave to file a second amended complaint alleging two new causes of action for breach of implied license/contract and/or for promissory estoppel, and a cause of action for cancellation of Hard Drive's copyright registration (distinct from the copyright itself), and/or to hold that such registration is invalid and for permanent injunctive relief thereto, including an order to Hard Drive to cancel its registration. Mr. Abrahams met and conferred with Hard Drive to determine if it would stipulate to him filing a second amended complaint. Hard Drive would not stipulate.

Mr. Abrahams is currently meeting and conferring with Hard Drive. He is requesting that Hard Drive stipulate to a protective order regarding the release and use of his videotaped only deposition, either directly or indirectly, to persons other than the court, the parties, and their counsel of record, and for purposes of this litigation only. The authority for his requested order is Fed. R. Civ. P. 26(c)(1)(F) and 32(a)(1) & (c), and Paisley Park Enterprises, Inc. v. Uptown Productions (S.D.N.Y. 1999) 54 F.Supp.2d 347, 349.) On May 14, 2012, he requested Hard Drive stipulate to the above described protection using the court's form of protective order. Having received no response by May 30th, he notified Hard Drive requesting an in person meet and confer set for June 13 pursuant to the court's standing order. Since then, Hard Drive acknowledged receipt of the in person meet and confer, but has yet to provide a response regarding whether it would stipulate or not.

He also anticipates bringing a motion for summary judgment, or for partial summary judgment on the causes of action stated within his complaint and forthcoming second amended complaint.

Hard Drive: Plaintiff moved, in a separate matter, to relate three cases: Hard Drive Productions, Inc. v. Does 1-118, 4:11-cv-1567 (LB), *Hard Drive I*, and *Hard Drive II*. On May 3, 2012, Judge Laurel Beeler declined to relate the cases.

On May 30, 2012, the Court denied Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 20.)

Defendant intends to answer the Amended Complaint in light of the Court's order.

At this time, Defendant does not anticipate bringing any motions in the near future.

**5.  Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Mr. Abrahams:  He plans to file a motion for leave to file and serve a second amended complaint as stated in paragraph 4 before the end of June 2012.

Hard Drive:  Defendant intends to answer the Amended Complaint in light of the Court's order. (ECF No. 20.)

**6.  Evidence Preservation**

*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

Mr. Abrahams:  He is still in possession of his hard drives, and documents received from Hard Drive.

Hard Drive:  Defendant has retained evidence relevant to the allegations in this matter and *Hard Drive I*.

**7.  Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Mr. Abrahams:  He will fully and timely comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(C) within 14 days after the court's case management conference on June 29, 2012.

Hard Drive:  Defendant anticipates that it will comply with the initial disclosure requirements.

**8.  Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

Mr. Abrahams: His deposition in this case, and in case number C 11-05634 PJH was taken and concluded on May 1, 2012.  He plans to take the depositions of Hard Drive's persons most knowledgeable on the categories of:  (1) the specifics of the work, including the creation, the hiring, etc.; and (2) the IP tracking software used in the case, and the operators of it, including but not limited to all communications and instructions transmitted to or received from Hard Drive.  He also plans to propound written discovery to support his forthcoming dispositive motion.

Hard Drive: Abrahams' deposition in this case was taken on May 1, 2012.  Defendant anticipates the use of written interrogatories and depositions of third parties, including those suspected of sharing Defendant's copyrighted video through BitTorrent, to investigate and support its defense in this case.

///

///

**9. Class Actions**
*If a class action, a proposal for how and when the class will be certified.*

Mr. Abrahams: This case is presently not a class action.

Hard Drive: Not applicable.

**10. Related Cases**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Mr. Abrahams: On May 3, 2012, the court issued an order finding that this case, and case numbers C 11-01567 LB and C 11-05634 PJH are not related.

Hard Drive: Not applicable.

**11. Relief**
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Mr. Abrahams: Seeks declaratory relief that: (1) he is not liable to Hard Drive for copyright infringement, and/or has not infringed Hard Drive's copyrights, if any; (2) Hard Drive's work is not copyrightable and/or to strike its copyright registration (to be pled in the second amended complaint) as the work does not promote the progress of science and the useful arts as required by the U.S. Constitution, including but not limited to the fact that the work is obscene, was created by unlawful conduct, and depicts unlawful activity, and that Hard Drive, its owners, agents, and/or employees have engaged in unlawful activity and/or conduct such as pimping, pandering, solicitation, and prostitution, including conspiracy to commit such acts; (3) Hard Drive has not mitigated damages, including but not limited to being based upon the doctrines of estoppel and laches, and due to its failure to issue Digital Millennium Copyright Act (D.M.C.A.) take down notices or to sue the BitTorrent trackers; (4) Hard Drive is not entitled to recover statutory damages and attorneys' fees; (5) no infringement has occurred given that Hard Drive had authorized its work to be distributed by its non-California unlicensed private investigators, who are in violation of California Business and Professions Code sections 7520 and 7521, while they were distributing and participating in the distribution of the work, and/or that Hard Drive is guilty of unclean hands due to such conduct; (6) Hard Drive, its agents, and/or employees have unlawfully and improperly demanded settlements not supported by facts and law which constitute copyright misuse; and (7) for all recoverable costs.

Hard Drive: Defendant will state a claim for relief, if necessary, in any counterclaim it chooses to make. At the very least, Defendant intends to recover its fees and costs accrued in this unnecessary suit, and defend its copyright.

**12. Settlement and ADR**
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Mr. Abrahams: Mr. Abrahams has served two Fed. R. Civ. P. 68 offers to Hard Drive. On June 30, 2011, Hard Drive demanded a settlement of $3,400, but has made no other settlement offers. On June 4, 2012, the parties filed a joint stipulation agreeing to an early neutral evaluation.

Hard Drive: Abrahams has in fact served two Fed. R. Civ. P. 68 offers to Defendant. First, such an offer made by a *plaintiff* shows how unfamiliar Abrahams' attorney is with the federal rules,

and how he is simply wasting everyone's time and money in this case. Second, and relatedly, those offers to Defendant emphasized attorney's fees above all else, and, in turn, divulging Abrahams' attorney's motives in this case (something that was admitted at his deposition). Clearly, Abrahams' attorney is trying to run up a large bill on his client through pointless efforts in the hope that, somehow, he will be able to recover such from Defendant. Either way, Abrahams' attorney's law firm gets paid, and very likely Abrahams will be footing the entirety of the outrageous bill.

On June 4, 2012, the parties filed a joint stipulation agreeing to an early neutral evaluation.

**13. Consent to Magistrate Judge For All Purposes**
*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

Mr. Abrahams: He has consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Hard Drive: Defendant has consented to proceed before Magistrate Judge Joseph C. Spero.

**14. Other References**
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Mr. Abrahams: This case is unsuitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Hard Drive: Not applicable.

**15. Narrowing of Issues**
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Mr. Abrahams: Mr. Abrahams is agreeable to stipulating that Hard Drive's work is not copyrightable, and that he is not liable for infringement. Otherwise, given the estimated 2 to 3 full days of trial, he believes that no other issues can be narrowed to expedite trial. Moreover, he anticipates that most of the causes of action can be resolved on summary judgment.

Hard Drive: Defendant was willing to narrow the issues in this case, and cut out the irrelevant and unproductive jargon that seems to dominate the Amended Complaint. However, Abrahams' proposals to date on such issues are not agreeable. Defendant projects that this case will take 2 full trial days to complete.

**16. Expedited Trial Procedure**
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Mr. Abrahams: This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A given the discovery necessary to prove his case. As such, he is not agreeable to an expedited trial procedure.

Hard Drive: Not applicable.

///

**17. Scheduling**
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| | | |
|---|---|---|
| Mr. Abrahams: | Last day to join parties/ amend complaint: | July 27, 2012 |
| | Non-expert discovery cutoff: | June 28, 2013 |
| | Opening expert disclosure: | July 19, 2013 |
| | Rebuttal expert disclosure: | August 8, 2013 |
| | Expert discovery cutoff: | August 28, 2013 |
| | Last day to hear dispositive motions: | September 27, 2013 |
| | Joint pretrial conference Statement due: | November 15, 2013 |
| | Pretrial conference: | November 29, 2013 |
| | Trial: | December 16, 2013 |

Hard Drive: Since Plaintiff was not agreeable to an expedited schedule pursuant to General Order 64, Defendant agrees to Plaintiff's proposed timeline.

**18. Trial**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Mr. Abrahams: Jury trial with expected length of two to three full court days.

Hard Drive: Jury trial with expected length of two full days.

**19. Disclosure of Non-party Interested Entities or Persons**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Mr. Abrahams: He complied with Civil L.R. 3-16 by filing his certification on March 6, 2012. It is his position that Hard Drive has not complied with Civil L.R. 3-16(b) by purposefully limiting and qualifying its disclosure to only state that Hard Drive does not have a parent corporation that owns 10% or more of its stock, and that there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that may have a personal or affiliated financial interest in the subject matter or controversy.

So that the Judges of this Court may evaluate any need for disqualification or recusal early in the course of any case, each party to any civil proceeding must file pursuant to Local Rule 3-16(b)(1) a certification disclosing "any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (**of any kind**) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of

the proceeding. Hard Drive has failed to comply with Local Rule 3-16(b)(1) by purposefully limiting its disclosure on

<u>Hard Drive</u>: Defendant disagrees with Abrahams' position (as described above) on this matter.

**20.** **Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

<u>Mr. Abrahams</u>: He is unaware of such other matters that may facilitate the just, speedy and inexpensive disposition of this matter

<u>Hard Drive</u>: None.

DATED: June 7, 2012

MURPHY, PEARSON, BRADLEY & FEENEY

/s/ Steven W. Yuen

By _____
Steven W. Yuen
Attorneys for Plaintiff
SETH ABRAHAMS

DATED: June 7, 2012

PRENDA LAW INC.

/s/ Brett L. Gibbs

By _____
Brett L. Gibbs, Of Counsel to Prenda Law, Inc.
Attorneys for Defendant
HARD DRIVE PRODUCTIONS, INC.

SWY.20420400.doc

JOINT CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER
C 12-01006 JCS – PAGE 8

**CERTIFICATE OF SERVICE**

I, Shannon R. Young, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On June 7, 2012, I served the following document(s) on the parties in the within action:

**JOINT CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER**

|  |  |
|---|---|
|  | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|  | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|  | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|  | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                                        Attorneys For Defendant
Prenda Law Inc.                                                   HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA 94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 7, 2012.

                                            /s/ Shannon R. Young
                              By _____
                                          Shannon R. Young