Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ABRAHAMS, | Case No. C 12-01006 JCS |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMEMNDED COMPLAINT** |
| HARD DRIVE PRODUCTIONS, INC., et al., | |
| Defendants. | |

### DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

### I. INTRODUCTION

1.     This is a civil action seeking declaratory relief based upon the improper past and continuing conduct of defendants Hard Drive Productions, Inc.  (hereafter "Hard Drive")  and Does 1-50 in harassing plaintiff and others like him to settle baseless and unfounded claims of purported infringement of Hard Drive's purported copyrighted works.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

### II. PARTIES

2.     Plaintiff Seth Abrahams is an individual over the age of 18 residing in the County of Alameda, California.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.     Plaintiff is informed and believes, and thereon alleges that Hard Drive is an Arizona Corporation whose principal place of residence is in Maricopa County, and which does business worldwide including in the State of California, Counties of Alameda.

**ANSWER:** Defendant admits that it is a corporation organized and existing under the laws of the State of Arizona, with a principal place of business in Phoenix Arizona. Defendant admits that its products are available for purchase over the Internet, including in the State of California and the counties referenced in Paragraph 3 of Plaintiff's Amended Complaint. Defendant denies that it conducts business in the State of California, as that term is defined in the California statutes.

4.     The true names and capacities of defendants named as Does 1 through 50 are presently unknown to plaintiff.

**ANSWER:** Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, and therefore denies the same.

5.     Plaintiff will amend this complaint setting forth the true names and capacities of these fictitious defendants when they are ascertained.

**ANSWER:** Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, and therefore denies the same.

6.     Plaintiff is informed and believes, and thereon alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.

7.     Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each defendant, whether named or fictitious, was the alter ego, agent, and/or employee of each of the other defendant, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency and/or employment, and/or ratified the acts of the other.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.

### III. JURISDICTION

8.     This action arises under the copyright laws of the United States, 17 U.S.C. sections 101 et seq.

**ANSWER:**   Defendant contends that the allegations of this paragraph constitute a legal conclusion, to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in this paragraph.

9.     The court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. sections 1331 and 1338, and the Declaratory Judgment Act codified at 28 U.S.C. sections 2201 and 2202.

**ANSWER:**  Defendant admits that this court has subject matter jurisdiction.

10.     This court has personal jurisdiction over Hard Drive because it has submitted itself to the jurisdiction of this court by filing an action on November 21, 2011, action number C 11-05634 PJH, and which is related to this action.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

11.     Due to Hard Drive's filing of prior action number C 11-01567 LB and its present action number C 11-05634 PJH, its threats and notices of lawsuits and settlement demands to plaintiff, and its conduct, it has created an actual and continuing controversy within the court's jurisdiction such that the court needs to declare the rights and other legal relations of plaintiff who is seeking such declarations from the court.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

## IV. <u>VENUE</u>

12.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1400(a) as Hard Drive has claimed that plaintiff infringed its purported copyrighted work by downloading such works, and being responsible for such downloads where he resides..

**ANSWER:** Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.     Venue is also proper in the Northern District of California as Hard Drive's agent can be found there, it has come to the venue of this court by filing action number C 11-05634 PJH in this district, has defamed plaintiff in this district, and by its conduct within this district which has created an actual and continuing controversy such that the court needs to declare the rights and other legal relations of plaintiff who is seeking such declarations from the court, and which is related to this action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

## V. <u>INTRADISTRICT ASSIGNMENT</u>

14.     Assignment of this action to the Oakland Division is proper as Hard Drive's present action  number of C 11-05634 PJH is assigned to the Honorable Phyllis J. Hamilton in the Oakland Division per the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (hereinafter "Civil L.R.") 3-3(c) and 3-12.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

## VI.        <u>FACTUAL ALLEGATIONS</u>

### A.        **Hard Drive's Prior Lawsuit**

15.     On March 31, 2011 Hard Drive filed a complaint for copyright infringement which was assigned case number C 11-01567 LB (hereafter "prior action").

**ANSWER:**  Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.     Based on Hard Drive's consent to proceed before a U.S. Magistrate Judge, the prior action was assigned to the Honorable Laurel Beeler.

**ANSWER:**  Defendant admits that it executed a consent to proceed before a U.S. Magistrate Judge, and that the matter subsequently proceeded before Magistrate Judge Beeler.  Defendant lacks information sufficient to admit or deny exactly what the assignment to Magistrate Judge Beeler was "based on," and therefore denies those allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

17.     In this prior action, Hard Drive failed to comply with Civil L.R. 3-16(b)(1) by failing to disclose " any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to

5

1  the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome

2  of the proceeding."

3      **ANSWER:**  Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended

4  Complaint.

5      18.      Instead on March 31, 2011, Hard Drive violated Civil L.R. 3.16(b) by

6  purposefully limiting and qualifying its disclosure to only state that Hard Drive does not have a

7  parent corporation that owns 10% or more of its stock, and that there are no known persons,

8  associations of persons, firms, partnerships, corporations (including parent corporations), or

9  other entities that may have a personal or affiliated financial interest in the subject matter or

10  controversy.

11      **ANSWER:**  Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended

12  Complaint.

13      19.      Plaintiff is informed and believes, and thereon alleges that Hard Drive reported in

14  its 2011 annual report received on or about January 28, 2011 by the Arizona Secretary of State

15  that Paul Pilcher owns more than 20% of any class of shares issued by Hard Drive, or having

16  more than a 20% beneficial interest in Hard Drive, information which is publicly available

17  electronically from the Arizona Secretary of State at

18  http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-

19  id=11235797&type=CORPORATION.

20      **ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's

21  subjective information and beliefs, and therefore denies the same.  Defendant denies that

22  Plaintiff has fully and accurately characterized the contents of the records of the Arizona

1  Secretary of State, and therefore denies the allegations contained in Paragraph 19 of Plaintiff's
2  Amended Complaint regarding the same.

3      20.      In this prior action, Hard Drive sued 118 anonymous doe defendants by improperly
4  joining them in one action without taking into account the requirements of 28 U.S.C. section
5  1400(a) which requires that a defendant in a copyright infringement action may only be sued in
6
7  the district where the defendant or his or her agent resides or may be found.

8      **ANSWER:** Defendant denies the allegations contained in Paragraph 20 of Plaintiff's
9  Complaint.

10     21.      Plaintiff is informed and believes, and thereon alleges that Hard Drive
11 improperly joined multiple defendants in one action to avoid paying the $350 filing fee for each
12 action had Hard Drive properly filed separate actions for each defendant.
13
14     **ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's
15 subjective information and beliefs, and therefore denies the same.  Defendant denies the
16 remaining allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

17     22.      Plaintiff is informed and believes, and thereon alleges that Hard Drive
18 improperly joined multiple defendants in one action to avoid having any cases dismissed due
19
20 to failure to prosecute by failing to pay the $350 filing fee for each separate defendant.

21     **ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's
22 subjective information and beliefs, and therefore denies the same.  Defendant denies the
23 remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

24     23.      Hard Drive improperly received the benefits and services of the court without paying
25 the requisite filing fee of $350 for each separate action against each defendant.
26
27
28
DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM      Case No. C 12-01006 JCS

**ANSWER:**  Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24.     Hard Drive's allegation that copyright infringement associated with plaintiff's Internet Protocol (IP) Address occurred on March 21, 2011 is before the work's registration date of November 18, 2011, and more than three months after the date of first publication on March 4, 2011.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the complaint in Case No. 11-cv-1567, and therefore denies the same.

25.     In this prior action, Hard Drive alleged that it owned the purported copyright to an adult video entitled "Amateur Allure – Samantha Saint" (hereafter "work") which is purportedly registered with the United States Copyright Office.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the complaint in Case No. 11-cv-1567, and therefore denies the same.

26.     Plaintiff is informed and believes, and thereon alleges that Hard Drive represented to the U.S. Copyright Office that the work was first published on March 4, 2011.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.

27.     Plaintiff is informed and believes, and thereon alleges that the work was registered on November 18, 2011.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM      Case No. C 12-01006 JCS

28.     In the prior action, Hard Drive alleged that it was entitled to recover statutory damages and attorneys' fees per 17 U.S.C. section 504(c) as stated in its complaint at paragraph 31, and in its prayer for relief at paragraph 4.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the complaint in Case No. 11-cv-1567, and therefore denies the same.

29.     A party is not entitled to recover statutory damages and attorneys' fees under 17 U.S.C. section 504(c) if the alleged infringement of copyright commenced before the effective date of its registration, unless such registration is made within three months after the work per 17 U.S.C. section 412.

**ANSWER:**  Paragraph 31 states legal conclusions with Defendant is not required to admit or deny, and Defendant therefore denies the same.

30.     Hard Drive is not entitled to recover statutory damages and attorneys' fees.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.     After filing its prior action, Hard Drive then applied ex parte for expedited discovery seeking the names, addresses, and telephone numbers of the account holders whose IP addresses resolved to them.

**ANSWER:**  Defendant admits that it filed an ex parte application for leave to take discovery prior to the Rule 26(f) conference in the "prior action."

32.     Plaintiff is informed and believes, and thereon alleges that Hard Drive had entered into an agreement with a third party private investigator, who is unlicensed under California law

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

but yet is required to be licensed, to log IP addresses that were allegedly transmitting Hard Drive's work via Bittorrent.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.     A Bittorrent tracker is a computer server.

**ANSWER:**  Defendant denies that a Bittorent tracker is a computer server, as the term is commonly defined.

34.     A Bittorrent tracker is required to initiate any download of the work.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35.     Plaintiff is informed and believes, and thereon alleges that Hard Drive gave the right to distribute the work to its unlicensed private investigator, otherwise it would not have been able to log the IP addresses.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.     Plaintiff is informed and believes, and thereon alleges that Hard Drive knew of the IP addresses of the Bittorrent trackers that were being used to distribute the work.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.

37.     Plaintiff,       through       his       counsel,       has       searched       the       website http://www.chillingeffects.com and found no exemplars of any Digital Millennium Copyright Act ("D.M.C.A.") takedown notices issued by Hard Drive.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM      Case No. C 12-01006 JCS

**ANSWER:**  Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint, and therefore denies the same.

38.    Plaintiff, through his counsel, has searched the Federal PACER website, and of the 59 lawsuits filed by Hard Drive, none of them involve a lawsuit against a BitTorrent tracker defendant for D.M.C.A. liability.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint, and therefore denies the same.

39.    Plaintiff, through his counsel, requested Hard Drive to provide any evidence that it has issued D.M.C.A. takedown notices to any BitTorrent tracker owner, or that it has sued any BitTorrent tracker owner for D.M.C.A. liability yet Hard Drive refused to provide such information.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.    Based on Hard Drive's previously stated refusal and the previously stated allegations, plaintiff can only conclude that Hard Drive has no such evidence as a reasonable person would have provided such information in lieu of attempting to move for sanctions under Rule 11.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.    Plaintiff, through his counsel, has searched the Federal PACER website, and of the 59 lawsuits filed by Hard Drive, none of them involve a lawsuit against a BitTorrent tracker defendant for D.M.C.A. liability.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, and therefore denies the same.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM    Case No. C 12-01006 JCS

42.     Based in the previously stated allegations, Plaintiff is informed and believes, and thereon alleges that Hard Drive never issued any D.M.C.A. takedown notices to the owners and/or operators of the BitTorrent trackers that were being used to distribute the work.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43.     On or about March 6, 2012, Hard Drive filed a lawsuit against 59 Doe defendants for infringement of its purported copyright.

**ANSWER:** Paragraph 43 lacks specificity as to which lawsuit it references, and Defendant therefore lacks information sufficient to admit or deny the allegations contained therein; Defendant therefore denies the same.

44.     On or about March 2, 2012, Hard Drive filed a lawsuit against 54 Doe defendants for infringement of its purported copyright.

**ANSWER:** Paragraph 44 lacks specificity as to which lawsuit it references, and Defendant therefore lacks information sufficient to admit or deny the allegations contained therein; Defendant therefore denies the same.

45.     Hard Drive's agent's custodian of records has declared under penalty of perjury that it has filed at least 37 lawsuits naming 3,480 Doe defendants yet has served no defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint as the allegations lack specificity as to where Defendant's "custodian of records has declared" such and further that Plaintiff has grossly mischaracterized any statements made by Defendant or its agents.

46.     Plaintiff is informed and believes, and thereon alleges that Hard Drive continues to track and log IP addresses, and continues to sue Doe defendants corresponding to these logged IP addresses for infringement of its purported copyright since March 2011 yet at the same time has never named the owners of these BitTorrent trackers as defendants for D.M.C.A. liability in these lawsuits.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47.     Contrary to Hard Drive's allegation that venue under 28 U.S.C. section 1391(b) governs copyright infringement actions, it does not; only section 1400(a) governs venue in copyright infringement actions per the Supreme Court's holding in Schnell v. Peter Eckrich & Sons, Inc. (1961) 365 U.S. 260, 262-263.

**ANSWER:**  Defendant denies that Plaintiff's allegations contained in Paragraph 47 of its Amended Complaint completely or accurately summarize the contents of its pleadings, and therefore denies the same.  The remainder of Paragraph 47 contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

48.     The Schnell court's analysis of venue in section 1400(b) for patent infringement actions should likewise be applied for venue in copyright infringement actions under section 1400(a).

**ANSWER:**  Paragraph 48 contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

49.     Plaintiff did not move to quash Hard Drive's subpoena issued to his internet service provider ("ISP").

**ANSWER:** Defendant is unaware of a motion to quash on the part of Plaintiff for a subpoena that Hard Drive issued.

50.   Plaintiff's ISP released his name, address, and telephone number to Hard Drive.

**ANSWER:** Defendant admits that, pursuant to a Court order and a duly-issued and served subpoena, an internet service provider submitted Plaintiff's name and contact information to Defendant.

51.   After receipt of plaintiff's name, address, and telephone number, Hard Drive transmitted a letter demanding that he settle the prior action for $3,400. (Exhibit A at p.2, ¶ 3.)  A true and correct copy of this letter is attached hereto as Exhibit A.

**ANSWER:** Defendant denies that the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

52.   In Hard Drive's settlement demand letter, it threatened plaintiff with a lawsuit. (Exhibit A at p.1, ¶ 5.)

**ANSWER:** Defendant denies that the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

53.   In Hard Drive's settlement demand letter, it notified plaintiff to act promptly by settling to avoid being named as a defendant in the lawsuit.

**ANSWER:** Defendant denies that the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM      Case No. C 12-01006 JCS

54.     In Hard Drive's settlement demand letter, it notified plaintiff that he was liable for copyright infringement by merely having an unsecured wireless network/router even though plaintiff did not download the work, did not tell anyone else to download the work, and did not know anyone was using his internet service to download the work. (Exhibit A at p.4, ¶¶ 12-13.)

**ANSWER:**   Defendant denies that the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

55.     Along with its settlement demand letter, Hard Drive also transmitted a memo of law to plaintiff.  A true and correct copy of this memo is attached hereto as Exhibit B.

**ANSWER:**  Defendant admits that it sent to Plaintiff a document similar to what is attached at Exhibit B to the Amended Complaint.

56.     In its memo of law, Hard Drive notified plaintiff that he is liable for the copyright infringement by simply being the account holder on his ISP account. (Exhibit B at p.3, ¶ 5.)

**ANSWER:**   Defendant denies that the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

57.     In Hard Drive's settlement demand letter, it notified plaintiff that he may be liable for statutory damages of up to $150,000.

**ANSWER:**   Defendant denies that the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

58.     Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior action complaint along with the settlement demand letter and memo of law were designed to

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

threaten, notify, intimidate, and to coerce plaintiff into paying the settlement demand of $3,400, especially when confronted with the statutory damages figure of $150,000.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59.    Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior action complaint coupled with the settlement demand letter and the memo of law were designed to threaten, notify, intimidate, and to coerce plaintiff into paying the settlement demand of $3,400 as it would be more expensive for him to retain an attorney to defend himself against the baseless and unfounded allegations.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60.    Plaintiff is informed and believes, and thereon alleges that no facts existed for Hard Drive to represent, either in its prior action complaint or in its settlement demand letter, to plaintiff that Hard Drive was entitled to recover any statutory damages award given that the alleged infringement occurred on March 21, 2011 which is before the work's registration date of November 18, 2011, and more than three months after the date of first publication on March 4, 2011.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61.    Plaintiff is informed and believes, and thereon alleges that Hard Drive's communications transmitted to plaintiff were designed to threaten, notify, intimidate, and to coerce him into settling the case despite the absence of any facts supporting liability against him.

**ANSWER:** Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62.    Hard Drive has made settlement demands to Mr. Abrahams and the Doe defendants.

**ANSWER:** Defendant admits that it has pursued settlement with Plaintiff. Defendant denies that the remaining allegations contained in Paragraph 62 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the communications referenced therein, and therefore denies the same. .

63.    Hard Drive's making of settlement demands here and in its lawsuits against anonymous Doe defendants are similar to the Trevor Law Group, LLP's making of settlement demands to the defendants it sued.

**ANSWER:** Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64.    On January 19, 2012, Hard Drive dismissed its prior action without prejudice.

**ANSWER:** Defendant admits that it filed a motion to voluntarily dismiss the "prior action" on or about January 19, 2012.

65.    Plaintiff is informed and believes that Hard Drive dismissed its prior action as it could not and did not want to address the issues and questions that the court had with the prior action, that it no longer wanted to proceed before a magistrate judge despite providing its prior

consent, and that it also did not want to be sanctioned for failing to prosecute the case and for misjoining all anonymous doe defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

## B. Hard Drive's Present Lawsuit

66.     On November 21, 2011, Hard Drive filed a complaint for copyright infringement against a single John Doe defendant which was initially assigned case number C 11-05634 JCS (hereafter "present action"), and which was subsequently reassigned to the Honorable Phyllis J. Hamilton.

**ANSWER:** Defendant admits the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67.     In the present action, Hard Drive failed to comply with Civil L.R. 3-16(b)(1) by failing to disclose "any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding."

**ANSWER:** Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68.     Instead on November 21, 2011, Hard Drive violated Civil L.R. 3.16(b) by purposefully limiting and qualifying its disclosure to only state that Hard Drive does not have a parent corporation that owns 10% or more of its stock, and that there are no known persons,

associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that may have a personal or affiliated financial interest in the subject matter or controversy.

**ANSWER:** Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69.     Despite the fact that Hard Drive knew that the present action was related the dismissed prior action, Hard Drive failed to comply with Civil L.R. 3-3(c) which requires the refiling party to file a motion to consider whether cases should be related pursuant to Civil L.R. 3-12 so that the judge originally assigned to the action which had been dismissed should have the refiled case transferred to him or to her to avoid the unduly burdensome duplication of labor and expense.

**ANSWER:** Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70.     Plaintiff is informed and believes, and thereon alleges that Hard Drive filed the present action, because it no longer wanted a magistrate judge to decide the case despite consenting to a magistrate judge in the prior pending and related action; Hard Drive's conduct was designed to improperly withdraw its prior consent to a magistrate judge.

**ANSWER:** Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71.     Plaintiff is informed and believes, and thereon alleges that Hard Drive purposefully failed to comply with Civil L.R. 3-3(c), because the previously assigned judge, the  Honorable Laurel Beeler was likely to make rulings adverse to Hard Drive given its failure to prosecute the case.

**ANSWER:** Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72. In the present action, Hard Drive alleged that it was entitled to recover statutory damages and attorneys' fees per 17 U.S.C. section 504(c) as stated in its complaint at paragraph 31, and in its prayer for relief at paragraph 2.

**ANSWER:** Defendant denies that the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the documents referenced therein, and therefore denies the same.

73. Again, Hard Drive was not entitled to recover statutory damages and attorneys' fees, because Hard Drive claimed that the alleged infringement occurred on March 21, 2011 which is before the work's registration date of November 18, 2011, and more than three months after the date of first publication on March 4, 2011.

**ANSWER:** Paragraph 73 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74. On October 19, 2011, Hard Drive transmitted a settlement demand letter to plaintiff that it would be in his beneficial interest to settle Hard Drive's allegations of copyright infringement to avoid the expense of further litigation. A true and correct copy of the letter is attached as Exhibit C.

**ANSWER:** Defendant admits that it submitted the October 19, 2011 letter to Plaintiff. Defendant denies that the remaining allegations contained in Paragraph 74 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the document referenced therein, and therefore denies the same.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

75.     Along with Hard Drive's settlement demand letter, Hard Drive transmitted a letter to plaintiff to preserve all evidence else be faced with spoliation sanctions. A true and correct copy of the letter is attached as Exhibit D.

**ANSWER:**  Defendant admits that it transmitted a letter similar to Exhibit D.  Defendant denies that the remaining allegations contained in Paragraph 75 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the documents referenced therein, and therefore denies the same.

76.     Plaintiff is informed and believes, and thereon alleges that as late as January 11, 2012, Hard Drive represented to the public that he was one of its agents "Top 25 Pirates." A true and correct copy of this redacted defamatory statement is attached hereto as Exhibit E at page 1. Plaintiff denies this unfounded and baseless defamatory allegation.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies that the remaining allegations contained in Paragraph 76 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the documents referenced therein, and therefore denies the same.

77.     Plaintiff is informed and believes, and thereon alleges that as late as January 12, 2012, Hard Drive's represented to the public that he was one of its agents "Top Pirates." (Exhibit E at p.2.) Plaintiff denies this unfounded and baseless defamatory allegation.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies that the remaining allegations contained in Paragraph 77 of Plaintiff's Amended Complaint completely

1   or accurately summarize the contents of the documents referenced therein, and therefore denies

2   the same.

3       78.     Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior and

4   present action complaint along with its threats and notices of lawsuits, memo of law of plaintiff's

5   alleged absolute liability, settlement demands, and defamatory allegations were designed to threaten,

6   notify, intimidate, embarrass, shame, and to coerce plaintiff into paying the settlement demand of

7

8   $3,400 especially when confronted with a statutory damages figure of $150,000.

9       **ANSWER:**   Defendant lacks information sufficient to admit or deny the content of Plaintiff's

10  subjective information and beliefs, and therefore denies the same.   Defendant denies the

11  remaining contained in Paragraph 78 of Plaintiff's Amended Complaint.

12

13      79.     On January 6, 2012, Hard Drive applied ex parte to take on an expedited basis the

14  deposition of plaintiff who was not named as a defendant in Hard Drive's present action.

15      **ANSWER:**  Defendant denies the allegations contained Paragraph 79 of Plaintiff's Amended

16  Complaint to the extent they call for a legal conclusion.

17      80.     Plaintiff is informed and believes, and thereon alleges that despite Hard Drive's

18  erroneous position that plaintiff is vicariously liable for any acts or conduct occurring through

19

20  his internet account, it purposely avoided naming plaintiff for the purposes of obtaining ex parte

21  discovery in the present action on an expedited basis, and to cause plaintiff to incur attorneys' fees

22  in defending herself at deposition to force him to settle.

23      **ANSWER:**  Defendant denies the allegations contained in Paragraph 80 of Plaintiff's

24  Complaint.

25      81.     Hard Drive's tactics were improper as plaintiff had notified it that:  (1) he did not

26  download the work, and (2) he did not know who downloaded the work.

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

**ANSWER:**  Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82.     In response, Hard Drive rejected plaintiff's statement of non-liability.

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the communications referenced therein, and therefore denies the same.

83.     Plaintiff is informed and believes, and thereon alleges that the acts and conduct of Hard Drive and its agents or employees as described herein were unlawful and/or improper, and its making of settlement demands are similar to the Trevor Law Group, LLP's making of settlement demands.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.

### C.  Hard Drive's Work is Not Copyrightable

84.     Article I, Section 8, Clause 8 of the United States Constitution, known as the Copyright Clause, empowers the United States Congress: "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."

**ANSWER:**  Defendant denies that the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint completely or accurately summarize the contents of United States Constitution Clause referenced therein, and therefore denies the same.

85.     Thus, copyright is authorized only for works which promote the progress of science and the useful arts.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM      Case No. C 12-01006 JCS

**ANSWER:**  Paragraph 85 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same. Defendant denies that the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint completely or accurately describes United States copyright jurisprudence.

86.     Horizontal Stare Decisis or Circuit law binds all courts within a particular circuit including the court of appeals itself.  (Hart v. Massanari (9th Cir. 2001) 266 F.3d 1155, 1171 - "[T]he first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals….  Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court" or "unless Congress changes the law.")

**ANSWER:**  Paragraph 86 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

87.     Early Circuit law in California held that obscene works did not promote the progress of science and the useful arts, and thus cannot be protected by copyright.

**ANSWER:**  Paragraph 87 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

88.     Subsequent non-en banc decisions by the Ninth Circuit failed to follow this prior circuit decision in California.

**ANSWER:**  Paragraph 88 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

89.     Given the absence of any subsequent en-banc Ninth Circuit decisions, Supreme Court precedent, or changes in the Constitution that copyright is authorized for works which

does not promote the progress of science and the useful arts, the subsequent Ninth Circuit decisions are void and do not constitute binding precedent.

**ANSWER:**  Paragraph 89 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

90.    Hard Drive's work does not promote the progress of science.

**ANSWER:** Paragraph 90 of Plaintiff's Amended Complaint contains legal conclusions which Defendant is not required to admit or deny, and Defendant therefore denies the same.

91.    Hard Drive's work does not promote the useful arts.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint.

92.    Hard Drive has judicially admitted that its work is adult pornography.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93.    Hard Drive's work depicts obscene material.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

94.    Plaintiff is informed and believes, and thereon alleges that to create the work, Hard Drive and its agents and/or its employees violated laws which prohibited pimping, pandering, solicitation and prostitution, including any claims of conspiracy.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 94 of Plaintiff's Amended Complaint.

95.    Hard Drive's work depicts criminal acts and/or conduct.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Amended Complaint.

96.     Hard Drive's work is not copyrightable.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint.

**VII.     FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AND/OR JUDGMENT THAT PLAINTIFF IS NOT LIABLE TO HARD DRIVE FOR COPYRIGHT NFRINGEMENT AGAINST ALL DEFENDANTS**

97.     Plaintiff realleges and incorporates by reference as though fully stated here, paragraphs 1 to 88.

**ANSWER:**  Defendant reallages and incorporates by reference its answers to each of Paragraphs 1 through 97 as though fully set forth herein.

98.     Although Hard Drive in its present action denies that it does not know if plaintiff is liable to it for copyright infringement, in extra-judicial communications, Hard Drive's position is completely the opposite—that plaintiff is liable to Hard Drive.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint.

99.     On or about June 30, 2011, Hard Drive, through its agent transmitted a letter to plaintiff which is attached hereto as Exhibit A.

**ANSWER:**  Defendant admits its counsel transmitted a June 30, 2011 letter addressed to Plaintiff.  Defendant denies that Exhibit A is a true and accurate copy of the letter.

100.     In its letter, Hard Drive notified plaintiff that to avoid being named as a defendant in a copyright infringement action, he had to pay $3,400 to settle Hard Drive's claims. (Exhibit A at p.2 ¶ 3.)

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

**ANSWER:** Defendant denies that the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the communications referenced therein, and therefore denies the same.

101.    In this letter, Hard Drive threatened plaintiff with a lawsuit. (Exhibit A at p.1, ¶ 5.)

**ANSWER:** Defendant denies that the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the communications referenced therein, and therefore denies the same.

102.    Along with the settlement demand letter, Hard Drive transmitted a memo of law to plaintiff notifying him that he was absolutely and vicariously liable for copyright infringement simply by being the account holder of his ISP account. (Exhibit B at p.3, ¶ 5.)

**ANSWER:** Defendant denies that the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the communications referenced therein, and therefore denies the same.

103.    In Hard Drive's memo of law, its position is that the account holder is liable for copyright infringement committed by any person who uses the account holder's internet access.

**ANSWER:** Defendant denies that the allegations contained in Paragraph 103 of Plaintiff's Amended Complaint completely or accurately summarize the contents of the communications referenced therein, and therefore denies the same.

104.    As late as January 11 and 12, 2012, Hard Drive gave notice to the public and plaintiff that plaintiff was one of its agents' "Top 25 Pirates" and "Top Pirates."

**ANSWER:** Defendant denies that the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint completely or accurately summarize the contents of communications referenced therein, and therefore denies the same.

105.   Hard Drive's present action, in which it allegedly denies that it does not know who infringed its work is false and mere pretext given its extra-judicial actions, conduct, and communications threatening lawsuits, and demanding settlements from plaintiff as alleged herein.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint.

106.   Plaintiff is informed and believes, and thereon alleges that Hard Drive is purposefully avoiding naming plaintiff so that it can improperly conduct expedited ex parte discovery upon plaintiff to preclude him from defending himself against Hard Drive's baseless and unfounded allegations.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.   Defendant denies the remaining allegations contained in Paragraph 106 of Plaintiff's Amended Complaint.

107.   Plaintiff is informed and believes, and thereon alleges that Hard Drive is purposefully conducting expedited ex parte discovery upon plaintiff in order to threaten, intimidate, and to coerce plaintiff into settling with Hard Drive.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the content of Plaintiff's subjective information and beliefs, and therefore denies the same.   Defendant denies the remaining allegations contained in Paragraph 107 of Plaintiff's Amended Complaint.

108.   As alleged in Hard Drive's present action, and based upon its actions and conduct as described herein, plaintiff denies that he is liable to Hard Drive for copyright infringement.

**ANSWER:**   Defendant admits that Plaintiff has denied infringing Defendant's copyright. Defendant incorporates its answers to the allegations as to unidentified "actions and conduct as described therein" as though fully set forth in this Answer.

109.    Based on all the information stated herein, an actual and continuing controversy exists between plaintiff and Hard Drive such that plaintiff needs the court to declare the rights between the parties.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Amended Complaint.

110.    Wherefore, plaintiff prays for the following relief.

**ANSWER:**  Defendant denies that Plaintiff is entitled to any relief whatsoever in connection with this matter.

### VIII.   PRAYER FOR RELIEF

Plaintiff seeks relief as follows:

111.    That the court issue an order declaring that plaintiff is not liable to Hard Drive for copyright infringement, and/or he has not infringed Hard Drive's copyrights, if any;

**ANSWER:**  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 111 of its Amended Complaint.

112.    That the court issue an order declaring that Hard Drive's work is not copyrightable and/or to strike its copyright registration as the work does not promote the progress of science and the useful arts as required by the U.S. Constitution, including but not limited to the fact that the work is obscene, was created by unlawful conduct and depicts unlawful activity, and that Hard Drive, its owners, agents, and/or employees have engaged in unlawful activity and/or conduct such as pimping, pandering, solicitation, and prostitution, including conspiracy to commit such acts.

**ANSWER:**  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 112 of its Amended Complaint.

113.   That the court issue an order declaring that Hard Drive has not mitigated damages, including but not limited to being based upon the doctrines of estoppel and laches, and due to its failure to issue D.M.C.A. take down notices to the BitTorrent trackers, and by continuing to allow these BitTorrent trackers to continue to exist so that Hard Drive can continue to improperly demand more settlements from non-liable defendants.

**ANSWER:**  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 113 of its Amended Complaint.

114.   That the court issue an order declaring that Hard Drive is not entitled to recover statutory damages and attorneys' fees;

**ANSWER:**  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 114 of its Amended Complaint.

115.   That the court issue an order declaring that no infringement has occurred given that Hard Drive had authorized its work to be distributed by its non-California and unlicensed private investigators, who are in violation of California Business and Professions Code sections 7520 and 7521 while they were distributing and participating in the distribution of the work, and/or that Hard Drive is guilty of unclean hands due to its and/or its agents' conduct here and in other actions against anonymous Doe defendants;

**ANSWER:** Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 115 of its Amended Complaint.

116.   That the court issue an order declaring that Hard Drive, its agents, and/or employees have unlawfully and improperly demanded settlements unsupported by facts and law which constitute copyright misuse, and which constitute a violation of California Business and Professions code section 17200;

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM     Case No. C 12-01006 JCS

1       **ANSWER:**  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph

2       116 of its Amended Complaint.

3       117.     That plaintiff be awarded his costs and attorneys' fees as provided by law, including

4    but not limited to U.S.C. section 505;

5       **ANSWER:**  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph

6       117 of its Amended Complaint.

7

8                                                    Prenda Law, Inc.

9    **DATED:  June 20, 2012**

10                                       By:     /s/ Brett L. Gibbs, Esq.

11                                               Brett L. Gibbs, Esq. (SBN 251000)
                                                 Steele Hansmeier PLLC.
12                                               38 Miller Avenue, #263
                                                 Mill Valley, CA 94941
13                                               blgibbs@wefightpiracy.com
                                                 *Attorney for Plaintiff*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                  31

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HARD DRIVE PRODUCTIONS, INC.,

           Defendant/Counterplaintiff,

    v.

SETH ABRAHAMS,

          Plaintiff/Counterdefendant.

Case No. C 12-01006 JCS

**DEFENDANT'S/COUNTERPLAINTIF'S COUNTERCOMPLAINT**

     Defendant/Counterplaintiff Hard Drive Productions, Inc. ("Hard Drive"), through its undersigned counsel, hereby files this Counterclaim requesting injunctive relief against Plaintiff/Counterdefendant Seth Abrahams ("Abrahams"), and alleges as follows:

## NATURE OF THE CASE

     1.    Abrahams initiated this action with a one-count complaint for declaratory relief relating to copyright infringement under the United States Copyright Act. In a previously filed, action, Hard Drive had sought relief against an anonymous copyright infringer associated with Internet Protocol ("IP") address 98.248.90.217. In the course of expedited discovery, Hard Drive ascertained that the identity of the account holder associated with the IP address to be Abrahams. Because the relationship between an account holder and infringer can be imperfect, Hard Drive in another case sought to depose Abrahams in order to investigate the infringer's identity and, if necessary, to prosecute the infringer for his blatant violation of Hard Drive's copyright.

2.      Hard Drive files this Counterclaim asking the Court to grant it declaratory and other relief in its favor holding that its works are properly copyrightable and subject to protection under the United States' copyright laws.

## THE PARTIES

3.      Defendant/Counterplaintiff Hard Drive Productions, Inc. is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in Phoenix, Arizona. Hard Drive is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint.

4.      Hard Drive is a producer of adult entertainment content.  Hard Drive invests significant capital in producing the content associated with its brand and has produced substantial numbers of videos and photographs. The copyrighted work at issue here is one of these adult videos, "Amateur Allure – Samantha Saint (the "Video").

5.      Plaintiff/Counterplaintiff Seth Abrahams is, upon information and belief, an individual over the age of 18 residing in the County of Alameda, California.

6.      Abrahams is known to Hard Drive through an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Hard Drive's agents observed unlawful reproduction and distribution occurring over IP address 98.248.90.217 via the Bit Torrent file transfer protocol.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to the U.S. Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is so related to Abraham's claims, which are

within this Court's original jurisdiction, that the two claims form part of the same case and controversy under Article III of the United States Constitution.

8.      Venue is proper in this Court because Abrahams filed the underlying action in this Court and the case is pending in this Court, and thus he has consented to venue in this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

9.      At all times relevant hereto, Hard Drive was the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

10.      The Video was the subject of an application for registration by the United States Copyright Office.

11.      The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws.

12.      Hard Drive employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

13.      Hard Drive observed an unknown individual using Abrahams's IP address, without Hard Drive's authorization or license, to intentionally downloaded a torrent file particular to Hard Drive's Video, purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Hard Drive's Video, and reproduced and distributed the Video to numerous third parties.

///

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM      Case No. C 12-01006 JCS

## COUNT I: DECLARATORY JUDGMENT

### (Hard Drive's Works Are Copyrightable)

14.     Hard Drive hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

15.     In his Amended Complaint, Abrahams alleges that "Hard Drive's work is not copyrightable".  Amended Compl. at  ¶96.  In its Answer, Hard Drive has denied that allegation. Answer at ¶96.

16.     An actual controversy therefore exists as to whether Hard Drive's works are copyrightable.

17.     The Video, among other things, is an original work.

18.     Hard Drive is the Video's author.

19.      Hard Drive created the Video independently, with at least a modicum of creativity.

20.     Hard Drive timely filed for, and received, a certificate of registration from the United States Copyright Office, thereby creating a rebuttable presumption that the copyright for the Video is valid and that Hard Drive owns the copyright.

21.     Hard Drive has thus complied with applicable statutory formalities for obtaining its copyright.

22.     Hard Drive's Video is therefore, "copyrightable."

# PRAYER FOR RELIEF

**WHEREFORE**, Defendant/Counterplaintiff Hard Drive Productions, Inc. respectfully requests Judgment and relief as follows:

1)     Judgment against Counterdefendant that he has a) willfully infringed Counterplaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b)

35

otherwise injured the business reputation and business of Counterplaintiff by Counterdefendant's acts and conduct set forth in the Countercomplaint;

2)      Judgment in favor of the Counterplaintiff against Counterdefendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;

3)      Order of impoundment under 17 U.S.C. § 503 & 509(a) impounding all infringing copies of Counterplaintiff's audiovisual works, photographs or other materials, which are in Counterderfendant's possession or under his control;

4)      An order that Counterdefendant is jointly and severally liable to Counterplaintiff in the full amount of the Judgment along with the damages associated with the infringing activity of his co-conspirators on the basis of the common law claim for civil conspiracy to commit copyright infringement; for an award of compensatory damages in favor of the Counterplaintiff and against Counterdefenedant, jointly and severally, in an amount to be determined at trial;

5)      Judgment in favor of Counterplaintiff against Counterdefendant awarding the Counterplaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

6)      Judgment in favor of the Coutnterplaintiff against Counterdefendant, awarding Counterplaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

*[Intentionally Left Blank]*

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM      Case No. C 12-01006 JCS

1    Prenda Law, Inc.

2    **DATED:  June 20, 2012**

3                                    By:    /s/ Brett L. Gibbs, Esq.

4                                           Brett L. Gibbs, Esq. (SBN 251000)
5                                           Of Counsel to Prenda Law Inc.
                                            38 Miller Avenue, #263
6                                           Mill Valley, CA 94941
                                            blgibbs@wefightpiracy.com
7                                           *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT/COUNTERCLAIM    Case No. C 12-01006 JCS