Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Attorneys for Plaintiff/Counter-Defendant
SETH ABRAHAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ABRAHAMS,<br><br>    Plaintiff/Counter-Defendant<br><br>v.<br><br>HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50,<br><br>    Defendants/Counter-Plaintiff | Case No.: C 12-01006 JCS<br><br>**PLAINTIFF/COUNTER-DEFENDANT SETH ABRAHAMS'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: September 21, 2012<br>Time: 9:30 a.m.<br>Judge: Hon. Joseph C. Spero<br>Courtroom: G, 15th Floor<br>File Date: February 28, 2012<br>Trial Date: None |

## I. NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS GIVEN that on the above captioned date and time, or as soon thereafter as the matter may be heard in courtroom G of this court located on the 15th floor at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff/counter-defendant Seth Abrahams is moving for judgment on the pleadings per Fed. R. Civ. P. 12(c).

Mr. Abrahams's motion is based on the grounds that he is entitled to a judgment for a declaration of non-infringement of defendant/counter-plaintiff Hard Drive Productions, Inc.'s (hereafter "Hard Drive") purported copyrighted work based on the doctrine of res judicata due to Hard Drive's dismissal without prejudice of its two prior actions against Mr. Abrahams as a potential Doe defendant associated with his Internet Protocol (hereafter "IP") address of 98.248.90.217. Per Fed. R.

1 Civ. P. 41(a)(1)(B), Hard Drive's dismissal of its second action operates as an adjudication on the merits. As Mr. Abrahams can no longer be liable to Hard Drive for copyright infringement, all other issues and prayers for relief are moot as no actual controversy presently exists between the parties so as to warrant any other declaratory relief. Moreover, Mr. Abrahams is deemed the prevailing party in his action for declaratory relief of non-infringement of Hard Drive's purported copyrighted work.

Mr. Abrahams's motion is based on this notice, the memorandum of points and authorities, the declaration of Steven W. Yuen and all supporting papers, the files and records in this action, and any further admissible evidence and argument that the court may timely receive at or before the hearing.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. STATEMENT OF FACTS

#### 1. Hard Drive Voluntarily Dismissed its First Complaint, Including Claims Alleged Against Mr. Abrahams

Hard Drive filed its first complaint against 118 Doe defendants in action number C 11-01567 LB (hereafter "first action"). (Exhibit A at 11:11-14.) Hard Drive associated one Doe defendant with Mr. Abrahams's IP address of 98.248.90.217. (Exhibit A at Exhibit A, p.4.; and Exhibit C at 1:20-23 (¶ 1).) In this first action, Hard Drive claimed that the purported copyright to its adult video entitled Amateur Allure – Samantha Saint was being infringed by the Doe defendants. (Id., at 4:11-14 & 8:1-2 (¶¶ 7 & 26).) Hard Drive alleged a claim for direct copyright infringement. (Id., at 7:23-8:20 (¶¶ 25-31).) Hard Drive also alleged a claim for civil conspiracy. (Id., at 8:20-9:23 (¶¶ 32-39).) Hard Drive's civil conspiracy claim incorporated by reference all the claims alleged in its copyright infringement claim. (Id., at 8:22-24 (¶ 32).) Hard Drive alleged that "each Doe Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute Plaintiff's Work by exchanging pieces of the Work file in a torrent swarm on BitTorrent. (Id., at 8:25-9:2 (¶ 33).) Given 17 U.S.C. section 301's[1] express preemption of all rights under the common law or statutes of any State, Hard Drive's

---

[1] Section 301(a) provides: "On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, **no**

1 claim for civil conspiracy[2] can be read as alleging a claim for contributory copyright infringement.

2 Hard Drive voluntarily dismissed without prejudice its first action in its entirety. (Exhibit B at 1:19-20.)

### 2. Hard Drive Voluntarily Dismissed its Second Complaint, Including Claims Alleged Against Mr. Abrahams

Hard Drive filed its second complaint against one Doe defendant in action number C 11-005634 PJH (hereafter "second action"). (Exhibit C at 1:9-14.) Hard Drive associated the sole Doe defendant with Mr. Abrahams's IP address of 98.248.90.217. (Id., at 1:20-23 (¶ 1).) In this second action, Hard Drive claimed that the purported copyright to its adult video entitled Amateur Allure – Samantha Saint was being infringed—the same work claimed to be infringed in its first complaint. (Id., at 2:13-15 (¶ 4).) Hard Drive again alleged a claim for direct copyright infringement. (Id., at 6:21-7:31 (¶¶ 25-31).) Hard Drive again alleged a claim for civil conspiracy. (Id., at 7:15-8:9 (¶¶ 32-37).) Hard Drive's civil conspiracy claim incorporated by reference all the claims alleged in its copyright infringement claim. (Id., at 7:16-17 (¶ 32).) Hard Drive alleged that "Defendant agreed with others to engage in a concerted tortious action in the network to reproduce and distribute Plaintiff's Video." (Id., at 7:24-26 (¶ 34).) Hard Drive further alleged that "Defendants [sic] committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and were willful participants in this joint activity. (Id., at 8:4-7 (¶ 36).)

Hard Drive voluntarily dismissed without prejudice its second action in its entirety. (Exhibit D at 1:19-22.)

---

**person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State**." (See also Montz v. Pilgrim Films & Television, Inc. (9th Cir. 2011) 649 F.3d 975, 980—"To survive preemption, a state cause of action must assert rights that are qualitatively different from the rights protected by copyright[;]" and Idema v. Dreamworks, Inc. (C.D. Cal. 2001) 162 F.Supp.2d 1129, 1196—claim for civil conspiracy was either preempted or failed to state a claim.)

[2] This is because under California State law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy. In this way, a coconspirator incurs tort liability co-equal with the immediate tortfeasors." (Applied Equipment Corp. v. Litton Saudi Arabia Ltd. (1994) 7 Cal.4th 503, 510-511, citations omitted.) ). Copyright infringement is often characterized as a tort. (Brayton Purcell LLP v. Recordon & Recordon (9th Cir. 2010) 606 F.3d 1124, 1128, citation omitted.)

### 3. Mr. Abrahams's First Amended Complaint Alleges a Sole Cause of Action for Non-Infringement of Hard Drive's Purported Copyrighted Work

In his operative complaint, Mr. Abrahams alleges that an actual and continuing controversy exists between him and Hard Drive relating to its purported copyrighted work of "Amateur Allure – Samantha Saint." (Exhibit E at 4:22-24 & 13:19-21 (¶¶ 25 &109).) Mr. Abrahams' sole cause of action is for declaratory relief that he is not liable to Hard Drive for copyright infringement. (Id., at 12:14-16.)

## B. LEGAL ARGUMENT

### 1. The Court Should Grant Mr. Abrahams's Motion for Judgment on the Pleadings Based on Res Judicata—the Dismissal of Hard Drive's Second Complaint Operates as an Adjudication on the Merits

A plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. (Fed. R. Civ. P. 41(a)(1)(A).) "Unless the notice … states otherwise, the dismissal is without prejudice." (Fed. R. Civ. P. 41(a)(1)(B).) "But if the plaintiff previously dismissed any federal- or state-court action **based on or including the same claim**, a notice of dismissal operates as an **adjudication on the merits**." (Id., emphasis added.) "[W]hether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed." (Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc. (9th Cir. 1999) 193 F.3d 1074, 1076.)

The policy and purpose of Rule 41(a)(1) was designed to limit a plaintiff's ability to dismiss an action. (Cooter & Gell v. Hartmarx Corp. (1990) 496 U.S. 384, 397.) Indeed, Rule 41(a)(1) was aimed at curbing abuses of the judicial system. (Id.)

Although neither the Supreme Court nor the Ninth Circuit has specifically addressed the meaning of "same claims" for the purposes of Rule 41(a)(1) (B), the Ninth Circuit has analogized the Rule 41(a)(1)(B) two dismissal rule to the res judicata inquiry. (Commercial Space Mgmt. Co., Inc., 193 F.3d at 1080.)

///

///

### 2. Res Judicata

#### a. Identity of Claims

In determining whether two claims are identical, the Ninth Circuit employs four criteria: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same "transaction." (Nordhorn v. Ladish Co. (9th Cir.1993) 9 F.3d 1402, 1405.) "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" (Frank v. United Airlines, Inc. (9th Cir. 2000) 216 F.3d 845, 851, citation omitted.)

Hard Drive asserted identical claims in its first and second filed actions. Specifically, Hard Drive alleged both direct and contributory infringement of its purported copyrighted work of its adult video entitled Amateur Allure – Samantha Saint. (Exhibit A at 4:11-14 & 7:23-9:23 (¶¶ 7 & 25-39); and Exhibit C at 2:13-15 & 6:21-8:9 (¶¶ 4 & 25-37).) Likewise, both actions were premised on the same facts that the infringement occurred through the downloading and distribution of the work through the use of BitTorrent software. (Exhibit A at 7:15-22 (¶¶ 23-24); and Exhibit C at 6:14-21 (¶¶ 23-24).) Likewise, both actions alleged infringement associated with Mr. Abrahams's IP address of 98.248.90.217. (Exhibit A at Exhibit A, p.4; and Exhibit C at 1:19:23.) Moreover, this action involves Mr. Abrahams's seeking of a declaration that he is not liable to Hard Drive for copyright infringement of the same work alleged in Hard Drive's two dismissed actions. (Exhibit E at 12:14-16.) Thus, both of the dismissed actions and the action here involve infringement of the same rights, and given that the claims arise out of the same transaction/occurrence, the evidence presented here would certainly be substantially the same as that which Hard Drive would have previously presented had it not voluntarily dismissed the prior actions. As such, identity of claims exist for the purposes of res judicata.

///

///

///

### b. Final Judgment on the Merits

"[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." (Fed. R. Civ. P. 41(a)(1)(B).)

Hard Drive voluntarily dismissed without prejudice its first action in its entirety. (Exhibit B at 1:19-20.) Hard Drive voluntarily dismissed without prejudice its second action in its entirety. (Exhibit D at 1:19-22.) As previously stated, the claims in these two actions are the same, and are based upon the same set of operative facts and background. As a result, the voluntary dismissal of Hard Drive's second action operated as a final adjudication on the merits.

### c. There is Identity Between Mr. Abrahams in this Action, and in Both of Hard Drive's Prior Two Dismissed Actions

Rule 41(a)(1) does not require strict privity; no "same" defendant requirement is read into this rule. (Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp. (9th Cir. 1991) 933 F.2d 724, 728.) Instead, all that is required is "a relationship between the dismissed party and the party seeking to claim the benefit of the bar." (Id., citation omitted.) That the defendant seeking to enforce the bar is "substantially the same" is sufficient. (Id.)

#### (1) Hard Drive Could Have Substituted Mr. Abrahams's Name in Place of the Doe in its Two Prior Actions at any time During their Pendency

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." (Gillespie v. Civiletti (9th Cir. 1980) 629 F.2d 637, 642, citation omitted.) This may be because "[t]here is no provision in the federal statutes or Federal Rules of Civil Procedure either authorizing or expressly prohibiting the use of fictitious parties." (Craig v. U.S. (9th Cir. 1969) 413 F.2d 854, 856; see also Fed. R. Civ. P. 15(c)(1)(C).) Despite such disfavored treatment, the courts allow the naming of a fictitious defendant to give the plaintiff an opportunity through discovery to identify the unknown defendants, "unless it is clear that discovery would not uncover the identities…" (Id.) Thus, "[t]he only purpose the naming of fictitious defendants could possibly serve is to make it possible to substitute named defendants after the statute of limitations has run." (Craig, 413 F.2d at 856.)

///

Nothing prevented Hard Drive from substituting in Mr. Abrahams's name at any time during the pendency of its two prior dismissed actions. This is because both actions associated the Doe defendant with Mr. Abrahams's IP address of 98.248.90.217. (Exhibit A at Exhibit A, p.4; and Exhibit C at 1:19:23.) Given that Hard Drive's dismissal of its second action acts as an adjudication on the merits, it can no longer make claims against this Doe defendant who is associated with Mr. Abrahams's IP address of 98.248.90.217. Tellingly, Hard Drive conceded that the Doe defendant associated with Mr. Abrahams's IP address of 98.248.90.217 was Mr. Abrahams when it notified the court at the July 27, 2012 case management conference that it was going to amend its counter-claims to allege counts for direct and contributory copyright infringement against him. (Docket 37 at 1:15-16 (¶ 1).) Thus, identity between the Doe defendant in Hard Drive's two prior dismissed actions is substantially the same as Mr. Abrahams in this action. As such, given the res judicata effect of Hard Drive's dismissal of its second action, Mr. Abrahams can no longer be liable to Hard Drive for infringement of its purported copyrighted work.

**C.  CONCLUSION**

Based on all the information stated herein, and in his supporting papers, Mr. Abrahams respectfully requests the court to grant his motion for judgment on the pleadings as to his sole cause of action for non-infringement of Hard Drive's purported copyrighted work of Amateur Allure – Samantha Saint. Hard Drive's dismissal without prejudice of its second action, which is also based on and including the same claims alleged in its first complaint, operates as an adjudication on the merits. As Mr. Abrahams can no longer be liable to Hard Drive for copyright infringement based on res judicata, all other issues and prayers for relief are moot as no actual controversy presently exists between the parties. Thus, Mr. Abrahams is deemed to be the prevailing party in his action for declaratory relief of non-infringement of Hard Drive's purported copyrighted work.

///

///

///

1 | DATED: August 17, 2012
2 |                 MURPHY, PEARSON, BRADLEY & FEENEY

/s/ Steven W. Yuen

By _____
    Steven W. Yuen
    Attorneys for Plaintiff/Counter-Defendant
    SETH ABRAHAMS

SWY.20370225.doc

# **CERTIFICATE OF SERVICE**

I, Steven W. Yuen, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On August 17, 2012, I served the following document(s) on the parties in the within action:

**PLAINTIFF/COUNTER-DEFENDANT SETH ABRAHAMS'S MOTION FOR JUDGMENT ON THE PLEADINGS**

|    |    |
|----|----|
|    | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|    | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|    | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|    | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                         Attorney For Defendant/Counter-Plaintiff
Prenda Law Inc.                                     HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA  94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 17, 2012.

/s/ Steven W. Yuen
By _____
Steven W. Yuen