Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:    (415) 788-1900
Fax:   (415) 393-8087

Attorneys for Plaintiff
SETH ABRAHAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SETH ABRAHAMS,<br><br>        Plaintiff,<br><br>v.<br><br>HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50,<br><br>        Defendants. | Case No.: C 12-01006 JCS<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

## I.   INTRODUCTION

1.    This is a civil action seeking declaratory relief based upon the improper past and continuing conduct of defendants Hard Drive Productions, Inc. (hereafter "Hard Drive") and Does 1-50 in harassing plaintiff and others like him to settle baseless and unfounded claims of purported infringement of Hard Drive's purported copyrighted works.

## II.   PARTIES

2.    Plaintiff Seth Abrahams is an individual over the age of 18 residing in the County of Alameda, California.

3.    Plaintiff is informed and believes, and thereon alleges that Hard Drive is an Arizona Corporation whose principal place of residence is in Maricopa County, and which does business worldwide including in the State of California, County of Alameda.

PLAINTIFF'S FIRST AMENDED COMPLAINT
C 12-01006 JCS – PAGE 1

**Exhibit E**

4. The true names and capacities of defendants named as Does 1 through 50 are presently unknown to plaintiff.

5. Plaintiff will amend this complaint setting forth the true names and capacities of these fictitious defendants when they are ascertained.

6. Plaintiff is informed and believes, and thereon alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendant.

7. Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each defendant, whether named or fictitious, was the alter ego, agent, and/or employee of each of the other defendant, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency and/or employment, and/or ratified the acts of the other.

### III. JURISDICTION

8. This action arises under the copyright laws of the United States, 17 U.S.C. sections 101 et seq.

9. The court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. sections 1331 and 1338, and the Declaratory Judgment Act codified at 28 U.S.C. sections 2201 and 2202.

10. This court has personal jurisdiction over Hard Drive because it has submitted itself to the jurisdiction of this court by filing an action on November 21, 2011, action number C 11-05634 PJH, and which is related to this action.

11. Due to Hard Drive's filing of prior action number C 11-01567 LB and its present action number C 11-05634 PJH, its threats and notices of lawsuits and settlement demands to plaintiff, and its conduct within this district, it has created an actual and continuing controversy within the court's jurisdiction such that the court needs to declare the rights and other legal relations of plaintiff who is seeking such declarations from the court.

### IV. VENUE

12. Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1400(a) as Hard Drive has claimed that plaintiff infringed its purported copyrighted work by downloading such works, and being responsible for such downloads where he resides.

PLAINTIFF'S FIRST AMENDED COMPLAINT
C 12-01006 JCS – PAGE 2

13.     Venue is also proper in the Northern District of California as Hard Drive's agent can be found here, it has consented to the venue of this court by filing action number C 11-05634 PJH in this district, has made threats and given notices of lawsuits and settlement demands to plaintiff in this district, has defamed plaintiff in this district, and by its conduct within this district which has created an actual and continuing controversy such that the court needs to declare the rights and other legal relations of plaintiff who is seeking such declarations from the court, and which is related to this action.

### V.   INTRADISTRICT ASSIGNMENT

14.     Assignment of this action to the Oakland Division is proper as Hard Drive's present action number of C 11-05634 PJH is assigned to the Honorable Phyllis J. Hamilton in the Oakland Division per the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (hereafter "Civil L.R.") 3-3(c) and 3-12.

### VI.   FACTUAL ALLEGATIONS

#### A.   Hard Drive's Prior Lawsuit

15.     On March 31, 2011, Hard Drive filed a complaint for copyright infringement which was assigned case number C 11-01567 LB (hereafter "prior action").

16.     Based on Hard Drive's consent to proceed before a U.S. Magistrate Judge, the prior action was assigned to the Honorable Laurel Beeler.

17.     In this prior action, Hard Drive failed to comply with Civil L.R. 3-16(b)(1) by failing to disclose "any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding."

18.     Instead on March 31, 2011, Hard Drive violated Civil L.R. 3.16(b) by purposefully limiting and qualifying its disclosure to only state that Hard Drive does not have a parent corporation that owns 10% or more of its stock, and that there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that may have a personal or affiliated financial interest in the subject matter or controversy.

19.     Plaintiff is informed and believes, and thereon alleges that Hard Drive reported in its 2011 annual report received on or about January 28, 2011 by the Arizona Secretary of State that Paul Pilcher owns more than 20% of any class of shares issued by Hard Drive, or having more than a 20% beneficial interest in Hard Drive, information which is publicly available electronically from the Arizona Secretary of State at http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=11235797&type=CORPORATION.

20.     In this prior action, Hard Drive sued 118 anonymous doe defendants by improperly joining them in one action without taking into account the requirements of 28 U.S.C. section 1400(a) which requires that a defendant in a copyright infringement action may only be sued in the district where the defendant or his or her agent resides or may be found.

21.     Plaintiff is informed and believes, and thereon alleges that Hard Drive improperly joined multiple defendants in one action to avoid paying the $350 filing fee for each action had Hard Drive properly filed separate actions for each defendant.

22.     Plaintiff is informed and believes, and thereon alleges that Hard Drive improperly joined multiple defendants in one action to avoid having any cases dismissed due to failure to prosecute by failing to pay the $350 filing fee for each separate defendant.

23.     Hard Drive improperly received the benefits and services of the court without paying the requisite filing fee of $350 for each separate action against each defendant.

24.     Hard Drive's allegation that copyright infringement associated with plaintiff's Internet Protocol (IP) Address occurred on March 21, 2011 is before the work's registration date of November 18, 2011, and more than 3 months after the date of first publication on March 4, 2011.

25.     In this prior action, Hard Drive alleged that it owned the purported copyright to an adult video entitled "Amateur Allure – Samantha Saint" (hereafter "work") which is purportedly registered with the United States Copyright Office.

26.     Plaintiff is informed and believes, and thereon alleges that Hard Drive represented to the U.S. Copyright Office that the work was first published on March 4, 2011.

27.     Plaintiff is informed and believes, and thereon alleges that the work was registered on November 18, 2011.

PLAINTIFF'S FIRST AMENDED COMPLAINT
C 12-01006 JCS – PAGE 4

28. In the prior action, Hard Drive alleged that it was entitled to recover statutory damages and attorneys' fees per 17 U.S.C. section 504(c) as stated in its complaint at paragraph 31, and in its prayer for relief at paragraph 4.

29. A party is not entitled to recover statutory damages and attorneys' fees under 17 U.S.C. section 504(c) if the alleged infringement of copyright commenced before the effective date of its registration, unless such registration is made within three months after the first publication of the work per 17 U.S.C. section 412.

30. Hard Drive is not entitled to recover statutory damages and attorneys' fees.

31. After filing its prior action, Hard Drive then applied ex parte for expedited discovery seeking the names, addresses, and telephone numbers of the account holders whose IP addresses resolved to them.

32. Plaintiff is informed and believes, and thereon alleges that Hard Drive had entered into an agreement with a third party private investigator, who is unlicensed under California law but yet is required to be licensed, to log IP addresses that were allegedly transmitting Hard Drive's work via BitTorrent.

33. A BitTorrent tracker is a computer server.

34. A BitTorrent tracker is required to initiate any download of the work.

35. Plaintiff is informed and believes, and thereon alleges that Hard Drive gave the right to distribute the work to its unlicensed private investigator otherwise it would not have been able to log the IP addresses.

36. Plaintiff is informed and believes, and thereon alleges that Hard Drive knew or should have known of the IP addresses of the BitTorrent trackers that were being used to distribute the work.

37. Plaintiff, through his counsel, has searched the website http://www.chillingeffects.com and found no exemplars of any Digital Millennium Copyright Act ("D.M.C.A.") takedown notices issued by Hard Drive.

38. Plaintiff, through his counsel, has searched the Federal PACER website, and of the 59 lawsuits filed by Hard Drive, none of them involve a lawsuit against a BitTorrent tracker defendant for D.M.C.A. liability.

39. Plaintiff, through his counsel, requested Hard Drive to provide any evidence that it has issued D.M.C.A. takedown notices to any BitTorrent tracker owner, or that it has sued any BitTorrent tracker owner for D.M.C.A. liability yet Hard Drive refused to provide such information.

40. Based on Hard Drive's previously stated refusal and the previously stated allegations, plaintiff can only conclude that Hard Drive has no such evidence as a reasonable person would have provided such information in lieu of attempting to move for sanctions under rule 11.

41. Plaintiff, through his counsel, has searched the Federal PACER website, and of the 59 lawsuits filed by Hard Drive, none of them involve a lawsuit against a BitTorrent tracker defendant for D.M.C.A. liability.

42. Based on the previously stated allegations, Plaintiff is informed and believes, and thereon alleges that Hard Drive never issued any D.M.C.A. takedown notices to the owners and/or operators of the BitTorrent trackers that were being used to distribute the work.

43. On or about March 6, 2012, Hard Drive filed a lawsuit against 59 Doe defendants for infringement of its purported copyright.

44. On or about March 2, 2012, Hard Drive filed a lawsuit against 54 Doe defendants for infringement of its purported copyright.

45. Hard Drive's agent's custodian of records has declared under penalty of perjury that it has filed at least 37 lawsuits naming 3,480 Doe defendants yet has served no defendants.

46. Plaintiff is informed and believes, and thereon alleges that Hard Drive continues to track and log IP addresses, and continues to sue Doe defendants corresponding to these logged IP addresses for infringement of its purported copyright since March 2011 yet at the same time has never named the owners of these BitTorrent trackers as defendants for D.M.C.A. liability in these lawsuits.

47. Contrary to Hard Drive's allegation that venue under 28 U.S.C. section 1391(b) governs copyright infringement actions, it does not; only section 1400(a) governs venue in copyright infringement actions per the Supreme Court's holding in Schnell v. Peter Eckrich & Sons, Inc. (1961) 365 U.S. 260, 262-263.

48. The Schnell court's analysis of venue in section 1400(b) for patent infringement actions should likewise be applied for venue in copyright infringement actions under section 1400(a).

49. Plaintiff did not move to quash Hard Drive's subpoena issued to his internet service provider ("ISP").

50. Plaintiff's ISP released his name, address, and telephone number to Hard Drive.

51. After receipt of plaintiff's name, address, and telephone number, Hard Drive transmitted a letter demanding that he settle for $3,400. (Exhibit A at p.2, ¶ 3.) A true and correct copy of this letter is attached hereto as Exhibit A.

52. In Hard Drive's settlement demand letter, it threatened plaintiff with a lawsuit. (Exhibit A at p.1, ¶ 5.)

53. In Hard Drive's settlement demand letter, it notified plaintiff to act promptly by settling to avoid being named as a defendant in the lawsuit.

54. In Hard Drive's settlement demand letter, it notified plaintiff that he was liable for copyright infringement by merely having an unsecured wireless network/router even though plaintiff did not download the work, did not tell anyone else to download the work, and did not know anyone was using his internet service to download the work. (Exhibit A at p.4, ¶¶ 12-13.)

55. Along with its settlement demand letter, Hard Drive also transmitted a memo of law to plaintiff. A true and correct copy of this memo is attached hereto as Exhibit B.

56. In its memo of law, Hard Drive notified plaintiff that he is liable for copyright infringement by simply being the account holder on his ISP account. (Exhibit B at p.3, ¶ 5.)

57. In Hard Drive's settlement demand letter, it notified plaintiff that he may be liable for statutory damages of up to $150,000. (Exhibit A at p.2, ¶ 1.)

58. Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior action complaint along with the settlement demand letter and memo of law were designed to threaten, notify, intimidate, and to coerce plaintiff into paying the settlement demand of $3,400, especially when confronted with the statutory damages figure of $150,000.

///

///

///

59. Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior action complaint coupled with the settlement demand letter and memo of law were designed to threaten, notify, intimidate, and to coerce plaintiff into paying the settlement demand of $3,400 as it would be more expensive for him to retain an attorney to defend himself against the baseless and unfounded allegations.

60. Plaintiff is informed and believes, and thereon alleges that no facts existed for Hard Drive to represent, either in its prior action complaint or in its settlement demand letter, to plaintiff that Hard Drive was entitled to recover any statutory damages award given that the alleged infringement occurred on March 21, 2011 which is before the work's registration date of November 18, 2011, and more than 3 months after the date of first publication on March 4, 2011.

61. Plaintiff is informed and believes, and thereon alleges that Hard Drive's communications transmitted to plaintiff were designed to threaten, notify, intimidate, and to coerce him into settling the case despite the absence of any facts supporting liability against him.

62. Hard Drive has made settlement demands to Mr. Abrahams and the Doe defendants.

63. Hard Drive's making of settlement demands here and in its lawsuits against anonymous Doe defendants are similar to the Trevor Law Group, LLP's making of settlement demands to the defendants it sued.

64. On January 19, 2012, Hard Drive dismissed its prior action without prejudice.

65. Plaintiff is informed and believes that Hard Drive dismissed its prior action as it could not and did not want to address the issues and questions that the court had with the prior action, that it no longer wanted to proceed before a magistrate judge despite providing its prior consent, and that it also did not want to be sanctioned for failing to prosecute the case and for misjoining all anonymous doe defendants.

### B.  Hard Drive's Present Lawsuit

66. On November 21, 2011, Hard Drive filed a complaint for copyright infringement against a single John Doe defendant which was initially assigned case number C 11-05634 JCS (hereafter "present action"), and which was subsequently reassigned to the Honorable Phyllis J. Hamilton.

67. In the present action, Hard Drive failed to comply with Civil L.R. 3-16(b)(1) by failing to disclose "any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding."

68. Instead on November 21, 2011, Hard Drive violated Civil L.R. 3.16(b) by purposefully limiting and qualifying its disclosure to only state that Hard Drive does not have a parent corporation that owns 10% or more of its stock, and that there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that may have a personal or affiliated financial interest in the subject matter or controversy.

69. Despite the fact that Hard Drive knew that the prior action was still pending, and that the present action was related to the prior action, Hard Drive failed to comply with Civil L.R. 3-3(c) which requires the refiling party to file a motion to consider whether cases should be related pursuant to Civil L.R. 3-12 so that the judge originally assigned to the action which had been dismissed should have the refiled case transferred to him or to her to avoid the unduly burdensome duplication of labor and expense.

70. Plaintiff is informed and believes, and thereon alleges that Hard Drive filed the present action, because it no longer wanted a magistrate judge to decide the case despite consenting to a magistrate judge in the prior pending and related action; Hard Drive's conduct was designed to improperly withdraw its prior consent to a magistrate judge.

71. Plaintiff is informed and believes, and thereon alleges that Hard Drive purposefully failed to comply with Civil L.R. 3-3(c), because the previously assigned judge, the Honorable Laurel Beeler was likely to make rulings adverse to Hard Drive given its failure to prosecute the case.

72. In the present action, Hard Drive alleged that it was entitled to recover statutory damages and attorneys' fees per 17 U.S.C. section 504(c) as stated in its complaint at paragraph 31, and in its prayer for relief at paragraph 2.

///

///

73.   Again, Hard Drive is not entitled to recover statutory damages and attorneys' fees, because Hard Drive claimed that the alleged infringement occurred on March 21, 2011 which is before the work's registration date of November 18, 2011, and more than 3 months after the date of first publication on March 4, 2011.

74.   On October 19, 2011, Hard Drive transmitted a settlement demand letter to plaintiff that it would be in his beneficial interest to settle Hard Drive's allegations of copyright infringement to avoid the expense of further litigation. A true and correct copy of the letter is attached as Exhibit C.

75.   Along with Hard Drive's settlement demand letter, Hard Drive transmitted a letter to plaintiff to preserve all evidence else be faced with spoliation sanctions. A true and correct copy of the letter is attached as Exhibit D.

76.   Plaintiff is informed and believes, and thereon alleges that as late as January 11, 2012, Hard Drive represented to the public that he was one of its agents "Top 25 Pirates." A true and correct copy of this redacted defamatory statement is attached hereto as Exhibit E at page 1. Plaintiff denies this unfounded and baseless defamatory allegation.

77.   Plaintiff is informed and believes, and thereon alleges that as late as January 12, 2012, Hard Drive's represented to the public that he was one of its agents "Top Pirates." (Exhibit E at p.2.) Plaintiff denies this unfounded and baseless defamatory allegation.

78.   Plaintiff is informed and believes, and thereon alleges that Hard Drive's prior and present action complaint along with its threats and notices of lawsuits, memo of law of plaintiff's alleged absolute liability, settlement demands, and defamatory allegations were designed to threaten, notify, intimidate, embarrass, shame, and to coerce plaintiff into paying the settlement demand of $3,400 especially when confronted with a statutory damages figure of $150,000.

79.   On January 6, 2012, Hard Drive applied ex parte to take on an expedited basis the deposition of plaintiff who was not named as a defendant in Hard Drive's present action.

80.   Plaintiff is informed and believes, and thereon alleges that despite Hard Drive's erroneous position that plaintiff is vicariously liable for any acts or conduct occurring through his internet account, it purposely avoided naming plaintiff for the purposes of obtaining ex parte discovery in the present action on an expedited basis to prevent him from properly defending himself as a party

Case 3:12-cv-01006-JCS Document 42-6 Filed 08/17/12 Page 11 of 16
Case3:12-cv-01006-JCS Document14 Filed03/26/12 Page11 of 16

against the baseless and unfounded allegations, and to cause him to incur attorneys' fees in defending himself at deposition to force him to settle.

81. Hard Drive's tactics were improper as plaintiff had notified it that: (1) he did not download the work, and (2) he did not know who downloaded the work.

82. In response, Hard Drive's rejected plaintiff's statements of non-liability.

83. Plaintiff is informed and believes, and thereon alleges that the acts and conduct of Hard Drive and its agents or employees as described herein were unlawful and/or improper, and its making of settlement demands are similar to the Trevor Law Group, LLP's making of settlement demands.

### C. Hard Drive's Work is Not Copyrightable

84. Article I, Section 8, Clause 8 of the United States Constitution, known as the Copyright Clause, empowers the United States Congress: "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."

85. Thus, copyright is authorized only for works which promote the progress of science and the useful arts.

86. Horizontal Stare Decisis or Circuit law binds all courts within a particular circuit, including the court of appeals itself. (Hart v. Massanari (9th Cir. 2001) 266 F.3d 1155, 1171—"[T]he first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals…. Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court" or "unless Congress changes the law.")

87. Early Circuit law in California held that obscene works did not promote the progress of science and the useful arts, and thus cannot be protected by copyright.

88. Subsequent non-en banc decisions by the Ninth Circuit failed to follow this prior circuit decision in California.

///
///
///

PLAINTIFF'S FIRST AMENDED COMPLAINT
C 12-01006 JCS – PAGE 11

89. Given the absence of any subsequent en-banc Ninth Circuit decisions, Supreme Court precedent, or changes in the Constitution that copyright is authorized for works which does not promote the progress of science and the useful arts, the subsequent Ninth Circuit decisions are void and do not constitute binding precedent.

90. Hard Drive's work does not promote the progress of science.

91. Hard Drive's work does not promote the useful arts.

92. Hard Drive has judicially admitted that its work is adult pornography.

93. Hard Drive's work depicts obscene material.

94. Plaintiff is informed and believes, and thereon alleges that to create the work, Hard Drive and its agents and/or its employees violated laws which prohibited pimping, pandering, solicitation and prostitution, including any claims of conspiracy.

95. Hard Drive's work depicts criminal acts and/or conduct.

96. Hard Drive's work is not copyrightable.

### VII. FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AND/OR JUDGMENT THAT PLAINTIFF IS NOT LIABLE TO HARD DRIVE FOR COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

97. Plaintiff realleges and incorporates by reference as though fully stated here, paragraphs 1 to 88.

98. Although Hard Drive in its present action denies that it does not know if plaintiff is liable to it for copyright infringement, in extra-judicial communications, Hard Drive's position is completely the opposite—that plaintiff is liable to Hard Drive.

99. On or about June 30, 2011, Hard Drive, through its agent transmitted a letter to plaintiff which is attached hereto as Exhibit A.

100. In its letter, Hard Drive notified plaintiff that to avoid being named as a defendant in a copyright infringement action, he had to pay $3,400 to settle Hard Drive's claims. (Exhibit A at p.2, ¶ 3.)

101. In its letter, Hard Drive threatened plaintiff with a lawsuit. (Exhibit A at p.1, ¶ 5.)

///

///

PLAINTIFF'S FIRST AMENDED COMPLAINT
C 12-01006 JCS – PAGE 12

102. Along with the settlement demand letter, Hard Drive transmitted a memo of law to plaintiff notifying him that he was absolutely and vicariously liable for copyright infringement simply by being the account holder of his ISP account. (Exhibit B at p.3, ¶ 5.)

103. In Hard Drive's memo of law, its position is that the account holder is liable for copyright infringement committed by any person who uses the account holder's internet access.

104. As late as January 11 and 12, 2012, Hard Drive gave notice to the public and plaintiff that plaintiff was one of its agents' "Top 25 Pirates" and "Top Pirates."

105. Hard Drive's present action, in which it allegedly denies that it does not know who infringed its work is false and mere pretext given its extra-judicial actions, conduct, and communications threatening lawsuits, and demanding settlements from plaintiff as alleged herein.

106. Plaintiff is informed and believes, and thereon alleges that Hard Drive is purposefully avoiding naming plaintiff so that it can improperly conduct expedited ex parte discovery upon plaintiff to preclude him from defending himself against Hard Drive's baseless and unfounded allegations.

107. Plaintiff is informed and believes, and thereon alleges that Hard Drive is purposefully conducting expedited ex parte discovery upon plaintiff in order to threaten, intimidate, and to coerce plaintiff into settling with Hard Drive.

108. As alleged in Hard Drive's present action, and based upon its actions and conduct as described herein, plaintiff denies that he is liable to Hard Drive for copyright infringement.

109. Based on all the information stated herein, an actual and continuing controversy exists between plaintiff and Hard Drive such that plaintiff needs the court to declare the rights between the parties.

110. Wherefore, plaintiff prays for the following relief.

### VIII. PRAYER FOR RELIEF

Plaintiff seeks relief as follows:

111. That the court issue an order declaring that plaintiff is not liable to Hard Drive for copyright infringement, and/or he has not infringed Hard Drive's copyrights, if any;

///

///

112. That the court issue an order declaring that Hard Drive's work is not copyrightable and/or to strike its copyright registration as the work does not promote the progress of science and the useful arts as required by the U.S. Constitution, including but not limited to the fact that the work is obscene, was created by unlawful conduct and depicts unlawful activity, and that Hard Drive, its owners, agents, and/or employees have engaged in unlawful activity and/or conduct such as pimping, pandering, solicitation, and prostitution, including conspiracy to commit such acts.

113. That the court issue an order declaring that Hard Drive has not mitigated damages, including but not limited to being based upon the doctrines of estoppel and laches, and due to its failure to issue D.M.C.A. take down notices to the BitTorrent trackers, and by continuing to allow these BitTorrent trackers to continue to exist so that Hard Drive can continue to improperly demand more settlements from non-liable defendants.

114. That the court issue an order declaring that Hard Drive is not entitled to recover statutory damages and attorneys' fees;

115. That the court issue an order declaring that no infringement has occurred given that Hard Drive had authorized its work to be distributed by its non-California and unlicensed private investigators, who are in violation of California Business and Professions Code sections 7520 and 7521 while they were distributing and participating in the distribution of the work, and/or that Hard Drive is guilty of unclean hands due to its and/or its agents' conduct here and in other actions against anonymous Doe defendants;

116. That the court issue an order declaring that Hard Drive, its agents, and/or employees have unlawfully and improperly demanded settlements unsupported by facts and law which constitute copyright misuse, and which constitute a violation of California Business and Professions code section 17200;

117. That plaintiff be awarded his costs and attorneys' fees as provided by law, including but not limited to U.S.C. section 505;

118. That the court enter judgment in favor of plaintiff, and against Hard Drive and any other named defendants; and

///

119. For such other and further relief as the court deems just and proper.

## IX.  DEMAND FOR JURY TRIAL

120. Plaintiff demands a jury trial for all issues triable by jury.

DATED: March 26, 2012

                MURPHY, PEARSON, BRADLEY & FEENEY

                /s/ Steven W. Yuen

By _____
   Steven W. Yuen
   Attorneys for Plaintiff
   SETH ABRAHAMS

SWY.20380783.doc

# CERTIFICATE OF SERVICE

I, Shannon R. Young, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On March 26, 2012, I served the following document(s) on the parties in the within action:

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

|    |    |
|----|----|
|    | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|    | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|    | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|    | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| XX | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs  
Prenda Law Inc.  
38 Miller Avenue, #263  
Mill Valley, CA  94941

Attorneys For Defendant/Plaintiff  
HARD DRIVE PRODUCTIONS, INC.  
Case Number C 11-05634 PJH

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 26, 2012.

/s/ Shannon R. Young  
By _____  
Shannon R. Young