1   Brett L. Gibbs, Esq. (SBN 251000)
    Of Counsel to Prenda Law Inc.
2   21 Locust Avenue, Suite #1
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4

5   *Attorney for Defendant*

6               IN THE UNITED STATES DISTRICT COURT FOR THE

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9

10  SETH ABRAHAMS,                     )    **No. C 12-01006 JCS**
                                       )
11          Plaintiff/Counter-Defendant, )   **DEFENDANT HARD DRIVE**
                                       )    **PRODUCTIONS, INC'S OPPOSITION TO**
12          v.                         )    **PLAINTIFF SETH ABRAHAMS'**
                                       )    **MOTION FOR JUDGMENT ON THE**
13  HARD DRIVE PRODUCTIONS, INC.,      )    **PLEADINGS**
    AND DOES 1-50,                     )
14                                     )
                                       )
15          Defendant/Counter-Plaintiff )
                                       )
16  _____ )

17  **DEFENDANT HARD DRIVE PRODUCTIONS, INC'S OPPOSITION TO PLAINTIFF**
    **SETH ABRAHAMS' MOTION FOR JUDGMENT ON THE PLEADINGS**

18

19          Defendant Hard Drive Productions, Inc. ("Defendant"), through its undersigned counsel,

20  hereby files this response in opposition to Plaintiff Seth Abrahams' ("Plaintiff") motion for

    judgment on the pleadings.

21
                                    **INTRODUCTION**
22
            Plaintiff Seth Abrahams ("Plaintiff") has filed a motion for judgment on the pleadings with
23
    respect to his declaratory judgment action seeking a declaration of non-infringement of Defendant's
24
    copyrighted work. Plaintiff's arguments supporting its motion for judgment on the pleadings fall
25
    short in attempting to justify that declaration.
26
            First, Plaintiff argues that "the dismissal of Hard Drive's second complaint operates as an
27
    adjudication on the merits," asserting that the second dismissal entitles Plaintiff to a judgment on the
28
    pleadings based upon res judicata. (Plaintiff's Motion for Judgment on the Pleadings ["Pl. Mot."] at

4.)  Second, Plaintiff argues that, for the purposes of res judicata, there exists identity of claims between the first two dismissed actions and the action here. (Pl. Mot. at 5.)  Third, Plaintiff argues that Defendant's voluntary dismissal of its second action operated as a final judgment on the merits because the claims in the two actions are the same and based on the same set of operative facts (Pl. Mot. at 6.)  Finally, Plaintiff argues that "there is identity between [Plaintiff] in this action, and [the Doe defendant] in both of [Defendant's] prior two dismissed actions." (Pl. Mot. at 6.)  According to Plaintiff, because Plaintiff here and the Doe defendant in the previously dismissed actions are "substantially the same" and because "Defendant could have substituted Plaintiff's name in place of the Doe in its two prior actions at any time during their pendency," the identity between the parties invokes res judicata, which, in turn, allows the Court to conclude that not only "can [Plaintiff] no longer be liable to Hard Drive for infringement of its purported copyrighted work," but, further, that "[Plaintiff] is presumed to be the prevailing party in [this] action for declaratory relief of non-infringement of Hard Drive's purported copyrighted work." (Pl. Mot. at 7.)

**LEGAL STANDARD**

To prevail in a motion for judgment on the pleadings, "Plaintiff must establish that 'no material issue of fact remains to be resolved and that [he] is entitled to judgment as a matter of law." *Decker Coal Co. v. Hartman,* 706 F. Supp. 745, 750 (D. Mont. 1998) (*citing McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988)). Obviously, the standard for obtaining a judgment on the pleadings is quite high.

**ARGUMENT**

**I.      DEFENDANT'S PRIOR VOLUNTARY DISMISSALS DO NOT OPERATE AS AN ADJUDICATION ON THE MERITS OF ITS CLAIMS AGAINST PLAINTIFF**

Plaintiff argues that Defendant's voluntary dismissals of two prior actions against John Doe defendants operate as an adjudication on the merits of his current claim against Defendant.  Plaintiff asserts that the second dismissal entitles Plaintiff to a judgment on the pleadings on the basis of res judicata because, first, "the policy and purpose of Rule 41(a)(1) was designed to limit a plaintiff's ability to dismiss an action" and, second, "the Ninth Circuit has analogized the Rule (41)(a)(1)(B) two dismissal rule to the res judicata inquiry." (Pl. Mot. at 4.)  Plaintiff's core argument is that

Defendant brought one too many direct and contributory copyright infringement lawsuits against Plaintiff, and therefore invokes Fed.R.Civ.Proc. ("Rule") 41(a)(1)(B) in arguing that Defendant's claims have been procedurally "adjudicated on the merits."   The true issue here, however, is whether the John Doe two lawsuits cited by Plaintiff—i.e. Case No. 4:11-cv-01567 and Case No. 4:11-cv-05634—count as cases against Defendant, and in favor of Plaintiff in this action, under the "two dismissal rule" of Rule 41(a)(1)(B).  The answer is a resounding "no."

## A.  PLAINTIFF MISCHARACTERIZES *COOTER & GELL V. HARTMAX CORP.*

Plaintiff argues that the Court's holding in *Cooter* stands for the proposition that "the policy and purpose of Rule 41(a)(1) was designed to limit a plaintiff's ability to dismiss an action… [and] aimed at curbing abuses." (Pl. Mot. at 4.)  However, this proposition cited from *Cooter* was followed by the assertion that "Rule 41(a)(1) was intended to eliminate 'the annoying of a defendant by being summoned into court in successive actions.'" *Cooter & Gell v. Hartmax Corp. Et. Al.*, 496 U.S. 384, 394 (1990) (*citing* 2 American Bar Association, Proceedings of the Institute on Federal Rules, Cleveland, Ohio, 350 (1938)).  *Cooter* thus does not stand for the proposition that the purpose of Rule 41(a)(1) was designed to limit a plaintiff's ability to dismiss an action, as Plaintiff suggests, but rather the proposition that the Rule was designed to limit a plaintiff's ability to dismiss (and subsequently refile) an action *against the same particular defendant*.  *See id*.  The Court in *Cooter* was concerned with potential abuse, and more accurately, the potential annoyance in defendant "*being summoned* into court in successive actions." *Id.* (emphasis added).  The key phrase here is "*being summoned*."   In these circumstances, Defendant's prior actions were against Doe defendants; neither the actions nor their voluntary dismissals named Plaintiff, or any other specific person, as a defendant. (*See* Pl. Exh. A, B, C, D.)  Thus, *Cooter's* concern is absent: Plaintiff was *never* "summoned" to court in any of the prior actions referenced.  Plaintiff was never served with a summons or forced to appear as a party in either Case No. 4:11-cv-01567 or Case No. 4:11-cv-05634.  In fact, in Plaintiff never appeared or participated in Case No. 4:11-cv-01567. *See generally Hard Drive Productions, Inc. v. Does 1-118*, Case No. 4:11-cv-01567.  As such, he was never "annoy[ed]" by the case under the *Cooter* rationale.  In Case No. 4:11-cv-05634, Plaintiff was a limited participant and specifically referred to himself as a "nonparty," never performed any party

functions in that case, and, most importantly, was never named as a party in that case. *See, e.g., Hard Drive Productions, Inc. v. John Doe*, Case No. 4:11-cv-05634, ECF No. 16 ("…plaintiff Seth Abrahams in the U.S. District Court, Northern District of California's action number C 12-01006, and **nonparty** in this [4:11-cv-05634] action…") (emphasis added). For the forgoing reasons, *Cooter* is inapplicable to the circumstances of this case.

### B. PLAINTIFF MISCHARACTERIZES *COMMERCIAL SPACE MANAGEMENT V. BOEING*

Plaintiff argues that Defendant's prior voluntary dismissals against Doe defendants in the above-referenced cases were based on the same legal and factual claims. (Pl. Mot. at 4.) Plaintiff supports this assertion by stating that "although neither the Supreme Court nor the Ninth Circuit has specifically addressed the meaning of 'same claims' for the purposes of Rule 41(a)(1)(B), the Ninth Circuit [in *Commercial Space Management*] has analogized the Rule 41(a)(1)(B) two dismissal rule to the res judicata inquiry." (Pl. Mot. at 4.) The *Commercial Space Management* Court, however, made this analogy solely with respect to the fact that "determinations of res judicata routinely occur in the context of a different action," and so the Court saw "no reason why the interests of judicial economy are not well served by deferring resolution of the effect of prior dismissals under the two dismissal rule to the third action, if and when one is filed that is based on or includes the same claim." *Commercial Space Management Co. v. Boeing Co.,* 193 F.3d 1074, 1077 (9th Cir. 1999). The Court's analogy was thus limited to the idea that the determination of the effect of prior dismissals under the two dismissal rule, like the determination of res judicata, is one that is properly deferred until the filing of a third action that fits within the res judicata parameters. The Court makes absolutely no indication that this analogy should be extended to any other actions where the so-called third action is in fact a declaratory relief action brought by the purported original defendant. Plaintiff fails to cite a single case where a declaratory judgment action, with the same posture as this case, counts as a "third action" under *Commercial Management*. In fact, the overwhelming precedent establishes the opposite: that the party bringing the "third action" must be the same (at least in privity) party who brought the two original actions in order for res judicata to apply. *See, e.g. id; Hancock v. Pomazal, et al.,* 416 Fed.Appx. 639 (9th Cir. 2011); *ASX Ins. Corp. v. Newton,* 183

F.3d 1265 (11th Cir. 1999).   Plaintiff is thus not entitled to a judgment on the pleadings on its action.

## II.   IDENTITY OF CLAIMS DOES NOT EXIST BETWEEN DEFENDANT'S PRIOR VOLUNTARILY DISMISSED ACTIONS AND PLAINTIFF'S ACTION HERE

Plaintiff argues that "identity of claims exists for the purposes of res judicata" because "both of the dismissed actions and the action here involve infringement of the same rights," and that, since "the claims arise out of the same transaction/occurrence, the evidence presented here would be substantially the same as that which [Defendant] would have previously presented had it not voluntarily dismissed the prior actions." (Pl. Mot. at 5.) It is as yet unknowable, however, whether the prior dismissed actions and the current action arise out of the same transaction or occurrence.

Let us step back and compare the prior suits to show the clear distinctions.  Both of the prior cases, Case No. 4:11-cv-01567 and Case No. 4:11-cv-05634, were separate and distinct Doe defendant lawsuits.[1]  Neither case named or served a defendant.  The first case was against 118 Does, and the second case was against a single Doe.  The first case references 118 Internet Protocol ("IP") addresses that are associated with a number of Internet subscribers, and those IP addresses are specifically connected to infringement of Defendant's copyrighted works.  The second action specifically mentions Plaintiff in its first paragraph, but this reference says *nothing* about him being liable for copyright infringement; in fact, it is to the contrary:

> In a previously filed action, Plaintiff sought relief against an anonymous copyright infringer associated with Internet Protocol ("IP") address 98.248.90.217. In the course of expedited discovery, Plaintiff ascertained the identity of the account holder associated with the IP address to be Seth Abrahams. Because the relationship between an account holder and infringer can be imperfect, *Plaintiff now files this action to complete its investigation into the infringer's identity and, if necessary, to prosecute the infringer for his blatant violation of Plaintiff's copyright.*

---

[1] This issue of lawsuit similarity has already been raised by Plaintiff, and has been wholly rejected by both Magistrate Judge Laurel Beeler and Judge Phyllis J. Hamilton.  *Hard Drive Productions, Inc. v. Does 1-118*, Case No. 4:11-cv-01567 ECF No. 35; *Hard Drive Productions, Inc. v. John Doe*, Case No. 4:11-cv-05634 ECF. No. 27 (both courts finding that cases were not related.)

*Hard Drive Productions, Inc. v. John Doe,* Case No. 4:11-cv-05634 ECF. No. 1 (emphasis added).
As explained, in the first paragraph, there was no ascertainable defendant: that is why it was
postured as a John Doe lawsuit.  Despite mentioning Plaintiff's name as the "account holder" in that
case—which is undisputed fact—Plaintiff was never named in that suit.  Defendant dismissed these
prior actions because it was not able to identify and/or name the Doe defendants in those cases.  The
present case presents an entirely different set of facts that has never been asserted in any court,
anywhere, before Plaintiff's present action was filed.  In this case, Plaintiff is asserting, and
requesting a declaratory judgment with regard to, his non-infringement.  This is not even in the same
ballpark as the other two suits.  Plaintiff makes an *affirmative* request to ask the Court to consider
something that has neither ever been considered by any other Court, nor ever even been alleged by
Defendant.  And, now, somehow, Plaintiff argues that this declaratory judgment action should be
granted on the merits because of perceived procedural defect in two entirely unrelated cases.  When
going through the gamut here, it is clear that Plaintiff's contentions are entirely outlandish.

Going back to Plaintiff's "identity of claims" argument, first, it is absolutely undisputed that
Defendant's prior cases *never* alleged that Plaintiff was the infringer of its copyrighted works.
Second, the prior two cases were inherently different from each other, and nothing like this case.[2]
Plaintiff's case is with regard to an alleged transaction (i.e. copyright infringement)—or, more
accurately, the alleged absence of that transaction—by a specific, known person: Plaintiff.
Plaintiff's claim that he did not infringe on Defendant's copyrighted work inherently cannot be said
to arise out of the same transaction or occurrence as either of Defendant's prior claims in Case Nos.
4:11-cv-01567 and 4:11-cv-05634 that an unascertained Doe defendant had infringed on
Defendant's copyrighted work because Defendant was not able to ascertain which specific person
had engaged in the infringement; the specific transaction or occurrence underlying the claim in this
case was thus not yet known, and makes the question of whether Plaintiff's declaratory judgment
claim arose out of the same transaction or occurrence inherently unanswerable. Plaintiff has the

---

[2] Again, this is further bolstered by the prior footnote, and the conclusions of two judges in this district.  This attenuated
relationship makes res judicata very suspect.

burden of proving that both claims arose out of the same transaction or occurrence, and he clearly has not done so.  Plaintiff is thus not entitled to a judgment on the pleadings on its action.

### III.   DEFENDANT'S PRIOR VOLUNTARY DISMISSALS DID NOT OPERATE AS AN ADJUDICATION ON THE MERITS WITH RESPECT TO PLAINTIFF

Plaintiff argues that, because Defendant voluntarily dismissed two prior actions against Doe defendants without prejudice, and those claims "are based upon the same operative facts and background," the dismissals operated as a final adjudication on the merits. (Pl. Mot. at 6.)  The inference Plaintiff clearly wishes this Court to make is that the prior dismissals operated as a final judgment on the merits *with respect to Plaintiff's action*.  This inference is improper; Plaintiff was not named as a defendant in the complaints or voluntary dismissals cited by Plaintiff, and so the voluntary dismissals cannot be construed as an adjudication on the merits with respect to Plaintiff (Pl. Exh. A, B, C, D.)  Furthermore, as discussed above, the prior voluntarily dismissed claims were not based upon the same operative facts and background to the degree necessary to characterize them as arising from the same transaction or occurrence as the claim underlying Plaintiff's action. In fact, legally speaking, the current case is in a different universe from the prior two cases both in its posturing and when comparing the claims and who they were (are) against.  Assuming, *arguendo*, that Case No. 4:11-cv-01567 and Case No. 4:11-cv-05634 were proven to be legally related for res judicata purposes (which Defendant does not concede), this only prevents Defendant from bringing a *third case*.  *See Commercial Space Management,* 193 F.3d at 1077.  Defendant did not bring a third case.  Plaintiff did.  In it, Plaintiff now asks the Court to conclude from the alleged violation of the "two dismissal rule" that res judicata somehow forces the Court to make an affirmative statement that Plaintiff is not an infringer of Defendant's copyrighted works.  Neither Case No. 4:11-cv-01567 nor Case No. 4:11-cv-05634 ever charge Plaintiff with infringement.  Even if the Court were to make an adjudication on the merits based on the two prior cases, how would the Court be able to grant Plaintiff the specific relief it requests (i.e. that *Plaintiff* is not the infringer)?  Plaintiff is saying that he is now somehow entitled to an affirmative statement by the Court that Plaintiff was in fact not an infringer of Defendant's works (something that Defendant never alleged).  Plaintiff fails to cite any authority supporting its arguments that it is entitled to such relief under these circumstances.

**IV.    IDENTITY DOES NOT EXIST BETWEEN PLAINTIFF IN THIS ACTION AND DEFENDANTS IN BOTH OF HARD DRIVE'S PRIOR DISMISSED ACTIONS**

**A.  PLAINTIFF GROSSLY MISCHARACTERIZES *LAKE AT LAS VEGAS INVESTORS***

Plaintiff argues that identity of parties should be found between Plaintiff in this action and the defendants in both of Defendant's previously dismissed actions, asserting that "Rule (41)(a)(1) does not require strict privity; no 'same' defendant requirement is read into this rule…Instead, all that is required is 'a relationship between the dismissed party and the party seeking to claim the benefit of the bar.' That the defendant seeking to enforce the bar is 'substantially the same' is sufficient." (Pl. Mot. at 6.) Plaintiff, however, suggests a much broader interpretation of the phrase "substantially the same" than that which was actually set forth by the Court in *Lake at Las Vegas Investors*. In fact, the Court was extremely careful to limit the applicability of this phrase, stating "we need not define the precise parameters of the applicable test. *We only hold that* the wholly-owned subsidiary and partnership in which that subsidiary is the general partner may invoke the two dismissals of the subsidiary's parent and claim Rule 41(a)(1) res judicata." *Lake at Las Vegas Investors v. Pacific Malibu Dev.,* 933 F.2d 724, 729 (9th Cir. 1991) (emphasis added).  In that case, these are related parties.  There is little, if any, relation between Plaintiff and the Doe defendants in the previous cases.  While Plaintiff argues that his IP address makes the relation clear, this is factually inaccurate.  As Defendant clearly explained, and is cited above, Defendant explicitly stated in Case No. 4:12-cv-05634 that Defendant did not know who the infringer was in that case.  Neither Plaintiff, nor any other specific person, was named as a defendant in Defendant's prior actions and subsequent voluntary dismissals, thus leaving Plaintiff well outside the factually narrow scenario contemplated by the *Lake at Las Vegas* Court as constituting "substantially the same" party for the purpose of determining identity of parties in Rule 41(a)(1) res judicata claims. Plaintiff is thus not entitled to a judgment on the pleadings in its action.

///

///

## B. DEFENDANT WAS NOT OBLIGATED TO SUBSTITUTE PLAINTIFF'S NAME IN PLACE OF THE DOE IN ITS TWO PRIOR ACTIONS, AND EXPRESSLY DECLINED TO SO

Plaintiff asserts that there is identity between Plaintiff and the Doe defendant in the previously dismissed cases because Defendant "could have substituted Plaintiff's name in place of the Doe in its two prior actions at any time during their pendency," but did not do so. (Pl. Mot. at 6.) In support of this proposition, Plaintiff first argues that the use of Doe defendants is disfavored, and that, despite this status, "courts allow the naming of a fictitious defendant to give the plaintiff an opportunity through discovery to identify the unknown defendants." (Pl. Mot. at 6.)  Plaintiff correctly states the latter as a purpose for which courts allow the naming of Doe defendants.  In fact, this is the very reason for which Defendant named Doe defendants in its prior complaints in the first place: Defendant did not know who the infringer was in those cases.  Had Defendant known, it would have named that individual, and proceeded with its case. The discovery process, however, did not yield sufficient evidence for Defendant to be able to name anyone as a Doe defendant. Plaintiff cites no case law in support of the proposition that Defendant took any actions that triggered an obligation to name the Plaintiff as the Doe defendant. Indeed, such a conclusion on the basis of these facts would be preposterous; since the very purpose of discovery was to properly identify the Doe defendant, naming a Doe defendant prior to having gathered sufficient evidence to accurately do so would fly in the face of that purpose, and of justice itself.  Plaintiff also argues that "[Defendant] conceded that the Doe defendant associated with [the] IP address of 98.248.90.217 was [Plaintiff] when it notified the court at the July 27, 2012 case management conference that it was going to amend its counter-claims to allege counts for direct and contributory infringement against [Plaintiff]." (Pl. Mot. at 7.) That statement by Plaintiff's counsel, however, is not tantamount to a concession that the Doe defendant in the Complaint was the Plaintiff.  Defendant subsequently declined to name Plaintiff, or anyone else, as the person associated with the IP address out of an abundance of caution, and was under no obligation to name anyone until it had gathered and analyzed sufficient evidence to be able to name the Doe defendant with an acceptable degree of accuracy.  In addition, Plaintiff errs in basing his claim that there is identity between Plaintiff and the Doe defendant in both of the prior dismissed actions on the fact that Defendant *could have*

substituted Plaintiff's name in place of the Doe defendant. There are any number of actions Defendant *could have* taken throughout the course of its litigation. Plaintiff's assertion that identity of parties would exist had Defendant taken a specific, hypothetical course of action is irrelevant; Defendant had no obligation to pursue that course of action, Defendant in fact did not do so, and, most importantly, Plaintiff has cited no case law standing for his proposition that Defendant's failure to take that hypothetical course of action is an acceptable basis for establishing identity of parties between any of the actions referenced herein.

Again, we are not dealing with "could haves," we are dealing with realities. If we were dealing with "could haves" instead of realities here, perhaps Defendant could have theoretically taken the admissions made by Plaintiff at his deposition, made some further conclusions, and brought a case against Plaintiff in a prior action.  While this could have happened, it did not.

## CONCLUSION

For the reasons described herein, the Court should deny Plaintiff's motion.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: August 31, 2012**

By:     /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
21 Locust Avenue, Suite #1
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 31, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6.

/s/Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq.

OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS     CASE NO. C 12-01006 JCS