Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:    (415) 788-1900
Fax:   (415) 393-8087

Attorneys for Plaintiff/Counter-Defendant
SETH ABRAHAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ABRAHAMS,<br><br>    Plaintiff/Counter-Defendant<br><br>v.<br><br>HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50,<br><br>    Defendants/Counter-Plaintiff | Case No.:  C 12-01006 JCS<br><br>**PLAINTIFF/COUNTER-DEFENDANT SETH ABRAHAMS'S REPLY TO DEFENDANT/COUNTER-PLAINTIFF HARD DRIVE PRODUCTIONS, INC.'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:         September 21, 2012<br>Time:        9:30 a.m.<br>Judge:       Hon. Joseph C. Spero<br>Courtroom: G, 15th Floor<br>File Date:   February 28, 2012<br>Trial Date:  None |

### I.    INTRODUCTION

Defendant/counter-plaintiff Hard Drive Productions, Inc. (hereafter "Hard Drive") opposes plaintiff/counter-defendant Seth Abrahams's motion for judgment on the pleadings by arguing that the first two lawsuits it filed in this district did not involve the same claims nor the same persons. Hard Drive, however failed to provide any applicable binding authority in support of its arguments, and the court can easily dismiss them.

Instead, contrary to Hard Drive's arguments, a party need not be named in the two prior voluntarily dismissed actions to benefit from the res judicata rule. A party only needs to be substantially similar. Hard Drive's association of Mr. Abrahams with the internet protocol (hereafter "IP") address of 98.248.90.217 meets the substantially similar element.

1   On the identity of claims element, Hard Drive cited no authority. Instead, it attempts to pick apart, by focusing on the trees instead of the forest, of its own two prior complaints to show how different they are. This attempt fails for a very simple reason. The two claims identified in both of the voluntarily dismissed actions are for direct copyright infringement, and for contributory copyright infringement. No amount of differences in the number of parties sued in the first action, or that Mr. Abrahams was never named in the second action—although Hard Drive represented to the court that it would sue him, but then changed its mind for unexplained reasons—does not alter the causes of action pled in these two dismissed actions.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. LEGAL ARGUMENT

#### 1. Hard Drive's Attempt to Distinguish Mr. Abrahams's Cited Authorities is Unpersuasive as the Northern District had Previously Cited to and Relied on These Same Authorities

Hard Drive generally argues that Mr. Abrahams's cited authority is inapplicable and distinguishable. It is wrong. The Northern District of California District Court was presented with the two dismissal rule in Durney v. Magna Intern., Inc. (N.D. Cal. 2011) 2011 WL 1659880, *2-3.[1] In Durney, it was the district court who decided to analyze the effect of rule 41(a)(1)(B)'s two prior dismissals using res judicata analysis. (Id., at *2.) In its analysis, the district court cited to, and relied on the same authority of Cooter & Gell v. Hartmarx Corp. (1990) 496 U.S. 384, 397, and Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc. (9th Cir. 1999) 193 F.3d 1074, 1076. (Durney, 2011 WL 1659880 at *2.) These are the same authorities that Mr. Abrahams has relied upon in his motion.

Next, Hard Drive's reliance solely upon the Cooter & Gell court's use of the phrase "being summoned" is unsupported by any other authority. Mr. Abrahams submits that this rule likewise applies to a plaintiff who improperly uses court resources, with no intention of summoning defendants into court, to improperly extract settlements from them based on the plain meaning of the rule.[2] This

---

[1] Mr. Abrahams did not cite to this authority as he recognizes that a district court decision does not constitute binding precedent. (Camreta v. Greene (2011) 131 S.Ct. 2020, 2033, fn. 7.) Nonetheless, the decision is still persuasive.

[2] The court is well aware of and familiar with these mass BitTorrent copyright infringement lawsuits against multiple Doe defendants which are proceeding throughout the United States. (See e.g., Malibu Media, LLC v. Does (C.D. Cal. 2012) action number 2:12-cv-03623-ODW-PJW—"The federal courts

1 situation is also analogous to the Supreme Court's description of what the rule was intended to
2 eliminate; that if a defendant like Mr. Abrahams refused to settle, Hard Drive could continually refile
3 successive lawsuits against unnamed Doe defendants and to use the courts to harass him.

### 2. Mr. Abrahams Need Not Have Been Named in the Prior Two Dismissed Actions to Benefit from the Res Judicata Effect and Identity of Claims Exist

#### a. Mr. Abrahams Need Not Have Been Named in the Prior Two Dismissed Actions to Benefit from the Res Judicata Effect

Hard Drive's argument that rule 41(a)(1)(B) does not apply, because its prior two actions were against Doe defendants, and because Mr. Abrahams was never summoned into court is unsupported by any case authority. To the contrary, all that is required under Federal Rule of Civil Procedure 41, subdivision (a)(1)(B) is that the prior dismissed federal or state court action be "based on or including the same claim[.]" Another Federal District Court has interpreted rule 41(a)(1)(B) and has likewise agreed with this interpretation. For example, in <u>Abreu v. Ramirez</u> (C.D. Cal. 2003) 284 F.Supp.2d 1250, 1253, plaintiff filed a civil rights action. The court examined plaintiff's prior lawsuits, and found that he had filed and voluntarily dismissed two prior actions against two named defendants in his present action. (<u>Id.</u>, at 1255.) As such, the court held that plaintiff's claims against these two named defendants were dismissed on the merits and were now barred from relegation due to rule 41(a)'s res judicata effect. (<u>Id.</u>) Most importantly, however, the court further held that "other claims twice dismissed by Plaintiff may be barred under the 'two dismissal rule' **even if the defendants named here were not named in the earlier two actions**." (<u>Id.</u>, citing <u>Lake at Las Vegas Investors Group v. Pacific Malibu Development Corp.</u> (9th Cir.1991) 933 F.2d 724, 728, emphasis added.) This is because defendants need only be "substantially the same" as those against whom claims were twice dismissed in order to claim benefit of Rule 41(a) res judicata rule as Mr. Abrahams previously stated in his motion. (<u>Abreu</u>, 284 F.Supp.2d at 1255, citation omitted.)

Given Hard Drive's association of Mr. Abrahams with the IP address of 98.248.90.217 in both of its two dismissed complaints, and its ability to name him at any time during the pendency of its prior

---

are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.") Indeed, Mr. Abrahams previously submitted the declaration of Hard Drive's counsel's custodian of records Charles E. Piehl declaring under penalty of perjury that no defendants had been served in the multitude of cases it had filed. (Docket 17-10 at pp. 5-7, ¶ 9.)

PLAINTIFF/COUNTER-DEFENDANT SETH ABRAHAMS'S REPLY TO DEFENDANT/COUNTER-PLAINTIFF HARD DRIVE PRODUCTIONS, INC.'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
C 12-01006 JCS – PAGE 3

1  two actions, Mr. Abrahams has met the "substantially the same" element. To rule otherwise would
2  allow parties like Hard Drive to circumvent the Congressional intent behind rule 41's res judcata
3  effect. To circumvent this rule, all a plaintiff needs to do is to continually name Doe defendants, a
4  disfavored practice, to frustrate the law and Congress's intent to avoid the res judicata effect. This is
5  exactly what Hard Drive has done in its numerous lawsuits. This also could not have been what
6  Congress intended based upon the Supreme Court's analysis of the legislative history, and its partial
7  statement of this history behind rule 41. (Cooter & Gell, 496 U.S. at 397.)

### b. Identity of Claims Exist in Hard Drive's Two Prior Dismissed Actions

9  In its opposition, Hard Drive makes much ado about the many differences in the language used
10 in its complaint, but never mentions the causes of action alleged in both. Specifically, in its first
11 voluntarily dismissed action, Hard Drive alleged causes of action for direct and contributory copyright
12 infringement for the adult pornographic work entitled Amateur Allure – Samantha Saint. (Exhibit A at
13 4:11-14 & 7:23-9:23 (¶¶ 7 & 25-39).) Likewise in its second voluntarily dismissed action, Hard Drive
14 again alleged causes of action for direct and contributory copyright infringement for the adult
15 pornographic work entitled Amateur Allure – Samantha Saint. (Exhibit C at 2:13-15 & 6:21-8:9 (¶¶ 4
16 & 25-37.) Thus, identity of claims exist despite Hard Drive's focus on minor differences in the
17 language used to support these claims.

18 This is especially so given Hard Drive's own admissions made to Mr. Abrahams in its
19 memorandum of law transmitted to him to extract a settlement from him. (Docket 14-2 at p.3—
20 "Finally, even if it were established that a third party used an account holder's internet account to
21 illegally download copyright content, the account holder would not be able to escape liability for
22 contributory copyright infringement.") If Hard Drive now tries to disavow these same authorities
23 which it cited to and provided to Mr. Abrahams, it should be estopped from doing so as it is clear that
24 Hard Drive viewed Mr. Abrahams as liable for copyright infringement based solely on his status as a
25 subscriber or account holder for internet services. (See Docket 14-2 at p.3.)

26 Indeed, by dismissing the first action and by filing a second action, instead of properly
27 amending the defendants' names in the first action, it appears that what Hard Drive is improperly
28 doing is forum shopping; it is trying to find a judge sympathetic to its cause. (See Laird v. Tatum

1  (1972) 409 U.S. 824, 834—"Judges are not fungible; they cover the constitutional spectrum; and a particular judge's emphasis may make a world of difference when it comes to rulings on evidence, the temper of the courtroom, the tolerance for a proffered defense, and the like. Lawyers recognize this when they talk about 'shopping' for a judge[.]"

### 3. Hard Drive's Cited Authorities on Res Judicata's Requirement of Privity is Not Authoritative

Hard Drive cited to <u>Hancock v. Pomazal</u> (9th Cir. 2011) 416 Fed.Appx. 639 in support of its argument that privity is required. The court in <u>Hancock</u> made no such holding. Instead in two paragraphs, the court merely reiterated the two dismissal rule in affirming the dismissal based on res judicata, due to rule 41(a)(1)(B), by citing to <u>Commercial Space Mgmt. Co., Inc.</u> (<u>Hancock</u>, 416 Fed.Appx. at 640.) Thus, the <u>Hancock</u> case does not assist Hard Drive. (See <u>The Jason</u> (1912) 225 U.S. 32, 52—an opinion's holding "are to be construed in the light of the facts of the case and the question actually presented for decision.")

Hard Drive's reliance on <u>ASX Inv. Corp. v. Newton</u> (11th Cir. 1999) 183 F.3d 1265 also fails. First, the decisions of other circuits are not binding upon the district courts in another circuit. (<u>Hart v. Massanari</u> (9th Cir. 2001) 266 F.3d 1155, 1172-1173.) Second, even if the court considers the <u>ASX Inv. Corp.</u> case, it is not authoritative as the issue presented did not involved a plaintiff's two prior voluntary dismissals. (<u>ASX Inv. Corp.</u>, 183 F.3d at 1267-1268.) Instead, the facts presented in <u>ASX Inv. Corp.</u> showed that the actual dismissal was by the court, and not the plaintiff. (<u>Id.</u>, at 1268.) Thus, the two dismissal rule was never implicated. Based on our Supreme Court's decision in <u>The Jason</u>, Hard Drive's citation to <u>ASX Inv. Corp.</u> fails to support its argument.

### 4. Mr. Abrahams is Allowed to Benefit from the Res Judicata Effect of Hard Drive's Two Prior Voluntarily Dismissed Cases

Hard Drive argues, again without citing to any authority, that because it did not file a third action directly against Mr. Abrahams, he cannot claim any res judicata benefit. It is wrong once again. As the Supreme Court held, "[t]he interests underlying the related doctrines of collateral estoppel and res judicata-that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction … cannot be disputed **in a subsequent suit** between the same parties or their

privies [citation]-are similarly implicated when nonparties assume control over litigation in which they have a direct financial or proprietary interest and then seek to redetermine issues previously resolved." (Montana v. U.S. (1979) 440 U.S. 147, 147-148, emphasis added.) Clearly absent is any requirement that for res judicata to apply, that the party seeking to raise the doctrine must be a defendant. Res judicata only requires that the subsequent suit be between the same parties or those persons in privity. (Id.)

Mr. Abrahams's suit here is subsequent to both of Hard Drive's two prior dismissed actions against a Doe defendant associated with Mr. Abrahams's IP address of 98.248.90.217. This action is between Mr. Abrahams and Hard Drive. As such, privity exists. Second, his lawsuit is one for declaratory relief of noninfringement of Hard Drive's purported copyrighted work which requires that a justiciable controversy exist between the parties. (See Societe de Conditionnement v. Hunter Eng'g Co. (9th Cir. 1981) 655 F.2d 938, 943.) This court previously held in its order that a controversy existed between the parties. (Docket 20 at 8:13-14.) The court's order, however, was issued before Hard Drive voluntarily dismissed its second action on August 9, 2012. (Docket 29 in case number C 11-05634 PJH.) Thus, Hard Drive cannot now dispute the res judicata effect created by rule 41(a)(1)(B), due to its voluntary dismissal of its second action, in this subsequent action—that Mr. Abrahams cannot be liable to Hard Drive for copyright infringement as a matter of law.

**B.    CONCLUSION**

Based on all the information stated herein, and in his moving and supporting papers, Mr. Abrahams respectfully requests the court to grant his motion for judgment on the pleadings as to his sole cause of action for non-infringement of Hard Drive's purported copyrighted work of Amateur Allure – Samantha Saint based on the doctrine of res judicata, and to declare him the prevailing party.

DATED: September 7, 2012

MURPHY, PEARSON, BRADLEY & FEENEY

/s/ Steven W. Yuen

By _____
Steven W. Yuen
Attorneys for Plaintiff/Counter-Defendant
SETH ABRAHAMS

SWY.20475500.doc

# **CERTIFICATE OF SERVICE**

I, Steven W. Yuen, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On September 7, 2012, I served the following document(s) on the parties in the within action:

**PLAINTIFF/COUNTER-DEFENDANT SETH ABRAHAMS'S REPLY TO DEFENDANT/COUNTER-PLAINTIFF HARD DRIVE PRODUCTIONS, INC.'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

|    |    |
|----|----|
|    | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|    | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|    | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|    | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                                         Attorney For Defendant/Counter-Plaintiff
Prenda Law Inc.                                                    HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA 94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 7, 2012.

/s/ Steven W. Yuen
By _____
Steven W. Yuen