1  Aaron K. McClellan - 197185
   amcclellan@mpbf.com
2  Steven W. Yuen - 230768
   syuen@mpbf.com
3  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
4  San Francisco, CA  94108-5530
   Tel:    (415) 788-1900
5  Fax:    (415) 393-8087

6  Attorneys for Plaintiff/Counter-Defendant
   SETH ABRAHAMS

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  SETH ABRAHAMS,                          Case No.:  C 12-01006 JCS

12          Plaintiff/Counter-Defendant     **PLAINTIFF/COUNTER-DEFENDANT SETH ABRAHAMS'S SUPPLEMENTAL BRIEF ON MOTION FOR JUDGMENT ON THE PLEADINGS**

13  v.

14  HARD DRIVE PRODUCTIONS, INC., AND
    DOES 1-50,                              Date:      September 21, 2012
15                                          Time:      9:30 a.m.
            Defendants/Counter-Plaintiff    Judge:     Hon. Joseph C. Spero
16                                          Courtroom: G, 15th Floor
                                            File Date: February 28, 2012
17                                          Trial Date: None

18                      I.    **INTRODUCTION**

19         On September 21, 2012, the court heard plaintiff/counter-defendant Seth Abrahams's motion

20  for judgment on the pleadings.  At the hearing, the parties stipulated that the two dismissal rule applied

21  to constitute res judicata in favor of Mr. Abrahams.  The court sua sponte brought up the potential res

22  judicata's effect upon the court's subject matter jurisdiction on the parties' competing claims and

23  counterclaims for declaratory relief.  Mr. Abrahams was not prepared to address these issues.  Thus,

24  the court ordered that Mr. Abrahams, if he chose to do so, to file a supplemental brief no later than

25  September 28, 2012, and for defendant/counter-plaintiff Hard Drive Productions, Inc. (hereafter "Hard

26  Drive") to submit its responding brief no later than October 5, 2012 addressing the issue of subject

27  matter jurisdiction.

28  ///

Mr. Abrahams submits that the court need not address subject matter jurisdiction as Hard Drive has already stipulated that the two dismissal rule applies, and the court can therefore enter judgment in favor of Mr. Abrahams now. This fosters judicial economy, and prevents the court and the parties from spending additional resources by addressing Mr. Abrahams's Federal qui tam claim, codified at 28 United States Code section 3729 et seq., alleged in his original and first amended complaint. Based on this claim, the court still retains federal question subject matter jurisdiction. Nonetheless, Mr. Abrahams is agreeable to the court issuing an order, based upon his request, dismissing this claim without prejudice per Federal Rule of Civil Procedure 41(a)(2) so that the court can grant his motion for judgment on the pleadings.

## II.     MEMORANDUM OF POINTS AND AUTHORITIES

A.     LEGAL ARGUMENT

### 1.     The Court Can Enter Judgment on the Pleadings in Favor of Mr. Abrahams Without Deciding the Issue of Subject Matter Jurisdiction

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Fed. R. Civ. P. 12(h).) Normally, subject matter involves no arduous inquiry. (Ruhrgas AG v. Marathon Oil Co. (1999) 526 U.S. 574, 588, citation omitted.) Despite Rule 12(h)'s existence, however, the Supreme Court held, in citing with approval to a Second Circuit case, that "a district court [who] has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." (Ruhrgas AG, 526 U.S. at 588 citing Cantor Fitzgerald, L.P. v. Peaslee (2d Cir. 1996) 88 F.3d 152, 155.)

In Cantor Fitzgerald, L.P., the court held that "the District Court properly exercised its discretion in first deciding the motion to dismiss for lack of personal jurisdiction over the defendants before considering the question of federal subject-matter jurisdiction." (Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d at 155.) Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case. (Id.) "On some occasions, however, considerations of **judicial economy** and restraint may persuade the court to avoid a difficult question of subject-matter jurisdiction when the case may be disposed of on a

1   simpler ground." (Id., citations omitted, emphasis added.)  This was the situation before the District

2   Court in Cantor Fitzgerald, L.P.  (Id.)  "In exercising its discretion as to which question to consider

3   first, a court should be convinced that the challenge to the court's subject-matter jurisdiction is not

4   easily resolved and that the alternative ground is considerably less difficult to decide." (Id.)

5       Likewise here, to promote judicial economy, and to preserve the parties' resources, this court

6   should exercise restraint, and not address subject matter jurisdiction.  This is because Hard Drive

7   already stipulated that the two dismissal rule applies.  Thus, the court can enter judgment now in

8   Mr. Abrahams's favor without the court and the parties spending additional resources on his federal qui

9   tam claim which is not easily resolved and more difficult to decide.  (See Hal Roach Studios, Inc. v.

10  Richard Feiner and Co., Inc. (9th Cir. 1990) 896 F.2d 1542, 1550, citation omitted.)

11      In contrast, if the court decides to explore the issue of lack of subject matter jurisdiction, it

12  becomes more complex, and judicial economy and the parties' resources will not be preserved.  This is

13  because under 28 United States Code section 1653, "[d]efective allegations of jurisdiction may be

14  amended, upon terms, in the trial courts."  (See also Morongo Band of Mission Indians v. California

15  State Bd. of Equalization (9th Cir. 1988) 858 F.2d 1376, 1381, fn. 3; and Fed. R. Civ. P. (a)(2)—"In all

16  other cases, a party may amend its pleading only with the opposing party's written consent or the

17  court's leave.  The court should freely give leave when justice so requires." )  Thus, if the claim's facts

18  alleged in the original complaint "arose under" federal law, a party will be given leave to amend the

19  complaint to state that jurisdictional basis.  (Newman-Green, Inc. v. Alfonzo-Larrain (1989) 490 U.S.

20  826, 831.)

21      If the court chooses to conduct an inquiry into subject matter jurisdiction on Mr. Abrahams's

22  Federal qui tam claim, then he anticipates filing a motion for leave to amend his first amended

23  complaint to allege Federal question subject matter jurisdiction under 31 United States Code section

24  3730 et seq.

25  ///

26  ///

27  ///

28

a.      **Federal Question Subject Matter Jurisdiction Still Exists Under a Federal Qui Tam Claim**

31 United States Code section 3729(a) provides in relevant part:

(1)      In general.—Subject to paragraph (2), **any person** who: …

(C)      conspires to commit a violation of subparagraph … (G); … or

(G)      knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or **knowingly and improperly avoids or decreases an obligation to pay** or transmit **money** or property **to the Government**,

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410 [FN1]), plus 3 times the amount of damages which the Government sustains because of the act of that person.

"A person may bring a civil action for a violation of section 3729 for the person and for the United States Government."  (31 U.S.C. § 3730(b).)

Here, Mr. Abrahams alleged in his original complaint (docket 1), and in his first amended complaint (docket 14) the following facts:

20.      In this prior action, Hard Drive sued 118 anonymous doe defendants by improperly joining them in one action without taking into account the requirements of 28 U.S.C. section 1400(a) which requires that a defendant in a copyright infringement action may only be sued in the district where the defendant or his or her agent resides or may be found.

21.      Plaintiff is informed and believes, and thereon alleges that **Hard Drive improperly joined multiple defendants in one action to avoid paying the $350 filing fee for each action had Hard Drive properly filed separate actions for each defendant**.

22.      Plaintiff is informed and believes, and thereon alleges that Hard Drive improperly joined multiple defendants in one action to avoid having any cases dismissed due to failure to prosecute by failing to pay the $350 filing fee for each separate defendant.

23.      Hard Drive improperly received the benefits and services of the court without paying the requisite filing fee of $350 for each separate action against each defendant. (Docket 1 at 4:7-18 (¶¶ 20-23).)

The recent California Appellate Court case of Mao's Kitchen, Inc. v. Mundy (2012) 2012 WL 3900740 is instructive and helpful.  In Mao's Kitchen, Inc., plaintiff sued defendant for violations of the Americans with Disabilities Act based on the allegation that defendant's restaurant was not accessible.  (Id., at *1.)  In response, defendant cross-complained against both plaintiff and his counsel

1   under California's counterpart to the Federal false claims act; Government Code section 12651,

2   subdivision (a)(7) of the California False Claims Act (CFCA), section 12650 et seq.  (Id.)  Defendant's

3   cross-complaint was based on information that plaintiff had knowingly filed false statements in

4   requesting fee waivers when he was ineligible for such waivers, and that his counsel conspired with

5   him to do so.  (Id., at *2-3.)  The trial court eventually granted cross-defendants' motion for summary

6   judgment which cross-complainant appealed.  (Id., at *7-8.)

7       On appeal, the court held that "[t]he [CFCA], like its federal counterpart (31 U.S.C. § 3729 et

8   seq.), erects a jurisdictional bar to qui tam actions that do not assist the government in ferreting out

9   fraud because the fraudulent allegations or transactions are already in the public domain."  (Id., at *8.)

10  "The jurisdictional bar is 'triggered whenever a plaintiff files a qui tam complaint containing

11  allegations or describing transactions "substantially similar" to those already in the public domain so

12  that the publicly available information is already sufficient to place the government on notice of the

13  alleged fraud.'"  (Id., at *9, citations omitted.)

14      The issue on appeal was whether cross-complainant's private investigation of the case,

15  including information obtained through discovery and from non-public sources, created a triable issue

16  of fact so as to satisfy the "public disclosure," and "original source" requirements, which likewise exist

17  in the Federal statute.  (Id., at *8; see also 31 U.S.C. § 3730(d)(4)(A) & (B).)  Ultimately, the appellate

18  court held that triable issues of material fact existed showing that cross-complaint had obtained

19  information through discovery and private investigation to satisfy these two requirements.  (Id., at

20  *9-11.)  Thus, the court ultimately reversed the grant of summary judgment based on the existence of

21  triable issues of fact which implicitly validated such a cause of action.  (Id., at *14.)

22      As discussed hereafter, Mr. Abrahams's original and first amended complaint provided fair

23  notice of his federal qui tam claim which creates federal question subject matter jurisdiction.

24          **b.    Mr. Abrahams's Original and First Amended Complaint Provides Fair
                    Notice of his Short and Plainly Stated Qui Tam Claim**

25

26      "[A] complaint must include only 'a short and plain statement of the claim showing that the

27  pleader is entitled to relief.'"  (Swierkiewicz v. Sorema N.A. (2002) 534 U.S. 506, 512, citing Fed. R.

28  Civ. P. 8(a)(2).)  Such a statement must simply "give the defendant fair notice of what the plaintiff's

1  claim is and the grounds upon which it rests." (Id., citation omitted.)  This simplified notice pleading

2  standard relies on liberal discovery rules and summary judgment motions to define disputed facts and

3  issues and to dispose of unmeritorious claims.  (Id., citations omitted.)

4      Moreover, the presence of "titles" or "subheadings" in the complaint are not part of, and add

5  nothing to the complaint.  (Federal Shoe, Inc. v. United Shoe Machinery Corp. (D.Mass. 1956)

6  19 F.R.D. 209, 210.)  Indeed, since Federal Rule of Civil Procedure 10, which governs the form of

7  pleadings, does not require any titles or subheadings, the presence of such technically violate this rule

8  even though they are commonly used in bulky pleadings, and are helpful to the court.  (Winkler-Koch

9  Engineering Co. v. Universal Oil Products Co. (Del.) (D.C.N.Y. 1947) 79 F.Supp. 1013, 1019.)

10     Similar to the plaintiff in Mao's Kitchen, Inc., Mr. Abrahams obtained information from non-

11 public sources through investigation of these types of cases which is not publicly disclosed.  This

12 information includes facts to support his simple claim that "Hard Drive improperly joined multiple

13 defendants in one action to avoid paying the $350 filing fee for each action had Hard Drive properly

14 filed separate actions for each defendant." (Docket 1 & 14 at ¶ 21.)  Thus, his complaint and first

15 amended complaint state facts sufficient to constitute a cause of action to support federal question

16 subject matter jurisdiction.  Moreover, despite being on fair notice of this claim, Hard Drive chose not

17 to attack it.  Instead, Hard Drive only moved to dismiss Mr. Abrahams's declaratory relief cause of

18 action in which it was unsuccessful.  (Docket 8, 16, & 20.)

19     Given the existence of federal question subject matter jurisdiction, the court should exercise

20 restraint and not address this issue further.  Instead, based upon Mr. Abrahams's request for the court to

21 enter an order dismissing this claim without prejudice so that the court can grant his motion for

22 judgment on the pleadings, this will resolve the case entirely and will not require the court or the

23 parties to spend further resources addressing this claim.

24     If the court chooses instead to address this issue, judicial economy will not be preserved.  This

25 is because a successful motion for judgment on the pleadings results in a judgment on the merits and

26 has full res judicata effect.  (See Hal Roach Studios, Inc., 896 F.2d at 1550, citation omitted and

27 Neitzke v. Williams (1989) 490 U.S. 319, 329.)  In contrast, if the court wants to entertain the

28 dismissal of this cause of action for failure to state a claim, the facts in the complaint are accepted as

PLAINTIFF/COUNTER-DEFENDANT SETH ABRAHAMS'S SUPPLEMENTAL BRIEF ON MOTION FOR
JUDGMENT ON THE PLEADINGS
C 12-01006 JCS – PAGE 6

1   true and are construed in the light most favorable to the plaintiff or cross-complainant.  (AE ex rel.

2   Hernandez v. County of Tulare (9th Cir. 2012) 666 F.3d 631, 636, citation omitted.)  Notably, if the

3   court grants a motion to dismiss for failure to state a claim, of which there is no such motion pending,

4   leave to amend is normally granted.  (Neitzke, 490 U.S. at 329.)  Proceeding down this route, the court

5   and the parties will have to make a more arduous inquiry into this claim which need not happen given

6   the court's ability to grant Mr. Abrahams's motion for judgment on the pleadings now, and to dismiss

7   without prejudice the Federal qui tam claim.

8   **B.**      **CONCLUSION**

9         Based on all the information stated herein, and in his moving and supporting papers,

10  Mr. Abrahams respectfully requests the court to enter an order granting his motion for judgment on the

11  pleadings as to his declaratory relief cause of action, and to dismiss without prejudice his Federal qui

12  tam claim.

13  DATED: September 28, 2012

                                    MURPHY, PEARSON, BRADLEY & FEENEY

                                           /s/ Steven W. Yuen

                              By _____
                                    Steven W. Yuen
                                    Attorneys for Plaintiff/Counter-Defendant
                                    SETH ABRAHAMS

18  SWY.20481296.doc

**CERTIFICATE OF SERVICE**

I, Steven W. Yuen, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On September 28, 2012, I served the following document(s) on the parties in the within action:

**PLAINTIFF/COUNTER-DEFENDANT SETH ABRAHAMS'S SUPPLEMENTAL BRIEF ON MOTION FOR JUDGMENT ON THE PLEADINGS**

|   |   |
|---|---|
|   | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|   | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|   | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|   | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                           Attorney For Defendant/Counter-Plaintiff
Prenda Law Inc.                                         HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA  94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 28, 2012.

/s/ Steven W. Yuen
By _____
Steven W. Yuen