Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ABRAHAMS,<br><br>    Plaintiff,<br><br>v.<br><br>HARD DRIVE PRODUCTIONS, INC.,<br><br>    Defendant. | No. 3:12-cv-01006-JCS<br><br>**DEFENDANT HARD DRIVE PRODUCTIONS, INC.'S RESPONSE TO PLAINTIFF SETH ABRAHAMS' SUPPLEMENTAL BRIEF ON MOTION FOR JUDGMENT ON THE PLEADINGS** |

## INTRODUCTION

Plaintiff Seth Abrahams ("Plaintiff") has filed a Supplemental Brief on its Motion for Judgment on the Pleadings. (Hereinafter "Motion," ECF No. 47.) Defendant Hard Drive Productions, Inc. ("Defendant"), by and through its undersigned counsel, hereby files this Response to Plaintiff's Supplemental Brief. Plaintiff's first argument is that "the court can enter Judgment on the Pleadings without deciding the issue of subject matter jurisdiction" in the interests of judicial economy. (ECF No. 47 at 2.) Plaintiff's second argument is that "Federal Question subject matter jurisdiction still exists under a federal qui tam claim." (ECF No. 47 at 4.) For the reasons described herein, Plaintiff's arguments fall short, and do not entitle him to Judgment on the Pleadings.

## ARGUMENT

### I. THE COURT'S LACK OF SUBJECT MATTER JURISDICTION BARS THE COURT FROM ENTERING JUDGMENT ON PLAINTIFF'S CLAIM

Defendant argues that the Court should enter Judgment on the Pleadings in favor of Plaintiff here because, in order "to promote judicial economy, and to preserve the parties' resources, this court should exercise restraint, and not address subject matter jurisdiction." (ECF No. 47 at 3.) In support of this proposition, Plaintiff asserts that "this is because [Defendant] already stipulated that the two dismissal rule applies. Thus, the court can enter judgment now in [Plaintiff's] favor without

the court and the parties spending additional resources on this federal qui tam claim which is not easily resolved and more difficult to decide." (Id.) In essence, Plaintiff asserts that he is entitled to Judgment on the Pleadings because, if he does not receive such judgment, he will burden the court with a complicated (or, put more precisely, meritless) qui tam claim. Plaintiff's words are no less than a threat directed to this Court.[1] Plaintiff apparently believes that this Court will ignore well-settled judicial precedent and decide on Plaintiff's claim without subject matter jurisdiction because, if this Court does not do so, Plaintiff will bring a qui tam claim. Leaving aside, for the moment, the sheer audacity of Plaintiff's remarks, Defendant argues that Plaintiff's potential assertion of a qui tam claim cannot have any bearing upon how this Court chooses to rule on Plaintiff's Motion. To decide otherwise would be to allow plaintiffs everywhere to circumvent subject matter jurisdiction to grant plaintiffs' wishes merely by threatening to pursue somewhat tangentially related actions that are more complex just to tie up the court's time and resources. It would provide a model for taking the Court hostage in other cases. Allowing for such a result would be a sheer mockery of justice, and would clearly create further hazards for this Court in its other cases.

### A. PLAINTIFF GROSSLY MISCHARACTERIZES *RUHRGAS AG V. MARATHON OIL CO.* AND *CANTOR FITZGERALD*

In support of his proposition that this Court may ignore whether it has subject matter jurisdiction over Plaintiff's claim, Plaintiff cites *Ruhrgas AG v. Marathon Oil Co.,* asserting "a district court [who] has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." (ECF No. 47 at 2.) The *Ruhrgas AG* Court, however, was faced with the following issue:

> if…jurisdiction must generally precede merits in dispositional order, must subject-matter jurisdiction precede personal jurisdiction on the decisional line? Or, do federal district courts have discretion to avoid a difficult question of subject matter jurisdiction **when the absence of personal jurisdiction is the surer ground?**"

---

[1] Let us be clear from the outset, there is no Qui Tam action here. It is not adequately alleged in Plaintiff's amended complaint, and there is no possibility that such an action could be brought in this case for reasons described Section III. In other words, as the Court should understand, the Qui Tam claim is entirely bogus, a desperate fabrication by Plaintiff to keep this case alive in wild hopes of attaining attorney's fees. Its only purpose is its use as phantom leverage to supposedly force the Court's hand to act at Plaintiff's will. It has been clear throughout this proceeding that the Court has enough sense not to succumb to Plantif's hostage attempts.

2
DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF   CASE NO. 3:12-cv-01006-JCS

*Ruhrgas AG v. Marathon Oil Co.,* 526 US 574 (1999) (Emphasis added.) Indeed, the specific question for which the Supreme Court granted certiorari was "whether a federal district court is absolutely barred in all circumstances from dismissing a removed case for ***lack of personal jurisdiction*** without first deciding its subject-matter jurisdiction." (Id.) (Emphasis added.) The Supreme Court's ruling in *Ruhrgas* was thus not, as Plaintiff hopes, an unconditional license to circumvent the question of subject matter jurisdiction in having a case's merits decided. Rather, the holding allowed judges to ***dismiss*** claims on the basis of personal jurisdiction without having decided subject-matter jurisdiction. The logic behind the ruling is that, since subject-matter jurisdiction and personal jurisdiction are both prerequisites to having the merits of a claim heard in the first place, "it is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." (*Id.*) The *Ruhrgas AG* holding is absolutely unambiguous; a federal court may dismiss a case for lack of personal jurisdiction without addressing subject matter jurisdiction, but ***may not***, under any circumstances, hear ***the merits*** of a claim before establishing subject-matter jurisdiction and personal jurisdiction.

      The line of reasoning is absolutely the same in *Cantor Fitzgerald.* Plaintiff, citing *Cantor Fitzgerald*, asserts that "the District Court [hearing the case] properly exercised its discretion in ***first deciding the motion to dismiss for lack of personal jurisdiction*** over the defendants before considering the question of federal subject-matter jurisdiction." (ECF No. 47 at 2) (Emphasis added.) Plaintiff notes that the Court cited "considerations of judicial economy and restraint" in support of "avoid[ing] a difficult question of subject-matter of jurisdiction when the case ***may*** be disposed of on a simpler ground." (ECF No. 47 at 2-3.) (Emphasis added.) The key word in the cited material is ***may***. A Federal court ***may*** (i.e., is permitted to) decide one of the constitutionally-mandated prerequisites to its exercise of authority before another, but most certainly ***may not*** ignore one of the prerequisites altogether and proceed to the merits. Plaintiff has asked this Court to unceremoniously set fire to Article III of the United States Constitution so that he may obtain relief to which he is not entitled. Defendant sincerely hopes—not only for its own sake but for the sake of justice itself—that Plaintiff is not permitted to do so. Plaintiff's argument must fail.

///
///
///

### B. PLAINTIFF'S STIPULATION THAT THE TWO-DISMISSAL RULE APPLIES DOES NOT OBVIATE THE NEED FOR SUBJECT-MATTER JURISDICTION

Plaintiff argues that the Court should not address subject matter jurisdiction because "[Defendant] already stipulated that the two-dismissal rule applies." (ECF No. 47 at 3.) Plaintiff cites no case law in support of the proposition that Defendant's stipulation permits this Court to ignore subject-matter jurisdiction and subsequently *proceed to the merits of the case*. This is because no such case exists. As mentioned earlier, subject-matter jurisdiction and personal jurisdiction are absolute, constitutional prerequisites to Federal courts hearing the merits of a case, and this Court does not have subject matter jurisdiction to hear Plaintiff's claim. Plaintiff's argument must thus fail.

### C. THE FACTS SUPPORTING PLAINTIFF'S DECLARATORY JUDGMENT ACTION ARE IRRELEVANT TO PLAINTIFF'S QUI TAM ACTION

Plaintiff asserts that this Court has Federal Question jurisdiction over Plaintiff's Declaratory Judgment action because the court would have Federal Question jurisdiction over Plaintiff's hypothetical qui tam action. (ECF No. 47 at 3.) As Plaintiff himself concedes, however, only lines 20-23 of Plaintiff's Amended Complaint are relevant to such a hypothetical qui tam action. (ECF No. 47 at 4.) More importantly, however, the Court would still lack subject matter jurisdiction to rule on the question of whether Plaintiff is entitled to a declaratory judgment. If the two-dismissal rule applies to Plaintiff's declaratory judgment action, as the parties have stipulated, then the Court does not have subject-matter jurisdiction over the action, even if Plaintiff attempts to smuggle that question in through a qui tam claim. To put it more simply, a declaration that Seth Abrahams did not illegally download pornography is simply not relevant to the inquiry of whether Hard Drive Productions perpetuated fraud upon the government by joining multiple defendants (an absurd proposition, to be sure), and even if it were relevant, this Court is still not permitted to enter such a declaration, as the two-dismissal rule forbids the Court from exercising subject matter jurisdiction over the claim. Plaintiff may try and amend his Complaint (while arguing that his headings were meaningless) to claim that it alleges fraud or any other outlandish accusation, but regardless of how he attempts to package his Amended Complaint, he can never overcome the fact subject-matter jurisdiction does not exist as to his declaratory judgment action.

///

## II. PLAINTIFF'S QUI TAM ARGUMENTS ARE ENTIRELY FRIVOLOUS

Plaintiff makes grasping arguments regarding a newfound qui tam claim in his complaint. It would be impossible to list every defect in his reasoning, but Defendant hereby notes several fatal defects. First, Plaintiff does not have standing to pursue a qui tam action in his own name. Qui tam actions must be brought in the name of the United States of America. 31 U.S.C. § 3730(b)(2). The purpose of false claims statutes is to recover money for the citizens of the United States for fraud perpetrated against their government. Plaintiff, at most, is a qui tam relator. He does not have standing to seek personal recovery for alleged fraud committed against the U.S. Government.

Second, Plaintiff failed to follow any of the statutory prerequisites for bringing a qui tam action. For example, qui tam complaints must be filed under seal and remain under seal for at least 60 days, be served on the U.S. Attorney for the district in which the defendant is located and the Attorney General of the United States and be accompanied by an information disclosure statement.

Mr. Abrahams' failure to follow these requirements permanently destroys his standing to serve as a relator for his newfound qui tam claim. *See, e.g.*, *United States ex. rel. Made in the USA Foundation v. Billington*, 985 F. Supp. 604, 608 n.10 (D. Md. 1997) ("if this letter is the disclosure statement, it is pre-dated by the institution of the suit, and cannot then serve its own purpose" of complying with the statutory requirements); *United States ex rel. Detrick v. Daniel F. Young, Inc.*, 909 F. supp. 1010, 1017 (E.D. Va. 1995) ("the assessment of relator status should take into account all of the information the putative relator has communicated to the government prior to the filing of the action.").

Finally, Plaintiff failed to meet, or attempt to meet, his burden to establish this Court's jurisdiction over his newfound qui tam claim. He even directly acknowledges this point. (See ECF No. 47 at 3) ("If the court chooses to conduct an inquiry into subject matter jurisdiction on Mr. Abrahams's Federal qui tam claim, then he anticipates filing a motion for leave to amend his first amended complaint to allege Federal question subject matter jurisdiction under 31 United States Code section 3730 et seq.") Because Plaintiff failed to establish, much less plead, that this Court has subject matter jurisdiction over his qui tam claim, the Court must dismiss the action. See Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

///

///

5

# CONCLUSION

Knowing fully that all is lost, Plaintiff has attempted to perpetrate a fraud upon this Court by asserting that constitutional prerequisites can be ignored for his own benefit. For the foregoing reasons, Plaintiff's Supplemental Briefing must be rejected and his Motion for Judgment on the Pleadings must be denied.

Respectfully submitted,

PRENDA LAW, INC.

**DATED: October 4, 2012**

By: /s/  Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Defendant*