Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:     (415) 788-1900
Fax:    (415) 393-8087

Attorneys for Plaintiff
SETH ABRAHAMS

Brett L. Gibbs - 251000
blgibbs@wefightpiracy.com
PRENDA LAW INC.
38 Miller Avenue, #263
Mill Valley, CA  94941
Tel:     (415) 325-5900

Attorneys for Defendant
HARD DRIVE PRODUCTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ABRAHAMS,<br><br>    Plaintiff,<br><br>v.<br><br>HARD DRIVE PRODUCTIONS, INC., AND DOES 1-50,<br><br>    Defendants. | Case No.:  C 12-01006 JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          October 30, 2012<br>Time:         1:30 p.m.<br>Judge:        Hon. Joseph C. Spero<br>Courtroom:  G, 15th Floor<br>File Date:    February 27, 2012<br>Trial Date:   None |

Plaintiff Seth Abrahams and defendant Hard Drive Productions, Inc. (hereafter "Hard Drive") submit this joint case management statement per the court's Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rules 16-3 and 16-9.

**1.     Jurisdiction & Service**
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

     Mr. Abrahams:  Federal question subject matter jurisdiction codified at 28 U.S.C. section 1331 based on Hard Drive's violations of 31 U.S.C. sections 3729(a)(1)(G) and 3730(b).

Hard Drive: As the Court pointed out at the September 21, 2012 hearing, Defendant believes there is no subject matter jurisdiction in this case. Plaintiff briefed this issue on September 28, 2012, and Defendant submitted its response a week later. The parties are still waiting for a ruling on that issue by the Court. Plaintiff has refused to concede that the Court lacks subject matter jurisdiction in this case, and has refused to come to some sort of agreement to simply dismiss the case with each party simply walking away from this case (and their claims) and each party bearing its own costs and fees.

**2. Facts**
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Mr. Abrahams: On January 31, 2011, Hard Drive paid a single filing fee of $350 to file action number 4:11-cv-01567-LB that named 118 Does as defendants. In its complaint, Hard Drive judicially admitted that it "used geolocation technology to trace the IP addresses of each Doe Defendant to a point of origin **within** the State of California." (Complaint at 2:13-15, emphasis added.) Mr. Abrahams investigated this claim and found this statement to be partially false. Thus, joinder and of all 118 Doe defendants was improper, and were joined to avoid paying separate filing fees. Thus, Hard Drive has "knowingly conceal[ed] or knowingly and improperly avoid[ed] or decrease[ed] an obligation to pay or transmit money or property to the Government" by improperly joining Doe defendants to avoid payment of court filing fees of $350 to institute an action in violation of 31 U.S.C. section 3729(a)(1)(G).

Hard Drive: Defendant incorporates the position it stated in the previous Joint Case Management Statement filed on June 7, 2012 herein. Further, as conceded at the hearing on September 21, 2012, and summarized in the follow-up Civil Minutes Order (ECF No. 46), the "Parties have stipulated that the two (2) dismissal rule applies to bar claims by Hard Drive Productions against Seth Abrahams that were asserted or could have been asserted against the Does in the previous two actions." The Court strongly intimated that, in light of this concession, the Court lost subject matter jurisdiction to entertain Plaintiff's Declaratory Judgment action the moment that Hard Drive Productions chose to drop the previous case it brought against a John Doe referening Plaintiff Seth Abrahams (i.e. 4:12-cv-05634-PJH). At that point, therefore, not only could the Court not issue an order on Plaintiff's Motion for Judgment on the Pleadings, but additionally could not grant anything requested by Plaintiff in this case, including Plaintiff's prayer for an order declaring that Plaintiff was not the alleged infringer in this case, and, further, that it could anoint Plaintiff as the prevailing party. Plaintiff's recent supplemental draft essentially threatens the Court that, if it does not get the order it has requested from the Court, which the Court has no right to issue, it will simply try to drag this case out as long as possible, and make life miserable for both the Court and Defendant. Hopefully, those baseless threats are understood as just that, and Court ignores them.

**3. Legal Issues**
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Mr. Abrahams: Hard Drive and its agents have violated 31 U.S.C. section 3729(a)(1)(G).

Hard Drive: Plaintiff, for the first time ever in this case, points to a few paragraphs in its brief, and somehow stretches that out to entail that Plaintiff satisfactorily stated a claim against Defendant under the False Claims Act. As pointed out in its Response to Plaintiff's Supplemental Brief, there are too many flaws in Plaintiff's reasoning. Plaintiff is clearly just trying, unsuccessfully, to breathe new life into this dead case. Plaintiff's efforts should be struck down by the Court, and, if allowed to go further in this case, the Court should issue the same admonition to Plaintiff that it did to Defendant earlier: if Plaintiff chooses to go down this road, pursing this new claim, Plaintiff will have to pay Defendant its fees in defending this claim should Defendant prevail. If he wants to waste everyone's time here, that should not go unpunished. Defendant disagrees with all aspects of Plaintiff's new claim.

JOINT CASE MANAGEMENT STATEMENT
C 12-01006 JCS – PAGE 2

**4.     Motions**
*All prior and pending motions, their current status, and any anticipated motions.*

Mr. Abrahams: On May 3, 2012, the court issued an order finding that this case, and case numbers C 11-01567 LB and C 11-05634 PJH are not related.
On May 30, 2012, the court denied Hard Drive's motion to dismiss his first amended complaint.
He anticipates bringing a motion for leave to file a second amended complaint which will be filed under seal, and served upon the U.S. Attorneys' Office.
Mr. Abrahams plans to file a joint letter outlining issues with Hard Drive's deficient initial disclosures, and response to his request for production. He has personally met and conferred with Hard Drive on these issues. Hard Drive only disclosed the attached two documents in its initial disclosure. Despite stating that it would produce documents in its responses to Mr. Abrahams's requests for production, the only document received to date is his videotaped deposition.

Hard Drive: On May 3, 2012, the court issued an order finding that this case, and case numbers C 11-01567 LB and C 11-05634 PJH are not related.
On May 30, 2012, the court denied Defendant's motion to dismiss his first amended complaint.
On August 17, 2012, Plaintiff filed a Motion for Judgment on the Pleadings.
Defendant will oppose all efforts by Plaintiff to unduly extend this case any further.

**5.     Amendment of Pleadings**
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Mr. Abrahams: He anticipates filing a motion for leave to file and serve a second amended complaint as stated in paragraph 4 in November 2012, and to name new parties.

Hard Drive: Defendant will vigorously oppose any efforts by Plaintiff to file a Second Amended Complaint because, as argued in its Response to Plaintiff's Supplemental Briefing, any attempts to amend would be futile and way past the 120 time period to adequately serve all named parties in this case.

**6.     Evidence Preservation**
*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

Mr. Abrahams: Documentary evidence is presently available on Pacer as it relates to Hard Drive's filed allegations. The nonpublic and private investigative work he has performed is dynamic and accessible from the internet.

Hard Drive: Defendant has preserved all relevant evidence in this case.

**7.     Disclosures**
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Mr. Abrahams: He has fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(C) by disclosing all persons and documents that he is informed and believes have knowledge to support his claims.

Hard Drive: Defendant has fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(C).

**8. Discovery**
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

Mr. Abrahams: His deposition in this case, and in case number C 11-05634 PJH was taken and concluded on May 1, 2012. He plans to take the depositions of Hard Drive's persons most knowledgeable and its agents on the categories of: (1) funds available to them to pay for separate actions, and (2) the number of actions filed in federal court in which defendants are improperly joined. He also plans to propound written discovery, including requests for production, to support his forthcoming dispositive motion.

Hard Drive: Plaintiff's deposition was taken on May 1, 2012. Defendant plans to issue more discovery in this case *if* it goes further, but thinks that, at this point, a prudent approach would be to wait until the Court rules on its jurisdiction in this case before wasting more money and effort.

**9. Class Actions**
*If a class action, a proposal for how and when the class will be certified.*

Mr. Abrahams: This case is presently not a class action.

Hard Drive: N/A.

**10. Related Cases**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Mr. Abrahams: On May 3, 2012, the court issued an order finding that this case, and case numbers C 11-01567 LB and C 11-05634 PJH are not related.

Hard Drive: On May 3, 2012, the court issued an order finding that this case, and case numbers C 11-01567 LB and C 11-05634 PJH are not related.

**11. Relief**
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Mr. Abrahams: The relief sought will be whatever the U.S. Attorneys' Office deems appropriate to recover.

Hard Drive: Plaintiff's discussion of the U.S. Attorney's Office is way off base. They are not involved. These alleged claims have not even been raised by Plaintiff. Plaintiff states their involvement as the present circumstances of this case, when it is not. Plaintiff, and/or his attorney, is not properly reporting the status of this case to the Court – they are instead proposing a fantasy alternative reality that only confuses things. The faster the Court understands the façade that is Plaintiff alleged "new case," the faster this case gets properly closed.
Defendant currently has a counterclaim praying for a declaratory judgment from the Court that its works are in fact copyrightable.

**12. Settlement and ADR**
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

JOINT CASE MANAGEMENT STATEMENT
C 12-01006 JCS – PAGE 4

Mr. Abrahams: Mr. Abrahams has served two Fed. R. Civ. P. 68 offers to Hard Drive. On June 30, 2011, Hard Drive demanded a settlement of $3,400, but has made no other settlement offers. On June 4, 2012, the parties filed a joint stipulation agreeing to an early neutral evaluation. On September 25, 2012, Mr. Abrahams made a settlement offer which was not accepted.

Hard Drive: It does not seem likely in light of Plaintiff's, and his attorneys, delusions about where this case is heading.

**13. Consent to Magistrate Judge For All Purposes**
*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

Mr. Abrahams: He has consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Hard Drive: Defendant has consented to Magistrate Judge Spero.

**14. Other References**
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Mr. Abrahams: This case is unsuitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Hard Drive:

**15. Narrowing of Issues**
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Mr. Abrahams: Mr. Abrahams is not aware of any issues that can be narrowed given Hard Drive's failure to comply with initial disclosures, and production of documents.

Hard Drive: Not applicable. Again, the case should disposed of by the Court as soon as possible – that would narrow the issues considerably (i.e. to none). Another minute spent on this case is a wasted minute.

**16. Expedited Trial Procedure**
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Mr. Abrahams: This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A given the discovery necessary to prove his case. As such, he is not agreeable to an expedited trial procedure.

Hard Drive: Not applicable.

///

///

///

**17.     Scheduling**
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

        Mr. Abrahams:  On July 31, 2012, the court entered an order setting the following dates:
        June 28, 2013        Non-expert discovery completion deadline
        July 19, 2013        Expert disclosure deadline
        August 8, 2013        Expert rebuttal disclosure deadline
        August 28, 2013        Expert discovery completion deadline
        September 27, 2013    Dispositive motion hearing

        Hard Drive: On July 31, 2012, the court entered an order setting the following dates:
        June 28, 2013        Non-expert discovery completion deadline
        July 19, 2013        Expert disclosure deadline
        August 8, 2013        Expert rebuttal disclosure deadline
        August 28, 2013        Expert discovery completion deadline
        September 27, 2013    Dispositive motion hearing

**18.     Trial**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

        Mr. Abrahams:  Jury trial with expected length of two to three full court days.

        Hard Drive: Plaintiff wants a jury trial, but, again—a consistent theme throughout this case—Plaintiff does not understand the restrictions of a Declaratory Judgment action.

**19.     Disclosure of Non-party Interested Entities or Persons**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

        Mr. Abrahams:  He complied with Civil L.R. 3-16 by filing his certification on March 6, 2012.

        Hard Drive: Plaintiff has filed such a statement.

**20.     Other**
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

        Mr. Abrahams:  He is unaware of such other matters that may facilitate the just, speedy and inexpensive disposition of this matter

        Hard Drive:  Defendant urges the Court to realize that there is no subject jurisdiction in this case, and dispose of it immediately.  Further, the Court must understand that Plaintiff's counsel is never going to be open to any resolution in this case.  The Court needs to take care of its business and cannot count on Plaintiff to do what is right.

*///*

*///*

*///*

DATED: October 19, 2012

MURPHY, PEARSON, BRADLEY & FEENEY

/s/ Steven W. Yuen

By _____
Steven W. Yuen
Attorneys for Plaintiff
SETH ABRAHAMS

DATED: October 19, 2012

PRENDA LAW INC.

/s/ Brett L. Gibbs

By _____
Brett L. Gibbs, Of Counsel to Prenda Law, Inc.
Attorneys for Defendant
HARD DRIVE PRODUCTIONS, INC.

SWY.20493073.doc

# CERTIFICATE OF SERVICE

I, Shannon R. Young, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On October 19, 2012, I served the following document(s) on the parties in the within action:

## JOINT CASE MANAGEMENT STATEMENT

|    |    |
|----|----|
|    | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|    | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|    | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|    | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                  Attorneys For Defendant
Prenda Law Inc.                                 HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA 94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 19, 2012.

By /s/ Shannon R. Young
   _____
   Shannon R. Young