IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ABRAHAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>HARD DRIVE PRODUCTIONS, INC., ET AL.,<br><br>        Defendants. | Case No. C-12-01006 JCS<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DOCKET NO. 42]** |

**I.    INTRODUCTION**

Plaintiff Seth Abrahams brings a declaratory relief action against Defendant Hard Drive Productions, Inc. ("Defendant" or "Hard Drive"), seeking a declaration of non-infringement as to an adult video to which Hard Drive alleges it owns a copyright. Currently before the Court is Plaintiff's Motion for Judgment on the Pleadings ("Motion"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, in which Plaintiff asserts he is entitled to judgment as a matter of law based on Hard Drive's dismissal without prejudice of two prior actions, under the "two-dismissal rule" of Rule 41(a)(1)(B). A hearing on the Motion was held on Friday, September 21, 2012 at 9:30 a.m.

The parties filed supplemental briefs following the hearing. For the reasons stated below, the Motion is DENIED and the action is DISMISSED for lack of subject matter jurisdiction.[1]

## II. BACKGROUND

In two prior actions, Hard Drive asserted copyright infringement claims against a Doe defendant associated with the Internet Protocol ("IP") address 98.248.217 based on alleged copying of Hard Drive's adult video entitled "Amateur Allure –Samantha Saint" (hereinafter, "the Adult Video"). *See* Declaration of Steven W. Yuen in Support of Plaintiff/Counter-Defendant Seth Abrahams's Motion for Judgment on the Pleadings ("Yuen Decl."), Exs. A & C (complaints in prior actions). In the first action, Case Number C-11-01567 LB ("the First Action"), Hard Drive named 118 Doe Defendants. Yuen Decl., Ex. A. The complaint in the First Action asserted claims for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101-1332, and conspiracy, based on alleged copying of the Adult Video using the Bit Torrent protocol by the Doe defendants associated with specific IP addresses listed in the appendix to the complaint. One of those IP addresses -- IP address 98.248.217 – belongs to the Plaintiff in this action, Seth Abrahams. *See* Yuen Decl., Ex. A to Ex. A, p. 4. In connection with the First Action, Hard Drive sent a letter to Abrahams threatening him with potential damages of up to $150,000.00 if he did not remit a settlement payment of $3,400 to Hard Drive. See Complaint, Ex. A (June 30, 2011 Letter, hereinafter, the "June 30 Letter").

In the Frequently Asked Questions attached to the June 30 Letter, Hard Drive stated that "[t]he [ISP] account holder is responsible for securing the connection and may be legally responsible for any infringement(s) that result from an unsecured wireless network/router." *Id*. It went on to state that a defense based on the argument that someone else downloaded the copyrighted work over an unsecure network "has never been successfully argued" "as far as we are aware." *Id*. In addition, the letter included a Memorandum of Law reaching the same conclusion and further stating that an account holder would be liable for contributory infringement even if the defense shielded the account holder from liability as to the claim for direct copyright infringement. *Id*., Ex. B.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On October 19, 2011, Hard Drive sent Abrahams's attorney a letter requesting a conference to discuss settlement "of the copyright infringement relating to [Seth Abrahams.]"[2] *Id.*, Ex. C.

On November 21, 2011, Hard Drive filed another action, Case No. 11-5634 PJH ("the Second Action"). In that action, Hard Drive asserted the same two claims, that is, Copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101-1332, and conspiracy, based on alleged copying of the same Adult Video using the Bit Torrent protocol. This time, it named only one Doe defendant, associated with Abrahams' IP address.

On January 19, 2012, Hard Drive filed a voluntary dismissal of the First Action, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Yuen Decl., Ex. B.

On February 28, 2012, while the Second Action was still pending, Abrahams filed the instant action. In the Complaint, he asserted that Hard Drive was harassing him and requested a declaratory judgment of non-infringement.

On March 6, 2012, Seth Abrahams filed a Notice of Related Case in the (already dismissed) First Action, requesting that Judge Beeler consider whether the instant action, the First Action and the Second Action were related.

On April 13, 2012, before Judge Beeler had ruled on the related case notice, Hard Drive brought a motion to dismiss in the instant action, arguing that it should be dismissed on the basis that there was no actual controversy, as required under Article III of the U.S. Constitution and the Declaratory Judgment Act, because Seth Abrahams had not been named as a defendant in the Second Action. *See* Docket No. 16. Therefore, Hard Drive asserted, the Court did not have jurisdiction over Plaintiff's claim seeking declaratory judgment. *Id.* Hard Drive also asked the Court to dismiss the instant action under the first-to-file rule, pointing to the fact that the Second Action was still pending.

On May 3, 2012, Judge Beeler denied the request to relate the three actions.

---

[2] The Court notes that the caption of the letter lists the Case Number as C-11-1566 rather than C-11-1567. This is apparently a typographical error. The former case number corresponds to an action by Hard Drive naming 188 Does and asserting similar allegations; however, it is based on alleged copying of a different work and does not include Mr. Abrahams's IP address in the list of IP addresses attached to the complaint.

On May 30, 2012, this Court denied Hard Drive's motion to dismiss, rejecting both the jurisdictional argument and its request for dismissal under the first-to-file rule. *See* Docket No. 20. For the purposes of jurisdiction, the Court concluded that the June 30 Letter and other communications from Hard Drive were sufficient to give rise to a reasonable apprehension that Hard Drive would try to hold Seth Abrahams liable for copyright infringement, even though he had never actually been named as a defendant in the Second Action. Id. at 9-10. On the other hand, the Court found that the parties were not "substantially the same" for the purposes of the first-to-file rule. *Id*. at 11.

On August 19, 2012, Hard Drive filed a notice of voluntary dismissal of the Second Action, pursuant to Rule 41(a)(1).

Plaintiff now brings a Motion for Judgment on the Pleadings ("Motion") asserting that he is entitled to a declaratory judgment of non-infringement on the basis of the "two dismissal rule" under Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure. Hard Drive opposed the Motion on the grounds that: 1) the two dismissal-rule may only be invoked in a third action brought by the *plaintiff* in the previous actions; and 2) the claims and parties in the First and Second Actions are not the same because Seth Abrahams was not named as a defendant in those actions, even though his IP address was listed as being associated in some way with the Doe defendants.

### III. ANALYSIS

#### A. Legal Standard

##### 1. Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The legal standard applied under Rule 12(c) is "virtually identical to the standard for a motion to dismiss under Rule 12(b)(6)." *Costa v. Travelers Commercial Ins. Co.*, 2012 WL 3670653 (N.D. Cal. Aug. 24, 2012) (citing *Dworkin v. Hustler Magazine, Inc*., 867 F.2d 1188, 1192 (9th Cir.1989)).

##### 2. Rule 12(h)

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### 3. Whether Courts May Address the Merits Before Addressing Subject Matter Jurisdiction

The Supreme Court has rejected the doctrine of "hypothetical jurisdiction," that is, the practice of "proceed[ing] immediately to the merits question, despite jurisdictional objections, at least where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). In *Steel*, the Court explained that such an approach "carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Id*. Thus, the Court may not make a determination on the merits without first finding that there is subject matter jurisdiction over the asserted claims. *Id*. In *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, the Court made clear that notwithstanding the rule articulated in *Steel*, courts have discretion as to the sequencing of their determinations of *non-merits* threshold issues, such as whether an action should be dismissed for lack of personal jurisdiction or under the doctrine of *forum non conveniens*. 549 U.S. 422, 422 (2007).

### B. Two-Dismissal Rule of Rule 41(a)(1)(B)

Rule 41(a)(1)(A) provides that a plaintiff may voluntarily dismiss an action, without a court order, by filing a notice of dismissal or, where the defendant has answered or filed a motion for summary judgment, a stipulation of dismissal signed by all the parties that have appeared. Rule 41(a)(1)(B) provides:

> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

This provision is known as the "two-dismissal rule." *See Commercial Space Management Company, Inc. v. The Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999).

The Motion raises two questions relating to the two-dismissal rule. First, where the same claims have been asserted against a party in two prior actions and then voluntarily dismissed, can that party invoke the two-dismissal rule as plaintiff in a third action seeking a declaratory judgment on that claim? Second, if the answer to that question is in the affirmative, is a Doe defendant associated with a particular IP address in a copyright infringement action similar enough to the owner of that IP address to warrant application of the two-dismissal rule? These questions present close questions of

5

law and were briefed at some length. At oral argument, however, the parties stipulated that, based on Hard Drive's voluntary dismissal of the First and Second Actions, the two-dismissal rule bars Hard Drive from asserting against Abrahams the same claims that it asserted in the prior actions.[3] Thus, the only remaining question before the Court is whether a declaration of non-infringement should be entered, pursuant to Rule 12(c), in favor of Abrahams on this basis. As discussed below, because Plaintiff's request for judgment on the pleadings involves a merits question, the Court can reach this question only if it finds that it has subject matter jurisdiction over Plaintiff's claim.

### C. Subject Matter Jurisdiction

According to Plaintiff, the Court has the discretion to reach the merits of his claim without first resolving the question of subject matter jurisdiction and should exercise that discretion here because the merits question is more easily resolved. The Court disagrees. As discussed above, the Supreme Court has rejected the doctrine of "hypothetical jurisdiction" and that is what Plaintiff advocates here. In any event, even if the Court had such discretion, it would not exercise it here because the question of whether there is subject matter jurisdiction in this case is straightforward. Turning to that question, the Court concludes that it does not have subject matter jurisdiction in this action for the reasons stated below.

Plaintiff asserts a single claim seeking declaratory relief. As the Court explained in its previous order, "[t]he purpose underlying the availability of declaratory relief in the federal courts is 'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure – or never.'" Docket No. 20 at 5 (quoting *Societe de Conditionnement v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981)). Thus, there

---

[3] "Although neither the Supreme Court nor the Ninth Circuit has specifically addressed the meaning of 'same claims' for the purposes of Rule 41(a)(1) (B), the Ninth Circuit has analogized the Rule 41(a)(1)(B) two dismissal rule to the res judicata inquiry." *Durney v. Magna Intern., Inc*, 2011 WL 1659880 (N.D. Cal. May 3, 2011) (citing *Commercial Space Management Co. v. The Boeing Co.*, 193 F.3d 1074,1080 (9th Cir. 1999); *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724 (9th Cir.1991)), *reversed and vacated, in part, on other grounds in* 479 Fed. Appx. 113 (9th Cir. Sept. 17, 2012). The Court notes that Hard Drive stipulated at oral argument that under the two-dismissal rule it is barred from asserting against Abrahams any claims that were, *or could have been*, asserted in the actions that it voluntarily dismissed.

1  must be a "real and reasonable apprehension" that a plaintiff may be subject to liability to establish
2  subject matter jurisdiction under the Declaratory Judgment Act. *See id*. at 6 (citing *Rhoades v. Avon*
3  *Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). Plaintiff in this action seeks a declaration that he is
4  not liable to Hard Drive for copyright infringement based on the Adult Video. Hard Drive has
5  stipulated, however, that under the two-dismissal rule it may not assert a claim for copyright
6  infringement as to the Adult Video that was the subject of the previous action. Indeed, it has
7  stipulated that it barred from asserting *any* related claim that could have been asserted in the prior
8  actions. As a result, Plaintiff cannot establish that he has a "real and reasonable apprehension" of suit
9  as to his claim for declaratory relief. Therefore, there is no subject matter jurisdiction under the
10 Declaratory Judgment Act. Further, Hard Drive stipulated at oral argument that in the absence of
11 jurisdiction over Plaintiff's claims, the Court also has no subject matter jurisdiction over Hard Drive's
12 counterclaims. [4] Because the Court lacks subject matter jurisdiction over Plaintiff's complaint, it may
13 not award the relief sought by Plaintiff, which asks the Court to reach the merits of his declaratory
14 relief claim.

---

[4] The Court rejects Plaintiff's reliance on a purported qui tam claim, which he contends may make the question of subject matter jurisdiction "more complex." Plaintiff/Counter-Defendant Seth Abrahams's Supplemental Brief on Motion for Judgment on the Pleadings at 3. Nothing in Plaintiff's supplemental brief suggests that Plaintiff can establish the existence of subject matter jurisdiction on the basis of such a claim which, in any event, is not asserted in Plaintiff's amended complaint.

IV. **CONCLUSION**

For the reasons stated above, the Motion is DENIED. The Court dismisses this action pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction. The action is dismissed, in its entirety, without prejudice.

IT IS SO ORDERED.

Dated: November 13, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge