Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ABRAHAMS,<br><br>          Plaintiff,<br>   v.<br>HARD DRIVE PRODUCTIONS, INC.,<br><br>          Defendant. | Case No. 3:12-cv-01006 JCS<br><br>**DEFENDANT HARD DRIVE'S OBJECTION TO PLAINTIFF SETH ABRAHAMS' BILL OF COSTS** |

## INTRODUCTION

Defendant Hard Drive Productions, by and through its undersigned counsel, hereby files this Objection to Plaintiff Seth Abrahams' Bill of Costs. Defendant objects to Plaintiff's Bill of Costs in its entirety, because Plaintiff was not the prevailing party in this case, as was required in order for him to be able to obtain the monies he requests in the Bill of Costs. Per Local Rule 54-2(b), Defendant's counsel attempted to meet and confer with Plaintiff's counsel to resolve this disagreement; Plaintiff's counsel responded via email, and asserted that Plaintiff was the prevailing party. Tellingly, Plaintiff's counsel ***did not even list Plaintiff as the prevailing party*** in the Bill of Costs. (*See* ECF No. 54.) As described below, Plaintiff is not entitled to recover the costs in the Bill of Costs because he was not the prevailing party.

///

# ARGUMENT

## I. PLAINTIFF CANNOT RECOVER THE COSTS LISTED IN THE BILL OF COSTS

The Federal Rule of Civil Procedure applicable to the Bill of Costs submitted by Plaintiff states that "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the *prevailing party*." Federal Rule of Civil Procedure 54(d)(1) (Emphasis added). Plaintiff was not the prevailing party in this action, as his case was dismissed for lack of subject matter jurisdiction. (*See* ECF No. 52) ("IT IS HEREBY ADJUDGED that judgment shall be entered dismissing all claims asserted against Defendant Hard Drive Productions, Inc. in this action for lack of subject matter jurisdiction.") In addition, Plaintiff himself does not list Plaintiff as the prevailing party in its Bill of Costs. (*See* ECF No. 54.) It is thus painfully clear that Plaintiff was not the prevailing party, and that even Plaintiff does not believe he was the prevailing party.

## II. PLAINTIFF SHOULD HAVE TO PAY DEFENDANT'S COSTS

28 U.S.C. §1919 provides that "whenever any action or suit is dismissed in any district court… for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. §1919. As previously mentioned, this Court dismissed "all claims asserted against Defendant Hard Drive Productions, Inc. in this action *for lack of subject matter jurisdiction*." (*See* ECF No. 54) (Emphasis added.) As such, Plaintiff should have to pay Defendant's costs under 28 U.S.C. §1919. Despite this fact, Plaintiff has chosen not to submit its own bill of costs under 28 U.S.C. §1919 in the interest of saving the court further hassle and delay and of moving on from this case; bickering over around $700 owed to Defendant just does not seem worthwhile at this point.

///

///

# CONCLUSION

For the reasons contained herein, Defendant should not be taxed for the costs contained in Plaintiff's Bill of Costs.

Respectfully Submitted,

Prenda Law Inc.

**DATED:  November 29, 2012**

By:    /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*