```
                                              Pages 1 - 11

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

     BEFORE THE HONORABLE JOSEPH C. SPERO, MAGISTRATE

SETH ABRAHAMS,                    )
                                  )
          Plaintiff,              )
                                  )
  VS.                             )  No. C 12-1006
                                  )
HARD DRIVE PRODUCTIONS, INC.,     )
                                  )  San Francisco, California
          Defendant.              )  Friday
_____)  September 21, 2012
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Plaintiff:**        Murphy, Pearson, Bradley & Feeney
                          88 Kearny Street, 10th Floor
                          San Francisco, California 94108
                    **By: Steven W. Yuen, Esquire**

**For Defendant:**        Prenda Law Inc.
                          38 Miller Avenue, Suite # 263
                          Mill Valley, CA 94941
                    **By: Brett L. Gibbs, Esquire**
                          (Of Counsel to Prenda Law Inc.)

**Reported By:**   *Katherine Powell Sullivan, CSR #5812*
                   *Official Reporter - U.S. District Court*

**P R O C E E D I N G S**

**SEPTEMBER 21, 2012**                                                    **9:34 A.M.**

      **THE CLERK:** Calling case No. C 12-1006, Seth Abrahams versus Hard Drive Productions.

      **MR. YUEN:** Good morning, Your Honor. Steven Yuen for plaintiff Seth Abrahams.

      **THE COURT:** Good morning, Mr. Yuen.

      **MR. GIBBS:** Good morning, Your Honor. Brett Gibbs on behalf of defendant Hard Drive Productions.

      **THE COURT:** I decided I love these cases. You may have gotten the wrong impression in prior hearings, but I love these cases.

    They always have some bizarre twist. Here's the latest bizarre twist. We're talking about the two dismissal rule, right?

      **MR. YUEN:** Yes.

      **THE COURT:** So either the two dismissal rule applies and, as a result, Hard Drive Productions, Inc. would not be able to sue Mr. Abrahams again; or, it doesn't apply, in which case they would be able to sue him again.

    If the two dismissal rule applies and they can't sue him again, then there's no reasonable apprehension to sue, and the Court lacks subject matter jurisdiction in this case.

      **MR. GIBBS:** That's correct.

      **THE COURT:** So that's a little odd twist on that

1  piece.
2       On the other hand -- so, while you all are arguing the
3  opposite of that -- right? -- you want to apply the two
4  dismissal rule, and you don't, in various papers, I think it
5  actually works the other way around.
6       If the two dismissal rule applies, you can't have a dec
7  relief cause of action.  Obviously, if it does apply, you can
8  have a dec relief cause of action, but the 12(c) motion would
9  be denied because we'd have to proceed to adjudicate it.
10      The question is whether it's barred.  And I think that's a
11 close question.  It really depends on this very vague identity
12 test that the Ninth Circuit has set down.  It can depend on the
13 evidence in the case.
14      I would treat it like a 12(b)(1) motion.  I mean, you all
15 submitted various pieces of what constitutes evidence about the
16 identity.  There may be others, but there's certainly some in
17 the record before the Court.  Things like the letters, et
18 cetera.
19      But there may be others, so I would treat it like a
20 12(b)(1) motion, and want to give you notice that I would treat
21 it that way, and give you an opportunity to respond to that.
22      Isn't that the box that we're in, that it's either barred,
23 in which case there is no subject matter jurisdiction, or it's
24 not, in which case -- and, also, you're in an odd position
25 because what you will try to do to preserve the case, at this

1  point, is to argue that there is not sufficient identity to
2  apply the two dismissal rule, which is somewhat inconsistent.
3       Although, I don't know that it's legally inconsistent with
4  the underlying theory of the case.  I'm not sure.  I haven't
5  thought that far through because it wasn't required for this
6  motion.  But, you're in a better position to decide what you
7  want to do.
8       Aren't I correct that we're in that legal box, Mr. Yuen;
9  that if the two dismissal rule applies there's no subject
10 matter jurisdiction?
11          **MR. YUEN:**  The Court can see it that way because,
12 again, if the Court finds that the two dismissal does apply,
13 the second dismissal is a merits adjudication --
14          **THE COURT:**  Right.
15          **MR. YUEN:**  -- and there is no controversy anymore.
16      But, yet, the adjudication happened after my client filed
17 the lawsuit.  He's basically gotten what he wanted.
18          **THE COURT:**  Well, I understand that.  But I have to
19 sua sponte address subject matter jurisdiction at any point.
20          **MR. YUEN:**  Yes.
21          **THE COURT:**  So at the point where there was the
22 adjudication on the merits, which admittedly happened after
23 this case was filed, I lost subject matter jurisdiction,
24 hypothetically, then I have to dismiss the case without
25 prejudice.

1           **MR. YUEN:**  Well, it wouldn't be without prejudice
2    because --
3           **THE COURT:**  Well, your case --
4           **MR. YUEN:**  -- we got adjudication.
5           **THE COURT:**  Well, the adjudication happened.  You
6    didn't get it; it happened.
7           **MR. YUEN:**  Yes, it happened.
8           **THE COURT:**  But I would have to dismiss this case.  I
9    mean, I wouldn't -- I was saying without prejudice.
10       I don't know that it matters either way, if it's with or
11   without prejudice, but I would dismiss this case for lack of
12   subject matter jurisdiction, if it applies.  Right?
13          **MR. YUEN:**  Yes.  And, conversely, the counterclaims
14   would also --
15          **THE COURT:**  We would probably end up getting rid of
16   the counterclaims, my guess, one way or another.
17          **MR. YUEN:**  Because there is no controversy on the
18   counterclaims either.
19          **THE COURT:**  If you're not exposed -- well, I haven't
20   thought through the consequences, but my guess is that they are
21   not going to assert the counterclaims if your case goes away.
22       So my question is this:  What do you want me to do?  I
23   mean, now that we have this adjudication, shouldn't I just
24   dismiss this case for lack of subject matter jurisdiction, and
25   they'll dismiss their counterclaims?

1          **MR. YUEN:** Well, as I stated in our -- my client's
2  papers, we moved for judgment on the pleadings, not for subject
3  matter jurisdiction. But I understand the Court does always
4  consider SMJ sua sponte at any time throughout the case.
5          **THE COURT:** If I don't have subject matter
6  jurisdiction, I can't grant your judgment on the pleadings,
7  right? Because I don't have jurisdiction to do it. I don't
8  have jurisdiction to do -- if I have no subject matter
9  jurisdiction -- to do anything in the case, let alone represent
10 a proof of judgment.
11     So, I'm wondering whether or not we're in a position where
12 you might agree today that what the Court should really do is
13 to dismiss the case for lack of subject matter jurisdiction, if
14 counsel for Hard Drives agrees the Court can also dismiss the
15 counterclaims.
16         **MR. YUEN:** If that's what the Court is tending to do,
17 I can't stop it. But my motion was just based for judgment on
18 the pleadings, based on --
19         **THE COURT:** I'm asking whether you agree, and you
20 obviously disagree.
21         **MR. YUEN:** Yes.
22         **THE COURT:** So tell me if you think the Court has
23 subject matter jurisdiction or not.
24         **MR. YUEN:** I haven't researched that issue yet, with
25 respect to this motion. I've only addressed the adjudicated

```
 1   position.
 2            THE COURT:  Yes.
 3            MR. YUEN:  Or issues.
 4            THE COURT:  Well, okay.  That's fine.
 5       I think once you put some time thinking about it, you will
 6   come to the conclusion that I have, which is that it is likely
 7   that the two dismissal rule applies.  I think it is likely.
 8       The identity is not perfect, but the identity is pretty
 9   close, given the evidence before the Court.  Have to take other
10   evidence, et cetera, but it's pretty close.
11       There were clearly threats made against your client,
12   because your client's IP address was attached to a Doe in both
13   actions.  And it seems to me that the idea that you can sue a
14   Doe attached to an IP address in both actions, and then later
15   sue the person whose IP address that is, that's, seems to me,
16   going too far.
17       So it's likely the two dismissal rule applies.  I'm not --
18   I wouldn't cite it today because the people haven't briefed it
19   the way I would like, and have addressed subject matter
20   jurisdiction.  But I think if you'll look at this, you'll
21   conclude that if that's true, the case is over because the
22   Court can't adjudicate anything.
23       So, I'm happy to do that.  Do you -- you believe, I
24   think -- you're still arguing that two dismissal rule applies
25   in this case.  Right?
```

1          **MR. YUEN:**  Yes.

2          **THE COURT:**  And your -- you might agree.  Do you agree
3    that the two dismissal rule applies?

4          **MR. GIBBS:**  Yes, based on this -- we thought about
5    this yesterday, kind of brainstormed, and we came to the same
6    conclusion, that lacking subject matter jurisdiction based on
7    the two dismissal rule, if Your Honor were to find that the two
8    dismissal rule were to apply then the Court lacks jurisdiction
9    to subject matter jurisdiction.

10         **THE COURT:**  Let me just -- there are complicated
11   briefing and potential evidence to be taken on the question of
12   whether the two dismissal rule applies.

13      And so it would simplify matters if I could get a
14   stipulation by the parties here, today, that for purposes of
15   this action at least -- well, no, it can't be for purposes --
16   that the parties agree that the two dismissal rule applies to
17   bar claims by Hard Drive Productions against Seth Abrahams,
18   that were asserted or could have been asserted against the Does
19   in the previous two actions.

20      Do you agree with that?

21         **MR. GIBBS:**  Yes, Your Honor.

22         **THE COURT:**  And you agree with that?

23         **MR. YUEN:**  Yes, Your Honor.

24         **THE COURT:**  Okay.  So we've got a stipulation that the
25   two dismissal rule applies.

1     Now, the only question is, since it applies, does that
2  deprive the Court of subject matter jurisdiction?
3     And I understand, Mr. Yuen, you haven't had a chance to
4  research that or put in a brief on it.  I would be happy to
5  give you that opportunity.
6     But my guess is, once you research it, if you called up
7  counsel for the defendant and said, you know, I'm -- if you'll
8  dismiss your part, we'll stipulate that there's no subject
9  matter jurisdiction, you might get a willing participant on the
10 other side.  So, think about it.
11    I, mean obviously, if you conclude there is subject matter
12 jurisdiction, that changes the thought.  But if you conclude
13 there isn't, you may be able to both -- you may be able to get
14 rid of the counterclaims, as well.
15         **MR. YUEN:**  Well, if --
16         **THE COURT:**  I've looked at the counterclaims.  I think
17 they are dec relief counterclaims.
18         **MR. GIBBS:**  Based on the validity of the copyright.
19         **THE COURT:**  If there's no reasonable apprehension in
20 the plaintiff of a suit by the defendant, so that they can't
21 bring their suit for dec relief, then I don't think there's
22 any --
23         **MR. GIBBS:**  I agree.  I think the case --
24         **THE COURT:**  Then the counterclaims go away?
25         **MR. GIBBS:**  If there is no subject matter

1  jurisdiction, this case is done.
2          **THE COURT:**  So why don't you go back, figure out what
3  you think on subject matter jurisdiction.
4      If you want, in a week file a brief why there should be
5  subject matter jurisdiction.
6      You can respond to that brief a week later.
7          **MR. GIBBS:**  Okay.
8          **THE COURT:**  Mr. Yuen, if you would put in your brief
9  within one week, and then if the defendants put in their
10  responding brief within one week after that.
11      On the other hand, if you agree there is no subject matter
12  jurisdiction, talk to each other and see if we can shortcut
13  this briefing.
14      Does that make sense?
15          **MR. YUEN:**  Yes, Your Honor.
16      There is one other issue we can address?
17          **THE COURT:**  Yes.
18          **MR. YUEN:**  We had an ENE deadline set for October 2nd.
19  Is the Court now inclined not to require that form of ADR?
20          **THE COURT:**  I'll do whatever you guys want.
21          **MR. GIBBS:**  We talked to the ADR neutral, and she
22  suggested we push that date later.
23          **THE COURT:**  Would you like that?
24          **MR. YUEN:**  Yes, Your Honor.
25          **THE COURT:**  I will extend the deadline for ENE by 60

```
 1  days.  That will give us time to iron this out.  And if the
 2  case is still here, we can still do an ENE.  Okay?
 3          MR. YUEN:  Thank you, Your Honor.
 4          THE COURT:  Great.  Thank you very much.
 5          MR. GIBBS:  Thank you very much, Your Honor.
 6          THE COURT:  Thank you.
 7      (At 9:47 a.m. the proceedings were adjourned.)
 8                         -  -  -  -
 9
10
11                   **CERTIFICATE OF REPORTER**
12      I certify that the foregoing is a correct transcript
13  from the record of proceedings in the above-entitled matter.
14
15  DATE:  Wednesday, December 19, 2012
16
17
18
19  _____
20      Katherine Powell Sullivan, CSR #5812, RPR, CRR
             U.S. Court Reporter
21
22
23
24
25
```